# BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL
BRETT M. PUGACH, ESQ., OF COUNSEL

T: (212) 859-5083 | F: (201) 586-0427

43 West 43rd Street, Suite 32
New York, NY 10036-7424

P.O. Box 1131
Glen Rock, NJ 07452-1131

October 19, 2020

**VIA ELECTRONIC FILING**
Hon. Freda L. Wolfson, C.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

      RE:    **Conforti v. Hanlon, Case 3:20-cv-08267-FLW-TJB**
              **Letter Response to Bergen County Clerk Motion to Intervene**

Dear Honorable Chief Judge Wolfson,

      This firm represents the plaintiff, Christine Conforti ("Plaintiff") in the above-captioned matter. Please accept this Letter Response to the Bergen County Clerk's ("Bergen Clerk") Motion to Intervene, in lieu of a more formal submission.

      On October 1, 2020, the Bergen Clerk moved to intervene pursuant to Fed. R. Civ. P. 24. Plaintiff takes no position on the Bergen Clerk's request to intervene, but nevertheless wishes to bring the following points to the Court's attention related to this request.

      The Bergen Clerk asserts an ability to intervene as of right, pursuant to Fed. R. Civ. P. 24(a)(2). However, under that standard, intervention must be permitted only where the intervenor,

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, the movant must identify an interest of their own, show how that interest would be affected, and demonstrate that the parties already named in the matter cannot adequately represent such interest. While the Bergen Clerk has made conclusory assertions with respect to these items, the Federal Rules require a more complete record with respect to the specifics of same. It is unclear from the Bergen Clerk's submission what the precise interest is, how that interest would be affected, which specific "practices and procedures of Defendants with respect to balloting of primary election candidates may differ from those used by the Office of the Bergen County Clerk," <u>see</u> Memorandum/Certification of Jaime R. Placek, Esq. in Support of Motion of the Bergen Clerk to Intervene as an Interested Party, at ¶ 8, and what other differences exist that would prevent the existing parties from adequately representing their interests, etc.

BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL  
BRETT M. PUGACH, ESQ., OF COUNSEL

43 West 43rd Street, Suite 32  
New York, NY 10036-7424

T: (212) 859-5083 | F: (201) 586-0427

P.O. Box 1131  
Glen Rock, NJ 07452-1131

Thank you for the Court's attention to this matter.

Respectfully submitted,

/s/ Brett M. Pugach  
Brett M. Pugach, Esq.  
BROMBERG LAW LLC

*Counsel for Plaintiff,*  
*Christine Conforti*

c.   Jaime R. Placek, Esq. (via electronic filing)  
   Angelo J. Genova, Esq. (via electronic filing)  
   Jennifer Borek, Esq. (via electronic filing)  
   Christopher Zamlout, Esq. (via electronic filing)  
   Erik Anderson, Esq. (via electronic filing)  
   John C. Sahradnik, Esq. (via electronic filing)  
   Christopher A. Khatami, Esq. (via electronic filing)  
   Paul R. Adezio, Esq. (via email) (padezio@mercercounty.org)  
   Yael Bromberg, Esq. (via email) (ybromberg@bromberglawllc.com)