GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Intervenor, State of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625

By:   George N. Cohen
       Deputy Attorney General
       George.Cohen@law.njoag.gov
       (609) 376-2955
       Attorney ID #002941985

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | | |
|---|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSEPH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIES ALLIANCE, INC., | ) ) ) ) ) | HON. FREDA L. WOLFSON, U.S.D.J. <br><br> Civil Action No. 20-08267 (FLW-TJB) |
| Plaintiffs, | ) | |
| v. | ) | <u>Civil Action</u> |
| CHRISTINE GIORDANO HANLON, in her Official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his Official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk, and E. JUNIOR MALDONADO, in his official capacity as Hudson County Clerk, | ) ) ) ) ) ) ) ) ) | CERTIFICATION OF GEORGE N. COHEN |
| Defendants. | ) | |

GEORGE N. COHEN, of full age, hereby certifies:

1. I am a Deputy Attorney General in the Division of Law, Department of Law and Public Safety, State of New Jersey. As such, I am familiar with the facts in this matter.

2. On July 6, 2020, Plaintiff Christine Conforti filed a Complaint against three County Clerks, alleging that New Jersey statutes created an unconstitutional infringement upon the voting rights and associational rights of voters by permitting candidates to associate with one another on the primary election ballot by "bracketing" together and the ballot placement of bracketed candidates. Initial Complaint, ECF No.1 ¶¶7-8.

3. On January 25, 2021, Plaintiffs filed their First Amended Complaint, with additional Plaintiffs and additional County Clerk Defendants. The First Amended Complaint withdrew allegations of violation of the New Jersey Civil Rights Act and added allegations asserting violation of the Elections Clause of the Federal Constitution and violation of 42 U.S.C. §1983 as a stand-alone count. First Amended Complaint, ECR No. 33 ¶¶220-21, 224-25.

4. On February 1, 2021, the Court issued an Order stating that on January 26, 2021, Plaintiffs filed notice of a constitutional question and that pursuant to Fed. R. Civ. P. 5.1(b), the Court "must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned." ECF No. 39. The Order certified to the New Jersey Attorney General "that a constitutional question has been raised in this action…." *Id.* The Order states that the New Jersey Attorney General has until March 27, 2021 to intervene in this action. *Id.*

5. On February 17, 2021, on behalf of the New Jersey Attorney General, I filed a letter with the Court confirming that the State of New Jersey "will be participating in this matter in defense of the challenged statutes." ECF No. 46.

6. In order to defend the challenged statutes, the State of New Jersey is required to participate in this matter. To do so, the State files this certification in support of its motion to intervene.

7. On March 22, 2021, I sent a request by electronic mail to all counsel for their consent to the State of New Jersey's motion to intervene in the above-captioned matter. I have received the consent of counsel for Plaintiffs and counsel for all Defendants to the State of New Jersey's motion to intervene.

8. I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

By: s/George N. Cohen
George N. Cohen

Dated: March 29, 2021