UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSEPH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIES ALLIANCE, INC., Plaintiffs, v. CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk, and E. JUNIOR MALDONADO, in his official capacity as Hudson County Clerk, Defendants. | : : : : : : : : : : : : : : : : : : : | CASE NO:  3:20-CV-08267-FLW-TJB |

**DEFENDANT, E. JUNIOR MALDONADO'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, PURSUANT TO F.R.C.P. 12(b)(6), AND JOINING IN CO-DEFENDANTS' MOTIONS TO DISMISS**

Daniel J. DeSalvo

Deputy County Counsel

Attorney ID# 010502006

HUDSON COUNTY LAW DEPARTMENT

567 Pavonia Avenue

Jersey City, N.J. 07306

*Attorney for Defendant,*

*E. Junior Maldonado, in his*

*Official capacity as*

*Hudson County Clerk*

1

TABLE OF CONTENTS

PRELIMINARY STATEMENT...................................................................................... 4

PROCEDURAL HISTORY                                                                4

STATEMENT OF MATERIAL FACTS                                                      4

LEGAL ARGUMENT                                                                   9


POINT I                                                                          9

PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AGAINST E. JUNIOR MALDONADO IN HIS OFFICIAL CAPACITY AS THE HUDSON COUNTY CLERK BECAUSE THE SECRETARY OF STATE IS THE PROPER PARTY FOR THE RELIEF SOUGHT, NOT THE COUNTY CLERK

POINT II                                                                         9

PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AGAINST E. JUNIOR MALDONADO IN HIS OFFICIAL CAPACITY AS THE HUDSON COUNTY CLERK BECAUSE THE MATTER IS MOOT AS TO THE JULY 2020 PRIMARY ELECTION, AND NOT RIPE FOR ADJUDICATION AS TO A FUTURE PRIMARY ELECTION.

POINT III                                                                        11

PLAINTIFF'S COMPLAINT AGAINST E. JUNIOR MALDONADO IN HIS OFFICIAL CAPACITY AS THE HUDSON COUNTY CLERK SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ASSERT FACTS TO SUPPORT HER CLAIM

**TABLE OF AUTHORITIES**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 1t 555 (2007)                    11

Donovan ex re. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir.2003)                    9

Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct., 11 L.Ed.2d 347 (1964)                    9

Pittsburgh Mack Sales & Serv. Inc. v. Int's Union of Operating Eng'rs, Local Union No. 66, 580 F.3d 185, 190 (3d Cir. 2009)                    10

Schundler v. Donovan, 377 N.J. Super. 339, (App. Div. 2005)                    8

State Farm Mut. Auto. In. Co. v. Ormston, 550 F. Supp. 103, 105 (E.D. Pa. 1982                    9

**PRELIMINARY STATEMENT**

Defendant Maldonado joins in the Motions to Dismiss of the co-defendants in this matter in all relevant respects and adds the following points: the Secretary of State and not the County Clerks is the proper party to defend the State from the Constitutional Claims; the issues presented by the Plaintiffs are both moot as to the 2020 ballot drawing, and not yet ripe as to the 2022 ballot drawing, and the Plaintiff's Complaint to for present plausible facts to substantiate their claims. For those reasons it is respectfully submitted that the Plaintiffs' Complaints be dismissed.

**PROCEDURAL HISTORY**

On January 25, 2021 the First Amended Complaint was filed against Defendant E. Junior Maldonado. Acknowledgement of Service for Defendant Maldonado was entered on February 10, 2021. A scheduling Order was entered by the County on March 10, 2021 permitting all defendants to file Motions to Dismiss by March 29, 2021. Previously, three defendants had already filed Motions to Dismiss the Complaint pursuant to F.R.C.P. 12(b)(6).

## STATEMENT OF MATERIAL FACTS

1. Defendant E. Junior Maldonado is the Hudson County Clerk, and in that capacity, and pursuant to statute, he is responsible for the preparation of all ballots pertaining to the elections in the County of Hudson.

2. The design and layout of the ballot in a political party primary election is governed by Title 19 of the New Jersey Statutes, which provides the rules for the filing of petitions, bracketing of candidates, slogans, and the process for the ballot draw to determine the order of the candidates.

3. During the 2020 Primary election there were also in place a series of Executive Orders which provided rules for the dates and times of elections and, also how the elections would be conducted via absentee ballot.

4. In order to appear on the ballot potential candidates are required to submit the requisite petition pursuant to N.J.S.A. 19:23-14. Municipal candidates submit their petitions to the Municipal Clerk. County Candidates submit their petitions to the County Clerk. State and Federal candidates submit their petitions to the Secretary of State. The Municipal Clerks and the Secretary of State transmit to the County Clerks which candidates should appear on the ballot, and for which office, so that the County Clerks may

5

prepare the ballots.

5. Candidates are permitted to bracket with whomever candidates they choose (so long as the candidates consent to being bracketed together) and this bracketing request must be submitted within 48 hours of the petition filing deadline, N.J.S.A. 19:49-2.

6. Plaintiff Spezakis submitted a bracketing request letter on April 7, 2020 in which Plaintiff requested, "I hereby request to be bracketed with and otherwise featured on the same line of the ballot, and with the same slogan, "Not Me. Us." along with the candidate for County Freeholder.  The letter also requested that she be bracketed with Lawrence Hamm, candidate for United States Senate.  (See Maldonado Exhibit A).

7. The ballot drawing was conducted on April 9, 2020 at 3:00PM via Zoom, and streamed live online via Facebook and Instagram due to the COVID-19 in-person restrictions in place at that time.

8. The names of the two candidates for United States Senator were placed on small, white pieces of paper with adhesive backing.  Each candidate's name was then placed in its own small, plastic container. The containers were placed in a wooden "hopper," which is closed and rotated.  The first name drawn was that of Senate Candidate, Lawrence Hamm.  As first draw his name was placed in Column A.  Senator Booker's name

was drawn next and placed in Column B. Because Plaintiff Spezakis and Mr. Hamm had consented to being bracketed with each other as candidates, Plaintiff Spezakis's name was placed under that of Candidate Hamm and in the row designated for Congressional candidates. Freeholder candidate, Roger Quesada, was placed below her name in the row designated for Freeholder at her request. (See Maldonado Exhibit B)

9. I received no communication from any candidate contesting or otherwise challenging the ballot drawing for this ballot. The only written communication received from Plaintiff Spezakis subsequent to the Primary Election was a letter soliciting my signature on a petition for ballot reform. (See Maldonado Exhibit D).

10. The Primary election occurred on July 7, 2020.

11. Plaintiff Spezakis lost her bid for Congressional district garnering only 673 (19.8%) votes to Congressman Pascrell's 2,607 (76.7%). I certified these results and they are attached hereto. (See Maldonado Exhibit C)

12. Plaintiff Spezakis filed her Amended Complaint on January 25, 2021. (See DeSalvo Exhibit A)

## LEGAL ARGUMENT

**POINT I**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AGAINST E. JUNIOR MALDONADO IN HIS OFFICIAL CAPACITY AS THE HUDSON COUNTY CLERK BECAUSE THE SECRETARY OF STATE IS THE PROPER PARTY FOR THE RELIEF SOUGHT, NOT THE COUNTY CLERK**

The enforcement of the election laws in the State of New Jersey is the duty of the Secretary of State, and she is the proper defendant in this case. N.J.S.A. 19:31-6a and N.J.S.A. 52:16A-98. Alternatively, the duties of the County Clerks are largely ministerial. "The clerk has the responsibility to deal with petitions for the elections and to set up the ballot arrangements and array. Unless specifically directed by statute as to a procedure, the clerk has discretion in carrying out this responsibility. Schundler v. Donovan, 377 N.J. Super. 339, 343, 872 A.2d 1092, 1095 (App. Div.), aff'd, 183 N.J. 383, 874 A.2d 506 (2005) (internal citations omitted). If discretion is exercised, a court will look only to whether that discretion was rooted in reason. Ibid. The statute in question specifically directs the Clerks how to act with regard to ballot draws and bracketing. The discretion of the Defendant Maldonado is not being challenged or questioned. Plaintiff's Complaint claims not that Defendant Maldonado acted incorrectly, but that the statute as to the ballot draw and bracketing is unconstitutional. The defense of that law is not within the authority granted to the Clerk and therefore the complaint against Defendant Maldonado should be dismissed.

**POINT II**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AGAINST E. JUNIOR MALDONADO IN HIS OFFICIAL CAPACITY AS THE HUDSON COUNTY CLERK BECAUSE THE MATTER IS MOOT AS TO THE JULY 2020 PRIMARY ELECTION, AND NOT RIPE FOR ADJUDICATION AS TO A FUTURE PRIMARY ELECTION**

The relief sought by Plaintiff is a declaration that the New Jersey Statutes in question are unconstitutional. But the harm alleged by the Plaintiff is that her placement on the ballot negatively impacted her candidacy. The live controversy then is the placement on the ballot at the moment the ballot draw is performed, not the ultimate result of the election. When there is no live controversy then the case is clearly moot. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir.2003). Federal courts are without power to hear moot cases. State Farm Mut. Auto. Ins. Co. v. Ormston, 550 F.Supp. 103, 105 (E.D.Pa.1982) (citing Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964)). The Declaratory Judgment Act requires that there be a "case of actual controversy" between the parties. 28 U.S.C. § 2201(a). Here, the harm to plaintiff (if any) arose at the time of the ballot draw itself. The Plaintiffs never challenged the ballot placement during a time frame in which a court may have affected her position on the ballot. Plaintiff did not contest her position on the Hudson County ballot, ran for office knowing her placement on the ballot, and lost. No declaratory judgment sought today by the Plaintiff will address the July 2020 Primary election ballot or the election results.

Without that live action in controversy this issue is moot and should not be heard by this Court.

In an effort to cover all bases, Plaintiff simultaneously claims that the issue is ripe for adjudication because she intends to run for election again in 2022. The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such a declaration...." 28 U.S.C. § 2201(a). The Third Circuit uses a three part test to evaluate whether an action for declaratory judgment is ripe, examining: 1) the adversity of the parties' interest, 2) the conclusiveness of the judicial judgment, and 3) the practical help, or utility of that judgment. However, "a potential harm that is contingent on a future event occurring will likely not satisfy the adversity of interest prong of the ripeness test" and warrant dismissal. Pittsburgh Mack Sales & Serv. Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66, 580 F.3d 185, 190 (3d Cir.2009)). The matter presented by Plaintiff is not ripe for adjudication because it is dependent upon far too many future events: the Plaintiff choosing to run again; the Plaintiff having the financial resources to run again; the Plaintiff's ability to properly submit a valid petition, on time, for the next primary election. The Plaintiff could obtain the backing of a political Party, or Plaintiff could begin her own political party. None of these factors are reasonably foreseeable. Far too many contingencies exist for this matter to be truly ripe for adjudication. In no way does the tenuous nature of the future candidacy of the

plaintiff pass the test for ripeness, and the complaint should be dismissed.

**POINT III**

**PLAINTIFF'S COMPLAINT AGAINST E. JUNIOR MALDONADO IN HIS OFFICIAL CAPACITY AS THE HUDSON COUNTY CLERK SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ASSERT FACTS TO SUPPORT HER CLAIM**

Defendant Maldonado cross-moves and joins in the co-defendants' motions to dismiss and incorporates their arguments to dismiss Plainitiffs' complaints for failure to state a claim upon which relief can be granted. Defendant Maldonado adds the following discussion to assert that the complaint of Plaintiff Spezakis fails on its face the scrutiny for sufficient pleading. A complaint must state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must take all of the factual allegations in the complaint as true those "factual allegations must be enough to raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, at 555 (2007). Here, Plaintiff Spezakis' broad assertions in the Amended Complaint are internally inconsistent and unsubstantiated. On page 50 of the Amended Complaint Plaintiff claims that she was "*required* to bracket or otherwise associate with candidates for US Senate and Freeholder to protect her ballot position" and that the result of this "requirement" "*forc[ed]* candidates to choose between favorable ballot position and associational rights [which] violate[d] their First Amendment Rights." Plaintiff's Complaint, p 51. There is no evidence provided within the Amended Complaint to substantiate this claim that Plaintiff Spezakis was required to associate with any other candidate and did so only to

11

secure what Plaintiff perceives as a better ballot position. In fact, it would appear from a review of the letter Plaintiff Spezakis submitted to the Hudson County Clerk on April 7, 2020 that this choice was made willingly and with the knowledge and consent of all the other candidates and with the knowledge of her legal counsel. (Attachment C). In aforesaid letter the Plaintiff not only requests to be bracketed with Candidate Hamm, as well as a list of County Freeholders running in various districts, she also requests that all of these candidates share the same slogan. The sharing of a slogan certainly speaks to an agreement amongst these candidates on policy, vision, and shared sense of purpose. This letter alone undermines the credibility of the statement that Plaintiff Spezakis was "required" to do anything to preserve a ballot position, as well as the argument that her associational rights were infringed.

Plaintiff's Amended Complaint relies primarily on accepting as true the concept of a "preferential ballot draw" and the notion that any candidate who brackets with another candidate who has the opportunity to be drawn during a ballot drawing received a better place on the ballot, and therefore receives a better chance at being successful in an election. (Plaintiff's Amended Complaint, p 2,10,15,19) and that this (perceived) preference is unconstitutional. Here, Plaintiff Spezakis bracketed with a senatorial candidate, which entitled their bracket to a preferential bracket draw. The draw was conducted and Candidate Hamm was drawn first, putting him in the first column of the ballot. This draw was not contested or challenged at the time of the ballot drawing. The election went forward and, despite

this alleged "preferential" position on the ballot, Hamm and Plaintiff Spezakis still lost by a considerable margin. This set of facts does not support the claims set forth in the complaint that the lack of a preferential ballot draw harmed the Plaintiffs.

Throughout the Amended Complaint, Plaintiff Spezakis predicts that she will run, unbracketed, in 2022 for the 9th Congressional District in New Jersey. (Plaintiff's Amended Complaint, p 54). For the reasons set forth in Point II of this brief this contention is not yet ripe for adjudication. However, it also purely speculation at this point in time, and that speculative pleading of facts in a complaint does not meet the somewhat more exacting pleading standards adopted in *Iqbal* and *Twombly*.

## CONCLUSION

For the foregoing reasons Defendant, E. Junior Maldonado, respectfully requests that the Plaintiffs' Complaint be dismissed.

Daniel J. DeSalvo

Dated: March 29, 2021                Deputy County Counsel

13