Flavio L. Komuves, Esq. (No. 018891997)
fkomuves@weissmanmintz.com
**WEISSMAN & MINTZ**
1 Executive Drive, Suite 200
Somerset, New Jersey 08873
(732) 563-4565 (work) / (609) 216-5014 (cell)
Co-counsel for Plaintiffs

**IT IS SO ORDERED.**
Plaintiffs are permitted to file a 110-page omnibus brief in opposition to Defendants' motions to dismiss.

DATED: May 20, 2021    /s/ Freda L. Wolfson
                       Freda L. Wolfson
                       U.S. Chief District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, *et al.*, <br><br> Defendants. | Case No. 3:20-CV-08267-FLW-TJB <br><br> Civil Action <br><br> **APPLICATION TO FILE OVERLENGTH OMNIBUS BRIEF** |

Pursuant to Local Rule 7.2(b), the six individual Plaintiffs in this case, and the one organizational Plaintiff, respectfully move for leave to file a 110-page omnibus brief in opposition to the 7 separate briefs filed by the several defendants and intervenors in this matter. Plaintiffs' brief is due May 24, 2021.

As grounds for this application, Plaintiffs state:

1. The plaintiffs filed an amended complaint ("Complaint") on January 25, 2021. The Complaint is 57 pages long and contains 225 numbered paragraphs. The six individual plaintiffs, and the one organizational plaintiff, asserted claims against six separate county clerks for their conduct in designing and issuing New Jersey primary ballots, alleging they violated, *inter alia*, various rights conferred by the First and Fourteenth Amendments. Another county clerk, plus the

State of New Jersey, through its Attorney General, have since successfully moved to intervene in this action.

2. Pursuant to Fed. R. Civ. P. 12(b), the six Defendants plus one of the intervenors (hereinafter, the "movants") have moved to dismiss all of the plaintiffs' claims against them. In particular, one or more of the movants argue that: none of the seven Plaintiffs have Article III standing to pursue this matter; the case presents a nonjusticiable political question; the claims are moot, unripe, or both moot and unripe; the injuries plaintiffs claim are not traceable to the Clerks' conduct; the Eleventh Amendment bars the action; and the Court should order the joinder of additional parties. The movants further argue that the notwithstanding the sensitivity and complexity of the applicable balancing test established by law for most of the claims, the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

3. While the undersigned counsel will make every effort to condense and streamline the arguments in support of the motion to dismiss, we respectfully submit that a memorandum of 110 pages is necessary to fully set out the bases for denying the movants' seven motions to dismiss.

4. The movants' briefs, in total, are approximately 200 pages in length. This is before their reply briefs, which will inevitably yield seven dozen additional pages or argument in their favor.

5. To be sure, there is some overlap in the movants' briefs, but none is a "me-too" brief that does little more than to substantially adopt another party's argument. Local Rule 7.2(b), in prescribing equal page limits for the movant and the opponent, embodies a principle that both the movant and nonmovant should have a roughly equal chance to present argument.

6. Because there are seven discrete motions to dismiss, Plaintiffs would arguably have the right to present 7 briefs of 30 pages each in opposition, for a total of 210 pages. This approach

would not be sensible, nor would it promote judicial economy. On the contrary, Plaintiff proffers to file a single omnibus brief of 110 pages addressing all the arguments offered by the movants. This is substantially fewer pages than the plaintiffs would have if they responded to the motions separately, and is also substantially fewer pages than what is already on file in support of the movants' seven motions.

7. I have asked all counsel for their consent to this application. Counsel for all movants have graciously consented. Plaintiffs will consent to any reasonable request from any of the movants for an extension of time or pages in connection with their filing of reply briefs.

8. For the foregoing reasons, the Plaintiffs respectfully requests that this Court grant their application to file an omnibus brief in excess of the page limit.

>Respectfully submitted,
>
>WEISSMAN & MINTZ
>Co-counsel for Plaintiffs
>
>By: ___/s/ Flavio L. Komuves_____
>
>   -and-
>
>Yael Bromberg, Esq.
>Brett Pugach, Esq.
>BROMBERG LAW, LLC
>Co-counsel for Plaintiffs

Date: May 17, 2021.