# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al.<br><br>Defendants. | Case No. 3:20-CV-8267 (FLW-TJB) |

**MOTION OF THE LEAGUE OF WOMEN VOTERS OF NEW JERSEY AND SALVATION AND SOCIAL JUSTICE FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* IN OPPOSITION TO DEFENDANTS' AND INTERVENOR'S MOTIONS TO DISMISS**

The League of Women Voters of New Jersey ("LWVNJ") and Salvation and Social Justice ("SandSJ") seek to appear as amici in this case because they can offer the Court a useful perspective not represented by the parties. Plaintiffs, Intervenor Attorney General of New Jersey, Intervenor Gloucester County Clerk, and Defendant Atlantic County Clerk consent to LWVNJ and SandSJ filing an amicus brief. All other parties were contacted and expressed no position on the motion.

LWVNJ is a nonpartisan membership organization that has been dedicated to promoting civic engagement and protecting democracy through advocacy and voter education, assistance, and engagement for over one hundred years. Part of LWVNJ's

1

mission is to expand access to voting and to ensure voters have safe and effective means of casting a ballot. LWVNJ's work includes promoting voter registration and assisting members and others to register to vote; providing information to the community about upcoming elections and voting options; and encouraging its members and other eligible voters to get out and vote. LWVNJ has about 1,600 members across the state.

Founded in 2018, SandSJ is a nonpartisan, statewide racial justice organization in New Jersey. SandSJ's mission is to liberate public policy theologically by building Black faith-rooted communication strategies, advocacy, and public education campaigns to lift up poor, underserved, and traditionally oppressed communities with a particular focus on racial justice through abolition, restoration, transformation, and coalition. SandSJ has engaged in voter education and urged voters throughout the state to use their voices to effect change. SandSJ has advocated for major voting rights efforts in the state, including restoring the right to vote to all people with criminal convictions, limiting police presence at voting locations, expanding voter access during the pandemic, and other measures to ensure that voters throughout the state, and specifically Black and other voters of color, have meaningful access to the ballot.

LWVNJ and SandSJ's constituencies and members are voters. This case affects their right to vote, and LWVNJ and SandSJ can speak to that impact.

Moreover, LWVNJ and SandSJ seek to participate at this stage of the case because the Court's disposition of the Motions to Dismiss could decide whether voters can subsequently seek redress for the infringement of their rights by this system.

This Court has "broad discretion" to grant LWVNJ and SandSJ's request to file an amicus brief in this case. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Courts "may permit third parties to appear in court as amicus curiae where they 'can contribute to the court's understanding of the' issues being presented to the court." *United States v. Bayer Corp.*, No. 2:07-cv-00001, ECF No. 47 at 2 (D.N.J. Jan. 03, 2007) (granting two motions for leave to appear as amicus curiae) (quoting *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987)).[1] This Court typically grants "[a]micus status . . . when: (1) the amicus has a 'special interest' in the particular case; (2) the amicus' interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the amicus is not partial to a particular outcome in the case." *Alkaabi*, 223 F. Supp. 2d at 592; *see also Bayer Corp.*, No. 2:07-cv-00001, ECF No. 47 at 2-3 (same standard). Importantly, the touchstone for this inquiry is whether the proposed amicus has "a sufficient 'interest' in the case" and whether its proposed brief will be helpful and

---

[1] As this Court explained in *Alkaabi,* "the Third Circuit's application of Fed. R. App. P. 29, which governs the appearance of *amici* in the United States Courts of Appeals, provides guidance to this Court." 223 F. Supp. 2d at 592.

3

relevant. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 129 (3d Cir. 2002) (quoting Fed. R. App. P. 29(b)).

These considerations weigh heavily in favor of granting LWVNJ and SandSJ's request to file an amicus brief in this case. ***First***, as an organization dedicated to promoting civic engagement and protecting democracy through advocacy, voter education, and voter assistance, LWVNJ is vitally interested in this case. Likewise, SandSJ, as an organization committed to racial justice through empowering voters in the state, has a substantial interest in this case. LWVNJ and SandSJ advocate for policies that make it easier for New Jersey voters to exercise their right to vote. LWVNJ also works with state and local election officials to educate voters on how to effectively cast a ballot. Similarly, SandSJ engages in voter education on the importance of elections and has worked to restore voting rights to disenfranchised people. Through this work, LWVNJ and SandSJ seek to promote an open governmental system in New Jersey that is representative, accountable, and responsive. This case will directly affect the ability of New Jersey voters, including LWVNJ's members and voters in the communities that SandSJ serves, to accurately record their votes. As detailed in LWVNJ and SandSJ's proposed amicus brief, New Jersey's ballot design rules burden the right to vote and threaten the integrity of the democratic process. *See* Ex. A at 13-15. If these rules remain in effect, they will continue to impede voters—and particularly voters of color—across New Jersey

from effectively casting their ballots. *See* Ex. A at 3-12. They will also continue to hinder LWVNJ and SandSJ's efforts to empower voters and strengthen democracy in New Jersey. LWVNJ and SandSJ therefore have a significant stake in this case. Their brief will apprise this Court how the challenged rules and practices impact voters and how potential remedies can alleviate these effects.

***Second,*** LWVNJ and SandSJ's interests and those of New Jersey voters "[are] not represented . . . in the case." *Alkaabi*, 223 F. Supp. 2d at 592. The Plaintiffs are six candidates for New Jersey office and the New Jersey Working Families Alliance, Inc. ("NJWF"), a nonprofit 501(c)(4) organization that "campaigns to advance progressive policies and work[s] to elect candidates who share its values and policy priorities." First Am. Compl. ¶ 48. NJWF does not represent the full breadth of the interests of New Jersey voters; its specific mission is to "fight[] for a government that represents the needs and values of working families." *Id.* Although the other Plaintiffs are voters themselves, their interests differ from those of New Jersey voters generally because they are candidates for New Jersey office. However well intentioned, Plaintiffs do not represent the interests of New Jersey voters from all walks of life and across the political spectrum. Moreover, NJWF's core mission includes "work to elect candidates who share its values and policy priorites." *Id.* LWVNJ and SandSJ are nonpartisan organizations whose missions center on empowering their members and the voters of New Jersey. They do not recruit or

endorse any candidates of any party and do not work toward electing them. Their interests are instead focused on voter education and empowerment.

LWVNJ and SandSJ are well-positioned to help the Court understand how New Jersey's ballot design rules burden the right to vote of New Jersey voters, regardless of their political affiliations and views. This Court should permit LWVNJ and SandSJ to assist the Court by offering this perspective, which otherwise may not be presented.

***Third,*** LWVNJ and SandSJ's brief is timely filed. Because the Federal Rules of Civil Procedure and the Local Rules of this Court do not address amicus briefs, Rule 29 of the Federal Rules of Appellate Procedure "provides guidance to this Court." *Alkaabi*, 223 F. Supp. 2d at 592. Rule 29(a)(6) provides that an amicus brief and motion are timely if filed no later than seven days after the principal brief of the party supported. Fed. R. App. P. 29(a)(6). LWVNJ and SandSJ are supporting Plaintiffs' opposition to the Defendants' and Intervenor's Motions to Dismiss, which Plaintiffs filed on May 24, 2021, and LWVNJ and SandSJ filed this motion with attached brief within seven days, excluding the legal holiday on May 31, 2021.[2]

---

[2] Under Rule 6 of the Federal Rules of Civil Procedure, "if the last day [of a period of time] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C); *see also* Fed. R. App. P. 26(a)(1)(C) (same).

6

Additionally, the attached amicus brief will help this Court reach a decision on questions directly at issue in the Motions to Dismiss. For instance, the Intervenor Attorney General of New Jersey erroneously contends that New Jersey's ballot design rules do not implicate the right to vote. Dkt. 53 at 21; *see also* Dkt. 58 at 25; Dkt. 60 at 13. As LWVNJ and SandSJ's amicus brief explains (Ex. A at 13-15), the right to vote does not protect only against laws that expressly "restrict voters' ability to vote for their candidate of choice," as the Intervenor would have this Court believe (Dkt. 53 at 21). Voters also have a right not to be misled and confused by ballot designs. *See* Ex. A at 13-15. New Jersey's ballot design rules burden New Jerseyans' right to vote in that very way, and often disproportionately burden voters of color. *See* Ex. A at 3-15. The perspective of New Jersey voters on these questions would be valuable to the Court.

***Fourth,*** "[w]hile the partiality of an amicus is a factor to be considered by a court in deciding whether to allow participation, there is no rule that amici must be totally disinterested." *Alkaabi*, 223 F. Supp. 2d at 592 (citing *Waste Mgmt. of Pa., Inc.*, 162 F.R.D. at 36). "Parties with . . . policy interests have been regularly allowed to appear as *amici*." *Id.* And this Court often grants amici leave to file briefs in support of or opposition to a party's motion. *See, e.g.*, *Sanofi-Aventis U.S., LLC v. U.S. Dep't of Health and Human Serv.*, No. 3:21-cv-00634-FLW-LHG, ECF No. 30 (D.N.J. Feb. 26, 2021) (granting motion for leave to file amicus brief in support of

plaintiffs' motion for a preliminary injunction); *Foley v. Horizon Blue Cross Blue Shield of NJ, Inc.*, No. Civ. 06-6219 FSH, 2007 WL 2694069, at *1 (D.N.J. Sept. 11, 2007) (granting motion for leave to submit amicus brief in support of defendant's motion to dismiss).

While LWVNJ and SandSJ's amicus brief will support Plaintiffs, their sole objective in this case is to ensure that New Jersey's democratic process enables voters—and particularly Black and other historically marginzalized voters—to effectively cast their ballots and to hold their elected officials accountable. LWVNJ and SandSJ seek to file this amicus brief to share with the Court their distinct insights on how ruling on the Motions to Dismiss could affect New Jersey voters across the state.

WHEREFORE, LWVNJ and SandSJ respectfully request that the Court grant this motion for leave to file an amicus brief and accept the accompanying proposed brief (Ex. A) for filing.

Dated: June 1, 2021 		Respectfully submitted,

/s/ *Henal Patel*

Henal Patel
Ryan P. Haygood
Andrea McChristian*
NEW JERSEY INSTITUTE FOR SOCIAL JUSTICE
60 Park Place, Suite 511
Newark, New Jersey 07102
Telephone: (973) 624-9400


Robert N. Weiner*
Aseem Mulji*
Jade Ford*†
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
rweiner@campaignlegalcenter.org
amulji@campaignlegalcenter.org
jford@campaignlegalcenter.org

*Counsel for Amici*

* *Pro Hac Vice applications forthcoming*

† *Licensed to practice in New York only; Supervised by Robert Weiner, a member of the D.C. Bar*