# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al., <br><br> Defendants. | Case No. 3:20-CV-8267 (FLW-TJB) <br><br> **[PROPOSED] ORDER** |

THIS MATTER having been brought before the Court by Henal Patel, Esq., attorney for *Amicus Curiae* League of Women Voters of New Jersey and Salvation and Social Justice, on application for an Order allowing Aseem Mulji, Esq., to appear and participate *pro hac vice*; and the Court having considered the moving papers; and this matter being considered pursuant to Fed. R. Civ. P. 78, and for good cause shown;

IT IS on this ____ day of _____ 2021,

ORDERED that Aseem Mulji, Esq., a member of the California State Bar, be permitted to appear *pro hac vice* in the above-captioned matter pursuant to Local Civil Rule 101.1(c); and it is further

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by Henal Patel, or another attorney of record for *Amicus Curiae* who

is admitted to the Bar of this Court, and said attorney shall be held responsible for said papers and for the conduct of the case and will be held responsible for the conduct of the attorney admitted hereby; and it is further

    ORDERED that Aseem Mulji, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey State Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order; and it is further

    ORDERED that Aseem Mulji, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with Local Civil Rule 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order; and it is further

    ORDERED that Aseem Mulji, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of Local Civil Rule 103.1, Judicial Ethics and Professional Responsibility, and Local Civil Rule 104.1, Discipline of Attorneys; and it is further

    ORDERED that Aseem Mulji, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

                                                      Hon. Tonianne J. Bongiovanni, U.S.M.J.