UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
CHRISTINE CONFORTI, ARATI KREIBICH, )
MICO LUCIDE, JOSEPH MARCHICA,       )
KEVIN MCMILLAN, ZINOVIA SPEZAKIS,   )
and NEW JERSEY WORKING FAMILIES     ) Civil Action No. 3:20-cv-08267-
ALLIANCE, INC.,                     ) FLW-TJB
                                    )
                    Plaintiffs,     )
                                    )
vs.                                 )
                                    )
CHRISTINE GIORDANO HANLON, in her   )
official capacity as Monmouth County)
Clerk, SCOTT M. COLABELLA, in his   )
official Capacity as Ocean County   )
Clerk; and PAULA SOLLAMI COVELLO, in)
her official capacity as Mercer     )
County Clerk, JOHN S. HOGAN, in his )
official capacity as Bergen County  )
Clerk, EDWARD P. MCGETTIGAN, in his )
Official capacity as Atlantic County)
Clerk, and E. JUNIOR MALDONADO, in  )
his Official capacity as Hudson     )
County Clerk,                       )
                                    )
                    Defendants.     )
                                    )
_____ )

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

        **REARDON ANDERSON, LLC**
        55 Gilbert Street North
        Suite 2204
        Tinton Falls, NJ  07701
        (732) 758-8070
        Attorneys for Defendant, Christine Hanlon

Of Counsel and
On the Brief:

ERIK ANDERSON, ESQ.

1

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**............................................................................................3

**PRELIMINARY STATEMENT**................................................................................. **4-5**

**LEGAL ARGUMENT**................................................................................................**6-14**

    I.    NEW JERSEY BRACKETING STATUTES DOES NOT VIOLATE THE UNITED STATES CONSTITUTION............................................6-11

    II.    PLAINTIFFS LACK STANDING..........................................................12-13

    III.    PLAINTIFFS HAVE FAILED TO NAME INDISPENSABLE PARTIES..................................................................................................13-14

**CONCLUSION**.............................................................................................................**14**

**TABLE OF AUTHORITIES**

CASES

1. Anderson v. Celebrezze, 460 U.S. 780, 788 (1983)……………………………………………………………………………………4

2. Food & Water Watch, Inc. v. Vilsack, 808 F.3d 905, 919-920 (DC Cir. 2015)……………………………………………………………………………13

3. Jacobson v. Florida Secretary of State, et. al., 974 F.3d 1236 (2020)……………………………………………………………………………6,12

4. Lujon v. Defenders of Wildlife, 504 U.S. 555 (1992)………………………12

5. Mann v. Powell, 333 F. Supp. 1261 (1969)………………………………………7

6. Mecinas v. Hobbs, 468 F. Supp 3d 1186 (2020)…………………………………8

7. Nat'l Taxpayers Union, Inc. v. United States, 68 F.3d 1428 (DC Cir. 1995)……………………………………………………………………………13

8. Quaremba v. Allen, 76 N.J. 1 (1975)………………………………………………11

9. Trump for President v. Boockvar, 502 F. Supp. 3d 899 (2020)……………9

STATUTES

N.J.S.A. § 19:23-24……………………………………………………………………………4, 10
N.J.S.A. § 19:23-26.1…………………………………………………………………………4, 10
N.J.S.A. § 19:49-2……………………………………………………………………………4, 10

WEBSITES

McGettigan, Edward P., "Primary Election Results – June 8, 2021," https://www.atlanticcountyclerk.org/wp-content/uploads/2021/06/2021-Primary-Election-Results.pdf……………………………………………………………………………12

**Preliminary Statement**

Plaintiffs contend that N.J.S.A. § 19:49-2 and N.J.S.A. § 19:23-24, which provide, in part the statutory framework in which ballot position designation is to occur during a primary election involving a United States Senate race are unconstitutional.[1] Plaintiffs argue that allowing "bracketed" candidates to be placed on a ballot before "unbracketed" candidates violates their First Amendment (right to not associate) and Fourteenth Amendment (Equal Protection) rights. In advancing these arguments, Plaintiffs fail to acknowledge that case law throughout numerous federal districts clearly establishes that states are permitted to enact legislation to set a regulatory framework under which elections are to be held. Plaintiffs further do not recognize that the courts have repeatedly found that laws establishing the framework in which an election is held can have some effect on an individual's right to associate and the right to vote without offending the Constitution.

As was held in Anderson v. Celebrezze, 460 U.S. 780, 788 (1983), "the state's important regulatory interests are

---

[1] N.J.S.A. § 19:49-2 and 19:23-24 are approximately 80 years old. As previously noted, N.J.S.A. § 19:23-26.1 addresses ballot position during a primary election involving the office of United States Senate.

4

generally sufficient to justify reasonable, nondiscriminatory restrictions." It is important to note that in this matter, the statutes at issue do not involve a restriction on ballot access for candidates. Additionally, the statutes do not deny voters of the right to cast a vote for "their" candidate.

As is set forth in this defendant's initial moving papers and below, Plaintiffs' complaint must be dismissed due to the fact that the statutes being challenged are reasonable, nondiscriminatory restrictions necessary to achieve an orderly election. The statutes at issue do not prevent a candidate from being on the ballot, or a voter from voting for said candidate. Further, Courts have repeatedly recognized that absent exceptional circumstances, they are to defer to states to determine how to administer elections.

Further, the Plaintiffs lack standing to advance this matter.

Accordingly, it is proper to dismiss Plaintiffs' First Amended Complaint with prejudice.

## **POINT I**

## **NEW JERSEY BRACKETING STATUTES DOES NOT VIOALTE THE UNITED STATES CONSTITUTION.**

In its opposition to the various motions to dismiss, Plaintiffs have selectively identified passages of decisions to support its legal argument.  However, in relying on these passages, plaintiffs fail to bring to the Court's attention the ultimate outcome of those cases upon which they rely, namely upholding the state's statute setting the parameters in which elections are to be held.  Courts outside of New Jersey have continually found that more restrictive laws governing ballot placement do not violate the First and Fourteenth Amendments of the United States Constitution.

For example, Plaintiffs cite to <u>Jacobson v. Florida Secretary of State, et. al.</u>, 974 F.3d 1236 (2020), to advance its argument that they have standing to bring the instant action.  However, Plaintiffs gloss over the fact that constitutional challenge of the statute failed.  In <u>Jacobson</u>, a challenge was made as to Florida's law which provides that candidates of the party that won the last gubernatorial election shall appear first for each office on the ballot and that candidates of the second-place party shall appear second.  The challengers of the law alleged that this provision relating to

ballot placement violated their First and Fourteenth Amendment rights because candidates listed first receive a "windfall vote" and win. The Court held that the voters and organizations challenging the law lacked standing as they did not prove an injury in fact, and they presented a nonjusticiable political question. In upholding the Florida statute, the Eleventh Circuit Court of Appeals recognized that the power to administer elections should rest with the States. Citing Federalist 59, the Court noted that "a discretionary power over elections ought to exist somewhere," but that somewhere was not the federal judiciary.

Plaintiffs also direct the Court to Mann v. Powell, 333 F. Supp. 1261 (1969) to support its standing argument. However, Plaintiffs fail to address the ultimate holding in that case. In Mann, an incumbent legislator challenged an Illinois statute which provided that ballot position was determined by the order nominating positions were received and, in the event petitions were simultaneously received, the Secretary of State or various Clerks where charged with breaking any ties. The Secretary of State announced that he intended to "break ties" by looking at a candidate's past legislative service and whether the candidate was an incumbent. Based on that criteria, those candidates were given preferential ballot position. The statute was challenged, in part, as an unconstitutional delegation of power to the

7

Secretary of State.  While finding the Secretary of State's "tie breaking" methodology improper and enjoining same, the Court found the delegation of power constitutional.  In issuing its decision, the Court noted that it "should generally defer to legislative judgments if a permissible purpose is conceivable." Id. at 1266.

The fact that Courts should defer to States in creating a framework to hold elections was again recognized in Mecinas v. Hobbs, 468 F. Supp 3d 1186 (2020).  In that matter, plaintiffs challenged Arizona's general election ballot ordering statute which provided that candidates of a political party that received the most votes in the most recent gubernatorial election in that County appear first in all contests and on all ballots in that County.  Plaintiffs alleged that this statute violated the First and Fourteenth Amendments as the "primacy effect" provided those candidates listed first with an electoral advantage.  In rejecting plaintiffs' claims due to a lack of standing, the Court noted that even if standing was found to exist, plaintiffs failed to establish the statute placed on them an unconstitutional burden and the relief sought amounted to a nonjusticiable political question.  The Court again noted that "Federal Courts cannot lightly interfere with a state election." Id. at 1197.

Again, in Trump for President v. Boockvar, 502 F. Supp. 3d 899 (2020), plaintiff challenged, in part, the Secretary of State authorizing counties to employ notice-and-cure procedures for procedurally defective mail-in ballots. Some counties put in place a procedure for voters to cure defective mail-in ballots, others did not. Plaintiff alleged this violated their Fourteenth Amendment rights as there was no uniformity regarding ballot curing for all counties throughout the state.

In rejecting this argument, the District Court noted that "any law respecting the right to vote – whether it governs voter qualifications, candidate selection, or the voting process is subjected to a deferential 'important regulatory interest' standard for non-severe, non-discriminatory restrictions, reserving strict scrutiny for laws that severely restrict the right to vote." Id. at 919. The Court further ruled that as different counties may face different demands in the electoral process, there may be different procedures within a state. The Court further stated that "many courts have recognized that counties may, consistent with equal protection, employ different election procedures and voting systems within a single state... arguable differences in how election boards apply uniform statewide standards to the innumerable permutations of ballot irregularities, although perhaps unfortunate, are to be expected." Id. at 922.

The State of New Jersey has set forth a reasonable, non-discriminatory method to set ballot positions in Primary Elections.  One of the duties of this defendant is to oversee the design, preparation and printing of all ballots and conducting the drawing for ballot position for various elections held in Monmouth County.  In fulfilling her duties as County Clerk in connection with the 2020 Primary Election, this defendant relied on the statutory requirements set forth in N.J.S.A. § 19:49-2, N.J.S.A. § 19:23-24 and N.J.S.A. § 19:23-26.1 as well as applicable case law.  As permitted under statutory and case law, this defendant utilized her discretion where appropriate in designing the ballot for the 2020 Democratic Primary Election.

As the 2020 primary involved candidates seeking election to the United States Senate, N.J.S.A. § 19:23-24 specifically provides that candidates for that office were to appear in the first column of the ballot.  Accordingly, regardless of whether the United States Senate candidates were or were not bracketed, their names were to be drawn first to determine their ballot placement.

N.J.S.A. § 19:49-2 provides that candidates for countywide office may file a Joint Petition with the County Clerk.  Candidates for Federal, State and Local offices may then seek to

10

bracket with the County candidates and have their name placed on the same line of the ballot with the County candidates.

In the case of the 2020 Democratic primary election in Monmouth County, the names of the Senate candidates, regardless of if they bracketed with other candidates, were placed in a box and then blindly drawn.  The draw determined where Senate candidates were placed on the ballot.  The two Senate candidates were placed in the first and second columns of the ballot.  As an unbracketed candidate, Bernie Sanders, who was running for the office of Unites States President, was placed in column three.  Two additional non-bracketed candidates needed to be placed on the ballot.  These candidates were Christine Conforti and Dave Applefield.  Following a blind draw, Conforti was assigned to the fourth column and Applefield the fifth column.

This defendant acted appropriately in applying the laws of the state in designing the ballot in question.

In light of the case law cited above, and the New Jersey Supreme Court already ruling that the statutes in question do not violate the First and Fourteenth Amendment rights of candidates[2], Plaintiffs fail to state a claim upon which relief can be granted.

---

[2] Quaremba v. Allen, 67 NJ 1 (1975).

**POINT II**

**PLAINTIFFS LACK STANDING.**

To establish standing, the Plaintiffs must establish that: (1) they suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) the injury complained of is likely as opposed to merely speculative. Lujon v. Defenders of Wildlife, 504 U.S. 555 (1992). At this time, there is no case or controversy to be addressed and/or receive redress. Conforti, Kreibich, Spezakis, Marchica and McMillan lost their 2020 primary races. Lucide lost his 2021 primary race by 79%.[3] As such, no ruling can address the Plaintiffs alleged injury. The fact that candidates claim in the future that they will one day run for office is not sufficient to establish standing.

Further, it is important to note that to have standing, the alleged injury must be traceable to the challenged action by the defendant. Jacobson 974 F.3d 1236, 1253. In this matter, the Plaintiffs cannot trace there location on the ballot as causing their loss. As such, the plaintiffs cannot establish standing.

With regard to New Jersey Working Families Alliance ("NJWFA") they cannot prove that they suffered an injury in

---

[3] See https://www.atlanticcountyclerk.org/wp-content/uploads/2021/06/2021-Primary-Election-Results.pdf

fact. Assuming this organization spends resources on educating individuals about the "county line", that is not sufficient to achieve standing. As was noted in Food & Water Watch, Inc. v. Vilsack, 808 F.3d 905, 919-920 (DC Cir. 2015), "an organization does not suffer an injury in fact where it expends resources to educate its members and others unless doing so subjects the organization to operational costs beyond those normally expended." NJWF acknowledges that it engages in voter education and already incurs operational expenses in connection with this endeavor. It cannot argue that these costs constitute an injury in fact. Nat'l Taxpayers Union, Inc. v. United States, 68 F.3d 1428 (DC Cir. 1995). As such they lack organizational standing.

## POINT III

### PLAINTIFFS HAVE FAILED TO NAME INDISPENSABLE PARTIES.

In its opposition, Plaintiffs fail to address the fact that they have failed to name indispensable parties to this action. Namely, they have not named political candidates who would be impacted by a decision rendered by this Court. The relief sought seeks to impact the First and Fourteenth Amendment rights of candidates who wish to associate and bracket. Complete relief cannot be granted without these parties being part of this action. By electing not to join these indispensable parties, a decision of the Court could impair or impede those

person's ability to protect their interests.  As such, dismissal of the complaint on this ground is proper.

## CONCLUSION

The Plaintiffs advance their policy arguments as to why bracketing should not be utilized in determining ballot positioning in Primary Elections.  This is not a sufficient basis to invalidate New Jersey election laws.  The statutes being challenged survive Constitutional scrutiny.  For this reason, and those set forth in this Defendant's moving papers, it is proper to dismiss the First Amended Complaint with prejudice.

          Respectfully submitted,

          Erik Anderson, Esq.
          REARDON ANDERSON, LLC
          55 Gilbert Street North
          Suite 2204
          Tinton Falls, NJ  07701
          (732) 758-8070
          Attorneys for Defendant, Christine Hanlon