FRANKLIN H. BERRY, JR. ♦□
JOHN C. SAHRADNIK* ♦□
STEPHEN B. KOTZAS Δ♦□
LAURA M. BENSON ♦□
ROBERT D. BUDESA **
MARY JANE LIDAKA ♦
MATHEW B. THOMPSON ♦□
LAURA E. COMER

* NJ & FL Bars
Δ Admitted to the U.S. Tax Court
♦ Admitted to U.S. Court of Appeals, 3rd Circuit
□ Admitted to U.S. Supreme Court
• Admitted to U.S. Bankruptcy Court, District of N.J.
** Certified by the Supreme Court of New Jersey
    as a Workers Compensation Law Attorney

**BERRY, SAHRADNIK, KOTZAS & BENSON**
ATTORNEYS AT LAW

212 Hooper Ave. / P.O. Box 757
Toms River, NJ 08754-0757
732-349-4800

FRANKLIN H. BERRY 1941 – 1975
WILLIAM W. WHITSON 1941-1967
MAJA L. BERRY 1948-1961

COUNSEL
EDWARD T. FEUREY ♦□Δ

Toll Free: 800-991-9279
Fax: 732-349-1983
www.bskb-law.com

June 28, 2021

Electronically filed

Honorable Zahid N. Quraishi
United States District Court
Clarkson S. Fisher Bldg. & US Courthouse
402 East State Street
Trenton, NJ 08608

Re:  **Conforti, Christine, et al. vs. Ocean County Clerk, et al.**
**Our File No.: 57926**
**USDC Docket No.:  3:20-08267**

Dear Judge Quraishi:

Please be advised that we represent the Defendant, Ocean County Clerk, Scott M. Colabella, in this matter. Our Motion to Dismiss (ECF 55) pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), is pending and returnable on July 7, 2021, along with motions filed on behalf of the other Defendants. Kindly accept this letter brief in response to Plaintiffs' opposition to the Motions (ECF 69). Rather than duplicate efforts and unnecessarily burden the Court with a lengthy brief submission, we respectfully request to join in all the legal arguments advanced by all co-Defendants in their replies as if the same were incorporated herein at length on behalf of Defendant, Ocean County Clerk, Scott M. Colabella. The Defendant, Ocean County Clerk also respectfully reserves the right to rely upon the legal arguments set forth in the replies and briefs filed and/or to be filed on behalf of the other Co-Defendants, State of New Jersey and any other

June 28, 2021
Page 2

interveners that may file replies to Plaintiffs' opposition in this matter, to the extent that said arguments apply to this Defendant.

In addition to the arguments raised by the co-defendants, State of New Jersey, this case should be dismissed, first and foremost, because it presents political questions about the adequacy of the State of New Jersey bracketing statute, N.J.S.A. 19:49-2. The Plaintiff Conforti alleges violations of her federally-protected constitutional rights of association (or right not to associate with a political party), equal protection of the laws as bracketed candidates obtain preferential ballot placement because of segregated ballot drawings between bracketed and unbracketed candidates, and causes Plaintiff Conforti's loss of votes due to her disadvantaged ballot position as an unbracketed candidate. Plaintiff NJWF alleges the bracketing system causes NJWF to "divert resources away from its other campaigns and advocacy efforts to educate voters about the county line to advocate against the burdens that New Jersey's bracketing and ballot placement system impose." (ECF 70 page 17)  However, "the judicial department has no business entertaining [a] claim of unlawfulness—because the question is entrusted to one of the political branches or involves no judicially enforceable rights." Rucho v. Common Cause, 139 S. Ct. 2484, 2494 (2019) (quotation omitted). Such claims present nonjusticiable "political questions" because they are "outside the courts' competence and therefore beyond the courts' jurisdiction." Id. "Among the political question cases the Court has identified are those that lack 'judicially discoverable and manageable standards for resolving [them].' " Id. (quoting Baker v. Carr, 369 U.S. 186, 217 (1962)).

Rucho held that partisan gerrymandering presented a political question for three reasons. First, "the Framers' decision to entrust districting to political entities" precluded "hold[ing] that legislators cannot take partisan interests into account." Id. at 2497. Thus, the relevant question is

June 28, 2021
Page 3

when political gerrymandering "has gone too far," not whether it is permissible at all. Id. (quotation omitted). Second, courts cannot "even begin to answer" whether gerrymandering "has gone too far" unless they know the "fair" baseline from which to measure departures. Id. at 2500–01. Third, in the gerrymandering context, "fairness" could be defined in different ways, and "[t]here are no legal standards discernible in the Constitution for making such judgments, let alone limited and precise standards that are clear, manageable, and politically neutral." Id. at 2500. Similar concerns are at play in this case.

It is well established that New Jersey's closed primary system does not violate the First and Fourteenth Amendment. In Balsam v. Secretary of the State of New Jersey, 607 Fed. Appx 177 (2015) cert. denied 577 U.S. 870 (2015) the Third Circuit has review the State's closed primary system. The Third Circuit noted:

> New Jersey has created a comprehensive statutory scheme to govern elections in the state. See N.J. Stat. Ann. §§ 19:1–1 to 19:63–28. A "general" election is held on the first Tuesday after the first Monday in November, at which time voters "elect persons to fill public office." Id. at § 19:1–1. There are two ways in which a candidate can secure a place on the ballot for a general election. The first is to be nominated by a political party in a primary election; the second is to submit a petition with the requisite number of signatures.
>
> Under the first option, "members of a political party ... nominate candidates" in the month of June "to be voted for at general elections." Id. at §§ 19:1–1 and 19:2–1. New Jersey law defines a "political party" as any party that garners at least ten percent of the votes cast in the last general election for the office of a member of the General Assembly. Id. at § 19:1–1. To appear on a primary election ballot, a candidate must file a nominating petition accompanied by the requisite number of signatures at least sixty-four days before the primary election. Id. at §§ 19:23–8 and 19:23–14. To be eligible to vote in a political party's primary election, a voter must be deemed a member of that party at least fifty-five days before the election, unless the voter is newly registered or the voter has not previously voted in a primary election. Id. at § 19:23–45. The state bears the cost of conducting primary elections. Id. at § 19:45–1.

Id 178-179.

June 28, 2021
Page 4

In <u>Balsam</u>, voters commenced action the New Jersey Secretary of State alleging in part New Jersey's closed primary system violated their First and Fourteenth Amendment rights. The Third Circuit rejected the Plaintiffs' challenge concluding the plaintiffs First and Fourteenth Amendment Rights were outweighed and constitutionally justified. In instant matter, the Plaintiff Conforti's Amended Complaint alleges that she "chose" not to associate with Senator Corey Booker and those candidates bracketed with the Official Regular Democratic Organization. (ECF33 Paragraph 110). Like the plaintiffs in <u>Balsam</u>, the First and Fourteenth Rights of the members of Official Regular Democratic Organization (a non-party to this action) who chose to bracket together in a closed primary are outweighed and constitutionally justified compared to the Plaintiff's desire to prohibit those individuals from such conduct. The Plaintiffs essentially ask this Court to determine what is the fairest procedure for conducting a closed primary. The Court cannot begin to answer that question without substituting its judgment for the judgment of the actors charged with making those decisions. For these, reasons, the political doctrine applies, and it renders the Plaintiffs' claims non-justiciable.

        Respectfully submitted,
        **BERRY, SAHRADNIK**
        **KOTZAS & BENSON**

        */s/ Mathew B. Thompson*
        Mathew B. Thompson

MBT/jfm
cc: All Counsel (electronic filing system)