# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# TRENTON VICINAGE

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSEPH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS and NEW JERSEY WORKING FAMILIES ALLIANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk and E. JUNIOR MALDONADO, in his official capacity as Hudson County Clerk, <br><br> Defendants. | **Case No. 3:20-cv-08267-FLW-TJB** |

---

### REPLY BRIEF SUBMITTED ON BEHALF OF DEFENDANT JOHN S. HOGAN, IN HIS OFFICIAL CAPACITY AS BERGEN COUNTY CLERK, IN FURTHER SUPPORT OF THE PENDING MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

---

**KAUFMAN, SEMERARO & LEIBMAN, LLP**
Two Executive Drive, Suite 530
Fort Lee, New Jersey 07024
(201)947-8855
*Attorneys for Defendant John S. Hogan, in his official capacity as Bergen County Clerk*

*Jaime R. Placek, Esq.*
*Attorney ID No. 041071996*
*On the Brief*

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS………………………………………………………..…………i

TABLE OF AUTHORITIES……………………………………………………….……..ii

PRELIMINARY STATEMENT……………………………………………….………….1

LEGAL ARGUMENT………………………………………………………………..……1

    PLAINTIFFS' FIRST AMENDED COMPLAINT MUST BE DISMISSED
    BY THIS COURT……………………………………………………….………..……1

 CONCLUSION……………………………………………………...….………....4

# **TABLE OF AUTHORITIES**

### **Cases**

**Page**

Anderson v. Celebrezze, 460 U.S. 780 (1983)……………………………………………………1

Burdick v. Takushi, 504 U.S. 428 (1992)…………………………………………………………….2

Democratic-Republican Org. v. Guadagno, 900 F.Supp.3d 447 (D.N.J. 2012),
    aff'd 700 F.3d 130 (3d Cir. 2012)……………………………………………………………...2

Timmons v. Twin Cities Area New Party, 520 U.S. 351 (1997)…..……………………...…….2

### **Statutes**

N.J.S.A. 19:23-24…………………………………………………………………...…………….2

N.J.S.A. 19:49-2……………………………………………………………………………..….…2, 3

**PRELIMINARY STATEMENT**

For purposes of judicial efficiency, and avoiding redundancy, Defendant John S. Hogan incorporates herein by reference as if fully set forth herein those arguments presented by the other Defendants, and Intervenor State of New Jersey, in their respective briefings submitted to this Court in further support of the pending Motions to Dismiss previously filed by these Defendants and Intervenor and in reply to the briefs filed by Plaintiffs and *amicus* in opposition to the Defendants' pending Motions to Dismiss. Defendant John S. Hogan supplements those briefings with the following.

**LEGAL ARGUMENT**

**PLAINTIFFS' FIRST AMENDED COMPLAINT
SHOULD BE DISMISSED BY THIS COURT**

The briefs filed by Plaintiffs and *amicus* in opposition to the Defendants' pending Motions to Dismiss, much like Plaintiffs' First Amended Complaint (hereinafter, the "Amended Complaint") seeking a ruling by this Court declaring as unconstitutional the New Jersey statutes governing candidate ballot position selection in primary elections, continue to ignore that well settled case law clearly establishes two (2) governing principles applicable here: (i) that the State of New Jersey is permitted to adopt statutory guidelines to be followed by the various County Clerks in determining how elections are to be conducted within their respective County, which includes the construction of the ballots necessary for each election; and (ii) the adopted statutory guidelines are permitted to have some effect upon the right of a candidate for public office to associate with other candidates for public office and upon the rights of voters without a required finding by a Court that the adopted statutory guidelines resulting in those effects as experienced by candidates and/or voters are unconstitutional, being violative of First Amendment and Fourteenth Amendment rights.  See Anderson v. Celebrezze, 460 U.S. 780, 788 (1983).

Here, this Court must consider the burden being placed on rights asserted by Plaintiffs and it must then balance that burden against the interests of the State of New Jersey and make a determination as to what extent do the State's interests require the burdening of Plaintiffs' rights. Timmons v. Twin Cities Area New Party, 520 U.S. 351, 357-58 (1997); Burdick v. Takushi, 504 U.S. 428, 434 (1992); see also Democratic-Republican Org. v. Guadagno, 900 F. Supp. 2d 447, 453 (D.N.J. 2012), aff'd, 700 F.3d 130 (3d Cir. 2012).

The statutory ballot construction guidelines adopted by the State of New Jersey which Plaintiffs now attack, N.J.S.A. 19:49-2 and N.J.S.A. 19:23-24, are neutral on their face, applying equally to all candidates for elected office. The bracketing statutes are narrowly tailored to meet the interests of the State of New Jersey in candidates being permitted to have legitimate associations with other candidates appearing on the ballot and to ensure the State of New Jersey's interests in the integrity of the electoral process, protecting against voters being misled or confused at the polls. The subject statutes allow all candidates seeking a political party's nomination for a specific office to be placed in the same column (or row as the case may be). Further, and importantly here, pursuant to N.J.S.A. 19:23-24, the ballot position of any candidate or bracketed group of candidates is randomly drawn which does not present a severe burden on Plaintiffs' rights.

Indeed, the ballot structure guidelines adopted by the State of New Jersey now challenged by Plaintiffs, and which guidelines are followed by the Bergen County Clerk, ultimately result in making it clear to the voters which candidates appear on the ballot for each listed public office by reviewing each line on their ballot in the County of Bergen and these same voters may also easily determine which candidates are exercising their First Amendment rights to associate – or to not associate – with other candidates for other public offices appearing on the ballot. To abandon the procedures and ballot structure followed by the Bergen County Clerk would, at best, create voter

confusion and, at worst, violate the constitutional rights of candidates by making it impossible to determine which candidates chose to exercise their right to associate – and which candidates chose to exercise their right to not associate – and with those candidates who did exercise their right to associate, making it further impossible for a voter to determine who a candidate chose to associate with.

Simply stated, the statutory framework adopted by the State of New Jersey now being challenged by Plaintiffs provides a reasonable framework dictating the guidelines to be followed by the County Clerks when constructing their respective ballots. While these ballot construction guidelines may result in certain reasonable effects upon candidates and voters, those effects are nondiscriminatory, and do not result in the barring of any candidate from that ballot or prohibiting any voter from casting their vote with that ballot.

As is presented in the initial brief filed by Defendant John S. Hogan, and within the initial briefs and within the reply briefs filed by the other Defendants in support of their respective Motions to Dismiss which are now incorporated herein by reference as if fully set forth herein, despite the various arguments presented by Plaintiffs and *amicus*, the New Jersey statutes now being challenged by Plaintiffs' Amended complaint survive constitutional scrutiny on the merits. The interests of New Jersey in protecting the rights of candidates for office to associate, as is presented by the presently enacted statutory ballot drawing procedures, carry significantly greater weight when balanced against the alleged injury as is being claimed by Plaintiffs and, accordingly, Plaintiffs' Amended Complaint should be dismissed it its entirety, with prejudice.

**CONCLUSION**

The Bergen County Clerk unequivocally contends that provisions of N.J.S.A. 19:49-2, and each of the various ballot design procedures followed by the Bergen County Clerk (and all other county clerks) pursuant thereto, are reasonable in all respects. However, even if this Court were to ultimately reach the conclusion that N.J.S.A. 19:49-2 unequally treats "bracketed" and "unbracketed" candidates, the statute must continue to be deemed to be constitutional as applied as it is both reasonable and politically neutral.

For all of the foregoing reasons, and for those arguments and reasons as presented in the moving papers submitted by other Defendants in support of their now pending Motions to Dismiss Plaintiffs' Amended Complaint, the Motion to Dismiss filed with this Court by the Bergen County Clerk should now be granted in all respects, and Plaintiffs' Amended Complaint should be dismissed as to all Defendants in its entirety, with prejudice.

        Respectfully submitted,
        KAUFMAN, SEMERARO & LEIBMAN, LLP
        *Attorneys for Defendant John S. Hogan, in his*
        *official capacity as Bergen County Clerk*

        /S/ Jaime R. Placek
By: _____
        Jaime R. Placek, Esq.
        Attorney ID No. 041071996

Date: June 28, 2021