# BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*
BRETT M. PUGACH, ESQ., OF COUNSEL**

43 West 43rd Street, Suite 32
New York, NY 10036-7424

T: (212) 859-5083 | F: (201) 586-0427

P.O. Box 1131
Glen Rock, NJ 07452-1131

July 2, 2021

**VIA ELECTRONIC FILING**
Hon. Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

> **RE: Conforti v. Hanlon, Case 3:20-cv-08267-ZNQ -TJB**
> **Inappropriate Submission Filed on Behalf of the Gloucester County Clerk**

Dear Judge Quraishi:

    This firm represents the Plaintiffs in the above-captioned matter. Plaintiffs write to respectfully request that the improper and untimely papers filed by the Intervenor Gloucester County Clerk, ECF 99, 100, in connection with Defendants' and Intervenor State of New Jersey's Motions to Dismiss be disregarded by the Court and accorded no weight in connection with the Court's consideration of the motion papers.

    A review of the docket in this case reveals a spirit of professionalism and cooperation between counsel, including counsel for Plaintiffs, counsel for the six county clerk Defendants, and counsel for Intervenor the State of New Jersey, who is represented by the NJ Attorney General's Office. Indeed, all orders requested by the parties have been granted upon consent of opposing counsel, and all requests for extensions of time have been readily agreed to. Against this backdrop, on June 29, 2021, the Intervenor Gloucester County Clerk submitted an untimely *amicus* brief absent a motion or request for leave to do so, ECF 99,[1] in violation of and in blatant disregard to various orders of this Court, as well as the Court Rules, and without prior notice to or request for consent from other counsel, let alone the Court.

    This unauthorized and peculiar filing is stylized on the docket as a brief in opposition to the motions to dismiss, although its cover sheet indicates it is an amicus brief in support of the motions to dismiss. The filing is submitted after full briefing of the motions to dismiss by all parties – i.e., after the entry of seven motions to dismiss, an omnibus 108-page opposition brief, and seven reply briefs. The Gloucester County Clerk's filing is plainly out of turn, causes unnecessary delay

---

[1] The Gloucester County Clerk appears to have filed an identical or virtually identical submission the next day on June 30, 2021. (ECF 100.) The only difference appears to be that ECF 99 was mistakenly filed (presumably due to having the same last name) on behalf of Defendant John S. Hogan, who is the Bergen County Clerk, and ECF 100 was filed on behalf of James Hogan, who is the Gloucester County Clerk.

* Licensed to practice in New Jersey, New York, and the District of Columbia
** Licensed to practice in New Jersey and New York

BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*  
BRETT M. PUGACH, ESQ., OF COUNSEL**

43 West 43rd Street, Suite 32  
New York, NY 10036-7424

T: (212) 859-5083 | F: (201) 586-0427

P.O. Box 1131  
Glen Rock, NJ 07452-1131

to litigation, and seriously prejudices Plaintiffs who are grassroots candidates and a grassroots organization, and who have already taken care to work with all counsel in an efficient manner and to respond to the dismissal arguments in a substantial omnibus brief.

As background, Plaintiffs filed an Amended Complaint in this matter on January 25, 2021. (ECF 33.) Plaintiffs provided contemporaneous notice to all county clerks in the state who were not named in the litigation, including the Gloucester County Clerk. (*See id.* at ¶ 64.) Pursuant to the Court's March 17, 2021 Consent Order signed by Chief Judge Wolfson, the deadline set for Defendants to file their Motions to Dismiss was March 29, 2021. (ECF 51.) On March 30, 2021, via counsel, the Gloucester County Clerk moved to intervene in this matter, or, in the alternative, to submit an *amicus curiae* brief. (ECF 61.) That same day, Magistrate Judge Bongiovanni signed an order granting the Gloucester County Clerk's motion to intervene, and by clear implication, did not grant the relief of being able to file an *amicus curiae* brief, which was requested in the alternative. (ECF 62; *see also* proposed order, ECF 61-2.) The Gloucester County Clerk did not file a motion to dismiss at that time, as did the other intervenor in this matter, nor did counsel request additional time to do so. Nor did he file a motion to dismiss at any time prior to the May 24, 2021 deadline set for Plaintiffs' Opposition Brief, despite the approximately two months in between the filing of the motions to dismiss and the opposition.

In fact, there were multiple instances where counsel for the parties sought and received consent for various extensions of time to file their submissions, including a Consent Order signed by Chief Judge Wolfson on April 27, 2021 readjusting the deadlines for submission of opposition and reply briefs, ECF 66, and a Consent Order signed by Chief Judge Wolfson on June 7, 2021 setting the deadline for applications to appear *amici curiae* for those supporting Plaintiffs' opposition to the motions to dismiss, and readjusting the deadlines for the submission of omnibus reply briefs by each Defendant/Intervenor to address Plaintiffs' opposition and the submissions of *amici curiae*, ECF 80. As per these orders, Defendants and Intervenors submitted their omnibus reply briefs on June 28, 2021, thus concluding all briefing in connection with the various motions to dismiss. (ECF 80.)

Nevertheless, one day after the conclusion of lengthy briefing, the Gloucester County Clerk submitted an *amicus curiae* brief, ECF 99 and 100, in direct contravention to the March 17 Consent Order signed by Judge Bongiovanni, which granted intervenor status, not *amicus* status, ECF 62, and in violation of the various scheduling orders signed by Chief Judge Wolfson. In addition to the blatant disregard of various Court Orders in this case, the Gloucester County Clerk's *amicus* submission is not even accompanied by a proper motion renewing the *amicus* request and explaining why this one county clerk has unique knowledge, interest, or expertise different from that of the other county clerk parties, that would make such a brief desirable or relevant. Moreover, this untimely *amicus* submission was not submitted within any reasonable period of time directly

* Licensed to practice in New Jersey, New York, and the District of Columbia  
** Licensed to practice in New Jersey and New York

# BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*  
BRETT M. PUGACH, ESQ., OF COUNSEL**

T: (212) 859-5083 | F: (201) 586-0427

43 West 43rd Street, Suite 32  
New York, NY 10036-7424

P.O. Box 1131  
Glen Rock, NJ 07452-1131

following the Defendants' and the State's motions to dismiss, as is customary. (*Cf.* Fed. R. App. P. 29(a)(6) (amicus brief due 7 days after the principal brief of the party being supported)). Instead, the Gloucester County Clerk's *amicus* brief was submitted after Plaintiffs' opposition papers were filed (and even after Defendants' reply briefs were filed).

This filing unnecessarily delays this matter, prejudicing Plaintiffs and tying up judicial resources. In part, it raises many duplicative arguments already addressed by other parties. In other respects, it prejudices Plaintiffs by also raising several additional arguments to which Plaintiffs have not had an opportunity to respond, and will not have an opportunity to address, absent the intervention of this Court, which would further needlessly drag out the proceedings surrounding these motions to dismiss and cause unnecessary hardship to Plaintiffs who are grassroots candidates and a grassroots organization who already took care to respond to the dismissal arguments in an omnibus effort. In contrast to the clear prejudice to Plaintiffs that would result from accepting this filing, if the Court rejects consideration of this untimely and improper filing, the Gloucester County Clerk will still have an opportunity to raise such arguments at later stages of this case, including, for example, in a Rule 56 Motion for Summary Judgment.

Plaintiffs maintain that the Gloucester County Clerk's unauthorized *amicus* submission should be rejected from consideration by this Court in light of the violation of various court orders, unauthorized self-proclaimed metamorphosis from intervenor status to *amicus*, disregard for various federal court rules and practices, untimely filing, disruption of the briefing schedule, prejudice to the parties, and harm to judicial resources.

Alternatively, if the Court were to allow for consideration of this *amicus* filing, then Plaintiffs respectfully request that they be afforded an opportunity to respond to the various arguments raised by the Gloucester County Clerk, including but not limited to the following:

1. The claims related to non-joinder of the State political parties, including (a) why the Democratic State Committee and the Republican State Committee are not indispensable parties, (b) the fact that political parties have not been named and were not required to have been joined to afford relief in numerous ballot order cases in federal courts across the country, (c) the virtual certainty that the state political parties have been on at least constructive notice of this matter, which has been ongoing for over one year and widely featured in numerous media outlets, yet have chosen not to participate in this matter, and (d) the inappropriateness of dismissing the matter even in the event that the Court were to find such parties to be indispensable, as opposed to a remedy of requiring joinder of such parties;

* Licensed to practice in New Jersey, New York, and the District of Columbia  
** Licensed to practice in New Jersey and New York

BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*  
BRETT M. PUGACH, ESQ., OF COUNSEL**

43 West 43rd Street, Suite 32  
New York, NY 10036-7424

T: (212) 859-5083 | F: (201) 586-0427

P.O. Box 1131  
Glen Rock, NJ 07452-1131

2. The claims related to the function of a primary election for a political party, including (a) the failure of the Gloucester County Clerk's argument to appropriately consider the difference between a party's ability to internally control the *endorsement* process and the ability to control the government's design of the *ballot* itself and/or receive an advantage on that *ballot*, and (b) the failure of the Gloucester County Clerk's argument to appropriately consider the difference between the role of the party vis-à-vis the primary election and vis-à-vis the general election; and

3. The Gloucester County Clerk's failure to consider the important differences between primary and general elections in the context of ballot design and ballot order, including *inter alia* (a) the special treatment courts have afforded major political parties over others in a general election based on the unique state interest of preserving the two-party system which is wholly inapplicable to primary elections, (b) the divergence in outcomes in ballot order cases involving major versus minor party candidates in general elections as compared to other cases in the primary and general election contexts involving discriminatory treatment based on other characteristics, (c) the resultant inapplicability of the federal *Guadagno* and New Jersey state *Farmer* cases cited by the Gloucester County Clerk, in light of their reliance on such state interests which apply only in *general* but not *primary* elections,[2] and (d) the fact that the *Nelson* case relied on by the Gloucester County Clerk indeed found that the ballot order system at issue there in West Virginia was unconstitutional under the First and Fourteenth Amendments.

In light of the improper, untimely, disruptive, and prejudicial nature of the Gloucester County Clerk's *amicus* submission, Plaintiffs respectfully request a telephone conference with the Court to i) discuss Plaintiffs' request herein for the Court to reject consideration of the Gloucester County Clerk's filing in connection with the determination of Defendants' and the State's motions to dismiss; ii) seek clarity as to what role, if any, is appropriate for the Gloucester County Clerk to have in connection with this litigation, taking into consideration that it appears to have relinquished

---

[2] In fact, in a recent Star Ledger Op-Ed written by two former Deans of Rutgers Law School, John Farmer, Jr. – the very same former Attorney General of New Jersey who defended the general election ballot order law in the *Farmer* case relied on by the Gloucester County Clerk – highlighted the severe impact of the county line structure of New Jersey's primary election ballot system on voters and candidates, calling the implications of such system on our democracy "disturbing," referring to New Jersey's primary election ballots as "rigged," and supporting the lawsuit challenging its constitutionality. See Ronald Chen and John Farmer, Jr., *New Jersey's Primary Election Ballots are Rigged*, NJ.COM (June 27, 2021), nj.com/opinion/2021/06/new-jerseys-primary-election-ballots-are-rigged-opinion.html.

* Licensed to practice in New Jersey, New York, and the District of Columbia  
** Licensed to practice in New Jersey and New York

BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*            43 West 43rd Street, Suite 32
BRETT M. PUGACH, ESQ., OF COUNSEL**      New York, NY 10036-7424

T: (212) 859-5083 | F: (201) 586-0427         P.O. Box 1131
                                                                               Glen Rock, NJ 07452-1131

its status as an Intervenor; and iii) discuss what other recourse might be appropriate given the circumstances here.

       Thank you for the Court's consideration of this matter.

                                                          Respectfully submitted,

                                                          /s/ Brett M. Pugach
                                                          Brett M. Pugach, Esq.
                                                          BROMBERG LAW LLC

                                                          *Counsel for Plaintiffs*

CC.     All Counsel of Record (via electronic filing)

---

* Licensed to practice in New Jersey, New York, and the District of Columbia
** Licensed to practice in New Jersey and New York
