# BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*
BRETT M. PUGACH, ESQ., OF COUNSEL**

43 West 43rd Street, Suite 32
New York, NY 10036-7424

T: (212) 859-5083 | F: (201) 586-0427

P.O. Box 1131
Glen Rock, NJ 07452-1131

August 9, 2021

**VIA ELECTRONIC FILING**
Hon. Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Court Room 7W
Trenton, NJ 08608

      RE:    Conforti v. Hanlon, Case 3:20-cv-08267-ZNQ -TJB
              Recent Opinion Issued in Mazo v. Way

Dear Judge Quraishi:

      This firm represents the Plaintiffs in the above-captioned matter. Plaintiffs write to apprise the Court of a recent for-publication decision issued on July 30, 2021 by Chief Judge Wolfson in *Mazo v. Way*, ___ F. Supp. 2d. ____, 2021 U.S. Dist. LEXIS 142472 (D.N.J. 2021). The *Mazo* case, in which several defendant parties are the same as in this matter, addressed jurisdictional and procedural issues that are substantially similar if not identical to the ones raised by the Defendants in this (*Conforti*) matter. [1]

      In particular, Chief Judge Wolfson rejected the defendants' mootness argument, instead holding that the plaintiffs' claims fell into the well-known exception of being "capable of repetition, yet evading review." *See id.* at *9-17. She found the election timeframe to be too short of a period upon which to obtain meaningful review and found a reasonable expectation that the plaintiffs would run for office again, noting that such an "expectation obtains regardless of whether a plaintiff substantiates her plans with evidence" as has been applied to similar cases specifically in the election context. *Id.* at *11-14. Similarly, Chief Judge Wolfson rejected the defendants' ripeness argument despite the fact that the Plaintiffs had "not yet entered the 2022 primary, or asked for permission to use their original slogans in that race specifically," instead finding that "Plaintiffs' injuries are likely to repeat because they have happened already," and in light of the fact that the State had not disavowed application of the same statutes at issue going forward. *Id.* at *20. In essence, the Court rejected the defendants' overarching attempt to claim that a federal court "cannot hear this case because it is too far removed from 2020, and too far away from 2022,"

---

[1] The substantive issue in the *Mazo* case centered around the constitutionality of state law limitations on the ability of candidates to use certain slogans next to their names on the ballot, such as the ability to use the name of an individual or incorporated entity without having to receive their written consent, as currently prohibited by *N.J.S.A.* 19:23-17. In contrast, this case is about ballot design and the arrangement of candidate names on the ballot. The use of slogans is not contested by the *Conforti* plaintiffs, and has a minimal role in this matter.

BROMBERG LAW LLC　　　　　　　　　　　　　　　　Hon. Zahid N. Quraishi, U.S.D.J.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　August 9, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

holding that such a position "would place Plaintiffs in a constitutional catch-22 with no clear path to jurisdiction." *Id.* at *25.

Plaintiffs bring this case to the Court's attention not to reopen lengthy briefing, but simply to ensure that the Court is aware of this very recent opinion, decided after the close of briefing, in light of the similarity of the jurisdictional and procedural arguments raised and decided.

Thank you for the Court's consideration of this matter.

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Brett M. Pugach
　　　　　　　　　　　　　　　　　　　　　　　　Brett M. Pugach, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Yael Bromberg, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　BROMBERG LAW LLC

　　　　　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　　　　　Flavio L. Komuves, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　WEISSMAN & MINTZ

　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*

CC.　　All Counsel of Record (via electronic filing)