UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSPEH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIES ALLIANCE, INC., Plaintiff, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk, and E. JUNIOR MALDONADO, in his official capacity as Hudson County Clerk, <br><br>Defendants. | Civil Action No.: 3:20-08267-ZNQ-TJB |

BRIEF IN SUPPORT OF INTERVENOR REGULAR DEMOCRATIC ORGANIZATION OF UNION COUNTY, INC.'S MOTION TO INTERVENE

Robert F. Renaud, Esq.
RR1351
RENAUD DEAPPOLONIO LLC
190 North Avenue East
Cranford, New Jersey 07016
(908) 418-4088
Attorneys for Intervenor Regular
Democratic Organization of
Union County, Inc.

On the Brief:
Robert. F. Renaud, Esq.
Nicholas V. Rinaldi, Esq.

## <u>**TABLE OF CONTENTS**</u>

TABLE OF AUTHORITIES................................................................................................ii

STATEMENT OF FACTS AND PROCEDURAL HISTORY......................................................1

LEGAL STANDARD......................................................................................................3

ARGUMENT.............................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                                     **Page(s)**

<u>Benjamin v. Dep't of Pub. Welfare of Commonwealth</u>, 432 Fed. Appx. (3d Cir. 2011)..................................................................................................................................3

Commonwealth of Pennsylvania v. President United, States of Am., 888 F.3d 52 (3d Cir. 2018)..................................................................................................................................3

<u>Worthington v. Bayer Healthcare, LLC</u>, No. 11-2793, 2011 WL 6303999 (D.N.J. Dec. 15, 2011)..................................................................................................................................3

**State Statutes**

<u>N.J.S.A.</u> 19:23-17..............................................................................................................2

**Rules**

<u>Fed.R.Civ.P.</u> 24......................................................................................................<u>passim</u>

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Pertinent to this motion, the following sets out the procedural history. Plaintiffs filed their complaint on July 6, 2020 (ECF 1). An amended complaint was filed on January 25, 2021 (ECF 33). All named defendants and Intervenor State of New Hersey filed motions to dismiss. On May 31, 2022, the Court issued an opinion denying the motions to dismiss (ECF 111). Regular Democratic Organization of Union County, Inc. ("the RDO"), now moves for leave to intervene in this case.

Plaintiffs' Complaint seek to invalidate the manner in which the named defendants, County Clerks of various counties, administer ballot design and ballot placement laws within the State of New Jersey. See Plaintiffs' Amended Complaint, ECF Doc. 33. Plaintiffs' Amended Complaint seeks a declaration that New Jersey's primary election bracketing and ballot placement system is unconstitutional, and seeks injunctive relief to "ensure that the primacy effect/positional bias does not continue to advantage bracketed candidates over other candidates running for the same office." See Amended Complaint ¶¶ 8 and 9.

The RDO is a not-for-profit corporation of the State of New Jersey, dedicated to democratic principles and the highest ideals, supporting candidates for the nomination of the Democratic Party in primary elections for public offices,

including United States Senate and Congress, State Senate and Assembly, Constitutional County offices, members of the Board of Commissioners, and municipal offices.   Qualified members of the Democratic Party may, pursuant to N.J.S.A. 19:23-17, be permitted to use the designation "Regular Democratic Organization of Union County," as their designation or slogan in primary elections. The RDO, by doing so, "endorses" those candidates who adopt and share the principles and ideals of the RDO. The RDO claims an interest, protected by the First Amendment, to associate itself with primary election candidates who share its principles and ideals, and to associate those candidates with each other, and to inform the primary election voters of the Democratic Party. The RDO further claims an interest, protected by the First Amendment, to speak freely as to those candidates that it has endorsed so as to inform the electorate that the RDO has chosen to associate itself with certain candidates, and that those candidates have chosen to associate themselves with each other.

The RDO seeks to intervene in order to assert its interest in this litigation in maintaining its right to associate itself with candidates it chooses who share its principles and ideals, to have those candidates associate themselves with other candidates who share the same principles and ideals, and to express, through the balloting process, its support for those candidates who have met the standards of the RDO with respect to those principles and ideals.

## LEGAL STANDARD

Motions to intervene are governed by FED.R.CIV.P.24. Motions for

intervention as of right are governed by FED.R.CIV.P. 24(a).

> A petitioner seeking to intervene of right "must establish that: (1) the
> application for intervention is timely; (2) the applicant has a sufficient
> interest in the litigation; (3) the interest may be affected or impaired,
> as a practical matter, by the disposition of the action; and (4) the
> interest is not adequately represented by an existing party in the
> litigation." In re Cmty. Bank of N. Va., 418 F.3d 277, 314 (3d Cir.
> 2005) (quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir.
> 1987)). The claimed interest in the litigation must be one that "is
> specific [to those seeking to intervene], is capable of definition, and
> will be directly affected in a substantially concrete fashion by the
> relief sought." Kleissler v. U.S. Forest Service, 157 F.3d 964, 972 (3d
> Cir. 1998). "[T]he polestar for evaluating a claim for intervention
> is always whether the proposed intervenor's interest is direct or
> remote." Id.

> An intervenor's interest in the litigation need not be a legal one so
> long as the party "will be practically disadvantaged by the disposition
> of the action." Id. at 970 (quoting 7C CHARLES ALLAN WRIGHT,
> ARTHUR MILLER & MARY KAY KANE, FEDERAL PRACTICE AND
> PROCEDURE: CIVIL 2D § 1908, at 301 (1986)

> Benjamin v. Dep't of Pub. Welfare of Commonwealth, 432 Fed.
> Appx. 94, 97-98 (3d Cir. 2011).

Standards for motions for permissive intervention are set forth in FED.R.CIV.P.

24(b). See Commonwealth of Pennsylvania v. President United, States of Am., 888

F.3d 52, 57 (3d Cir. 2018). "Whether to allow a party to permissively intervene is

left to the sound discretion of the Court." Worthington v. Bayer Healthcare, LLC,

No. 11– 2793, 2011 WL 6303999, at 8 (D.N.J. Dec. 15, 2011). On timely motion, the court may permit anyone to intervene who (a) is given a conditional right to intervene by federal statute; or (b) has a claim or defense that shares with the main action a common question of law or fact. USCS Fed Rules Civ Proc <u>R</u>. 24.

## ARGUMENT

Here, (1) the application for intervention on behalf of the Regular Democratic Organization of Union County, Inc. ("the RDO")  is timely, being filed post-disposition of the motions to dismiss, (2) the RDO has a sufficient interest in the litigation, as set forth in the Certification accompanying this motion; (3) the RDO's interest in endorsing candidates, having that endorsement appear on the ballot, and in grouping endorsed candidates on the ballot so as to demonstrate their association, may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest of the RDO in endorsing candidates and in the grouping of endorsed candidates together, is not adequately represented by an existing party in the litigation. The named defendants, County Clerks, being administrators of the election process rather than advocates in the primary process, certainly do not adequately represent the interest of the RDO.

Given the nature of the organization and questions at issue in this litigation, RDO is an interested party and has a defense "that shares with the main action a

common question of law or fact." That the RDO has a defense germane to the main action in this Litigation is demonstrated by Plaintiffs' Amended Complaint, which seeks to invalidate the process by which the RDO's endorsement of candidates, and the grouping of RDO-endorsed candidates, is manifest.

Intervention by the RDO will not delay or prejudice the adjudication of the original parties' rights. Accordingly, in order to defend the challenged statutes, the RDO seeks leave to participate in this matter. Accordingly, pursuant to FED.R.CIV.P. 24, the Regular Democratic Organization of Union County, Inc. requests that the Court grant its motion to intervene in this litigation as an interested party.

Respectfully Submitted,
RENAUD DEAPPOLONIO LLC

Attorneys for Intervenor Regular
Democratic Organization of
Union County, Inc.

/s/ Robert F. Renaud

Dated:   July 25, 2022          Robert F. Renaud