**Jaime R. Placek, Esq. (041071996)**
**DECOTIIS FITZPATRICK COLE & GIBLIN, LLP**
**61 S. Paramus Road, Suite 250**
**Paramus, New Jersey 07652**
**T: 201-928-1100**
**E: jplacek@decotiislaw.com**
**Attorneys for Defendant John S. Hogan,**
**in his official capacity as Bergen County Clerk**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSEPH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS and NEW JERSEY WORKING FAMILIES ALLIANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk and E. JUNIOR MALDONADO, in his official capacity as Hudson County Clerk, <br><br> Defendants. | HON. ZAHID N. QURAISHI, U.S.D.C. <br><br> CIVIL A. NO. 3:20-cv-08267-FLW-TJB <br><br> **Civil Action** <br><br> **ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT, CROSS-CLAIM AND DESIGNATION OF TRIAL COUNSEL ON BEHALF OF DEFENDANT JOHN S. HOGAN, IN HIS OFFICIAL CAPACITY AS BERGEN COUNTY CLERK** |

Defendant John S. Hogan, in his official capacity as Bergen County Clerk (hereinafter referred to as "Answering Defendant"), by way of answer to Plaintiffs' First Amended Complaint (the "Complaint"), hereby states as follows:

## NATURE OF THE CASE[1]

1.      The allegations set forth in Paragraph 1 of the Complaint assert legal conclusions to which an answer is not required.  Answering Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint, if any.

2.      The allegations set forth in Paragraph 2 of the Complaint assert legal conclusions to which an answer is not required.  Answering Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint, if any.

3.      Answering Defendant admits the existence of the publication referenced in Paragraph 3 of the Complaint which speaks for itself. The allegations set forth in Paragraph 3 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 3 of the Complaint and leaves the Plaintiffs to their proofs.

4.      Answering Defendant admits the existence of N.J.S.A. 19:45-1 which speaks for itself. The allegations set forth in Paragraph 4 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 4 of the Complaint and leaves the Plaintiffs to their proofs.

5.      Answering Defendant admits the existence of the ballots referenced in Paragraph 5 of the Complaint which speak for themselves. The allegations set forth in Paragraph 5 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint, if any.

---

[1] All headings appearing within this Answer are repeated from within the Complaint and they are solely repeated herein for ease of reference.

6.      The allegations set forth in Paragraph 6 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint, if any.

7.      The allegations set forth in Paragraph 7 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint, if any.

8.      Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 8 of the Complaint and leaves the Plaintiffs to their proofs.

9.      The allegations set forth in Paragraph 9 of the Complaint assert legal conclusions to which an answer is not required.  Answering Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint, if any.

10.      The allegations set forth in Paragraph 10 of the Complaint assert legal conclusions to which an answer is not required.  Answering Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint, if any.

11.      Answering Defendant admits the existence of annual elections as referenced in Paragraph 11 of the Complaint. To the extent Paragraph 11 of the Complaint asserts legal conclusion, no answer is required.  Answering Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint, if any.

12.      Answering Defendant admits that Plaintiffs filed the Complaint initiating this action, which Complaint speaks for itself. To the extent Paragraph 12 of the Complaint asserts legal conclusion, no answer is required.  Answering Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint, if any.

13.     Answering Defendant admits that Plaintiffs filed the Complaint initiating this action, which Complaint speaks for itself.  To the extent Paragraph 13 of the Complaint asserts legal conclusion, no answer is required.  Answering Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint, if any.

### JURISDICTION AND VENUE

14.     Answering Defendant admits that Plaintiffs filed the Complaint in this action, which Complaint speaks for itself.  To the extent Paragraph 14 of the Complaint asserts legal conclusion, no answer is required.  Answering Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint, if any.

15.     Answering Defendant admits that Plaintiffs filed the Complaint in this action, which Complaint speaks for itself. The allegations set forth in Paragraph 15 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 15 of the Complaint, if any, and leaves the Plaintiffs to their proofs.

16.     The allegations set forth in Paragraph 16 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 16 of the Complaint, if any, and leaves the Plaintiffs to their proofs.

17.     The allegations set forth in Paragraph 17 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 16 of the Complaint, if any, and leaves the Plaintiffs to their proofs.

18.     The allegations set forth in Paragraph 18 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 18 of the Complaint, if any, and leaves the Plaintiffs to their proofs.

## PARTIES

### Plaintiffs

Christine Conforti: Congressional Candidate in 2020 Primary and Future Democratic Candidate

19.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 19 of the Complaint and leaves the Plaintiffs to their proofs.

20.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 20 of the Complaint and leaves the Plaintiffs to their proofs.

21.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 21 of the Complaint and leaves the Plaintiffs to their proofs.

22.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 22 of the Complaint and leaves the Plaintiffs to their proofs.

23.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 23 of the Complaint and leaves the Plaintiffs to their proofs.

Arati Kreibich: Congressional Candidate in 2020 Primary

24.     Answering Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25.     Answering Defendant admits the allegations contained in Paragraph 24 of the Complaint.

26.     Answering Defendant admits Plaintiff Arati Kreibich is registered to vote as a Democrat. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 26 of the Complaint and leaves the Plaintiffs to their proofs.

27.     Answering Defendant admits Plaintiff Arati Kreibich was previously elected to the Glen Rock Borough Council. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 27 of the Complaint and leaves the Plaintiffs to their proofs.

Mico Lucide: Candidate for County Clerk in 2021 and Future Democratic Primaries

28.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 28 of the Complaint and leaves the Plaintiffs to their proofs.

29.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 29 of the Complaint and leaves the Plaintiffs to their proofs.

30.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 30 of the Complaint and leaves the Plaintiffs to their proofs.

31.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 31 of the Complaint and leaves the Plaintiffs to their proofs.

32.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 32 of the Complaint and leaves the Plaintiffs to their proofs.

<u>Joseph Marchica: County Committee Candidate in 2020 and 2022 Primaries</u>

33.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 33 of the Complaint and leaves the Plaintiffs to their proofs.

34.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 34 of the Complaint and leaves the Plaintiffs to their proofs.

35.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 35 of the Complaint and leaves the Plaintiffs to their proofs.

36.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 36 of the Complaint and leaves the Plaintiffs to their proofs.

<u>Kevin McMillan: Township Committee Candidate in 2020 and Potential Future Primaries</u>

37.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 37 of the Complaint and leaves the Plaintiffs to their proofs.

38.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 38 of the Complaint and leaves the Plaintiffs to their proofs.

39.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 39 of the Complaint and leaves the Plaintiffs to their proofs.

40.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 40 of the Complaint and leaves the Plaintiffs to their proofs.

41.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 41 of the Complaint and leaves the Plaintiffs to their proofs.

42.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 42 of the Complaint and leaves the Plaintiffs to their proofs.

43.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 43 of the Complaint and leaves the Plaintiffs to their proofs.

<u>Zinovia Spezakis: Congressional Candidate in 2020 and 2022 Primaries</u>

44.     Answering Defendant admits the allegations contained in Paragraph 44 of the Complaint.

45.     Answering Defendant admits the allegations contained in Paragraph 45 of the Complaint.

46.     Answering Defendant admits Plaintiff Zinovia Spezakis is registered to vote as a Democrat. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 46 of the Complaint and leaves the Plaintiffs to their proofs.

47.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 47 of the Complaint and leaves the Plaintiffs to their proofs. Answering Defendant further answers by stating Plaintiff Zinovia Spezakis did not run as a candidate for the U.S. House of Representatives in New Jersey's Ninth Congressional District in connection with New Jersey's June 7, 2022 Democratic Primary Election.

<u>New Jersey Working Families Alliance, Inc.</u>

48.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 48 of the Complaint and leaves the Plaintiffs to their proofs.

49.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 49 of the Complaint and leaves the Plaintiffs to their proofs.

50.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 50 of the Complaint and leaves the Plaintiffs to their proofs.

51.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 51 of the Complaint and leaves the Plaintiffs to their proofs.

52. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 52 of the Complaint and leaves the Plaintiffs to their proofs.

53. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 53 of the Complaint and leaves the Plaintiffs to their proofs.

54. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 54 of the Complaint and leaves the Plaintiffs to their proofs.

55. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 55 of the Complaint and leaves the Plaintiffs to their proofs.

56. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 56 of the Complaint and leaves the Plaintiffs to their proofs.

**Defendants**

57. Answering Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58. Answering Defendant admits the allegations contained in Paragraph 58 of the Complaint.

59. Answering Defendant admits the allegations contained in Paragraph 59 of the Complaint.

10

60.     Answering Defendant admits the allegations contained in Paragraph 60 of the Complaint.

61.     Answering Defendant admits the allegations contained in Paragraph 61 of the Complaint.

62.     Answering Defendant admits the allegations contained in Paragraph 62 of the Complaint.

63.     Answering Defendant admits the allegations contained in Paragraph 63 of the Complaint.

64.     Answering Defendant admits the allegations contained in Paragraph 64 of the Complaint except to state that Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the providing of a copy of the Complaint to non-party County Clerks by Plaintiffs as alleged in Paragraph 64 of the Complaint.

65.     The allegations set forth in Paragraph 65 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 65 of the Complaint, if any.

## STATEMENT OF FACTS AND LAW

### A.  Basic Ballot Layout

66.     Answering Defendant admits the allegations contained in Paragraph 66 of the Complaint as to Bergen County. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 66 of the Complaint as to other Counties as alleged in Paragraph 66 of the Complaint.

11

67.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 67 of the Complaint and leaves the Plaintiffs to their proofs.

68.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 68 of the Complaint and leaves the Plaintiffs to their proofs.

**B. <u>Pivot Point</u>**

69.     The allegations set forth in Paragraph 69 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 69 of the Complaint, if any.

70.     The allegations set forth in Paragraph 70 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 70 of the Complaint, if any.

71.     The allegations set forth in Paragraph 71 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 71 of the Complaint, if any.

72.     The allegations set forth in Paragraph 72 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 72 of the Complaint, if any.

**C. <u>Bracketing</u>**

73.     Answering Defendant admits the existence of New Jersey state statutes <u>N.J.S.A.</u> 19:23-18 and <u>N.J.S.A.</u> 19:49-2 which speak for themselves. The allegations set forth in Paragraph 73 of the Complaint assert legal conclusions to which an answer is not required.

Answering Defendant denies the remaining allegations contained in Paragraph 73 of the Complaint, if any.

74.     Answering Defendant admits the existence of New Jersey state statutes N.J.S.A. 19:49-2 and N.J.S.A. 19:23-6 which speak for themselves. The allegations set forth in Paragraph 74 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 74 of the Complaint, if any.

75.     Answering Defendant admits the existence of New Jersey state statute N.J.S.A. 19:49-2 which speaks for itself. The allegations set forth in Paragraph 75 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 75 of the Complaint, if any.

**D. Ballot Position**

76.     Answering Defendant admits the existence of New Jersey state statute N.J.S.A. N.J.S.A. 19:23-24 which speaks for itself. The allegations set forth in Paragraph 76 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 76 of the Complaint, if any.

77.     Answering Defendant admits the existence of New Jersey state statutes N.J.S.A. 19:23-24 and N.J.S.A. 19:23-26 which speak for themselves. The allegations set forth in Paragraph 77 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 77 of the Complaint, if any.

78.     The allegations set forth in Paragraph 78 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 78 of the Complaint, if any.

79.     The allegations set forth in Paragraph 79 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 79 of the Complaint, if any.

80.     The allegations set forth in Paragraph 80 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 80 of the Complaint, if any.

81.     The allegations set forth in Paragraph 81 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 81 of the Complaint, if any.

### E. United States Senate and Gubernatorial Candidates

82.     Answering Defendant admits the existence of New Jersey state statute N.J.S.A. 19:23-26.1 which speak for itself. The allegations set forth in Paragraph 82 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 82 of the Complaint, if any.

83.     The allegations set forth in Paragraph 83 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 83 of the Complaint, if any.

84.     The allegations set forth in Paragraph 74 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 84 of the Complaint, if any.

85.     The allegations set forth in Paragraph 74 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 85 of the Complaint, if any.

**F.  Arbitrary Criteria for Ballot Advantage and Varying Standards of County Clerks**

86.     The allegations set forth in Paragraph 86 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 86 of the Complaint, if any.

87.     The allegations set forth in Paragraph 87 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 87 of the Complaint, if any.

88.     The allegations set forth in Paragraph 74 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 88 of the Complaint concerning other County Clerks and leaves the Plaintiffs to their proofs. Answering Defendant denies the remaining allegations contained in Paragraph 88 of the Complaint, if any.

89.     Answering Defendant admits the existence of the ballots/sample ballots referenced in Paragraph 89 of the Complaint and attached thereto as Exhibit A which speak for themselves. The allegations set forth in Paragraph 89 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 89 of the Complaint concerning other County Clerks and leaves the Plaintiffs to their proofs. Answering Defendant denies the remaining allegations contained in Paragraph 89 of the Complaint, if any.

G. **Position Bias/Primacy Effect and Other Poor Ballot Design Features**

90.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 90 of the Complaint and leaves the Plaintiffs to their proofs.

91.     Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 91 of the Complaint and leaves the Plaintiffs to their proofs.

92.     The allegations set forth in Paragraph 92 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 92 of the Complaint and leaves the Plaintiffs to their proofs.

93.     The allegations set forth in Paragraph 93 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 93 of the Complaint and leaves the Plaintiffs to their proofs.

94.     The allegations set forth in Paragraph 94 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 94 of the Complaint and leaves the Plaintiffs to their proofs.

95.     The allegations set forth in Paragraph 95 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 95 of the Complaint and leaves the Plaintiffs to their proofs.

96.     Answering Defendant admits the existence of the publication referenced in Paragraph 96 of the Complaint and attached thereto as Exhibit B which speaks for itself. The allegations set forth in Paragraph 96 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 96 of the Complaint and leaves the Plaintiffs to their proofs.

97.     The allegations set forth in Paragraph 97 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 97 of the Complaint and leaves the Plaintiffs to their proofs.

98.     The allegations set forth in Paragraph 98 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 98 of the Complaint and leaves the Plaintiffs to their proofs.

99.     The allegations set forth in Paragraph 99 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 99 of the Complaint and leaves the Plaintiffs to their proofs.

100.    The allegations set forth in Paragraph 100 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 100 of the Complaint and leaves the Plaintiffs to their proofs.

**H.  Conforti Ballot Draw/Ballot Placement**

101.   The allegations set forth in Paragraph 101 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 101 of the Complaint and leaves the Plaintiffs to their proofs.

102.   Answering Defendant admits the allegations contained in Paragraph 102 of the Complaint.

### a. **Conforti's Monmouth County Ballot Draw and Ballot Placement**

103.   Answering Defendant admits the existence of the sample ballot referenced in Paragraph 103 of the Complaint which speaks for itself.

104.   Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 104 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 104 of the Complaint and leaves the Plaintiffs to their proofs.

105.   The allegations set forth in Paragraph 105 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 105 of the Complaint and leaves the Plaintiffs to their proofs.

106.   Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 106 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either

admit or deny the allegations contained in Paragraph 106 of the Complaint and leaves the Plaintiffs to their proofs.

107.   The allegations set forth in Paragraph 107 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 107 of the Complaint and leaves the Plaintiffs to their proofs.

108.   Answering Defendant admits the existence of the results of the July 7, 2020 primary election posted on the Secretary of State's website which speak for themselves.

**b.  Conforti's Ocean County Ballot Draw and Ballot Placement**

109.   Answering Defendant admits the existence of the sample ballot referenced in Paragraph 109 of the Complaint which speaks for itself.

110.   Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 110 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 110 of the Complaint and leaves the Plaintiffs to their proofs.

111.   The allegations set forth in Paragraph 111 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 111 of the Complaint and leaves the Plaintiffs to their proofs.

112.   The allegations set forth in Paragraph 112 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering

Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 112 of the Complaint and leaves the Plaintiffs to their proofs.

113.    Answering Defendant admits the existence of the results of the July 7, 2020 primary election posted on the Secretary of State's website which speak for themselves.

**c.  Conforti's Mercer County Ballot Draw and Ballot Placement**

114.    Answering Defendant admits the existence of the sample ballot referenced in Paragraph 114 of the Complaint which speaks for itself.

115.    The allegations set forth in Paragraph 115 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 115 of the Complaint and leaves the Plaintiffs to their proofs.

116.    Answering Defendant admits the existence of the results of the July 7, 2020 primary election posted on the Secretary of State's website which speak for themselves.

117.    The allegations set forth in Paragraph 117 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 117 of the Complaint and leaves the Plaintiffs to their proofs.

**I.  Kreibich Ballot Draw/Ballot Placement**

118.    The allegations set forth in Paragraph 118 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant admits Plaintiff Arati Kreibich appeared on the July 7, 2020 Democratic Primary Election ballot in New Jersey's Fifth Congressional District. Answering Defendant lacks

sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 118 of the Complaint and leaves the Plaintiffs to their proofs.

119.    Answering Defendant admits the allegations contained in Paragraph 119 of the Complaint.

120.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 120 of the Complaint which speaks for itself.

121.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 121 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant admits the drawing for ballot position referenced in Paragraph 121 of the Complaint. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 121 of the Complaint and leaves the Plaintiffs to their proofs.

122.    Answering Defendant admits the drawing for ballot position referenced in Paragraph 122 of the Complaint. The allegations set forth in Paragraph 122 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 122 of the Complaint, if any.

123.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 120 of the Complaint, and reflecting the allegations contained in Paragraph 123 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 123 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 123 of the Complaint, if any.

124.    Answering Defendant admits the drawing for ballot position referenced in Paragraph 124 of the Complaint. The allegations set forth in Paragraph 124 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 124 of the Complaint, if any.

125.    Answering Defendant admits the existence of the results of the July 7, 2020 primary election posted on the Secretary of State's website which speak for themselves. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 125 of the Complaint and leaves the Plaintiffs to their proofs.

**J.   Atlantic County Ballot Draw/Ballot Placement and Lucide's Upcoming Primary**

126.    Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 126 of the Complaint and leaves the Plaintiffs to their proofs.

127.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 127 of the Complaint which speaks for itself.

128.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 128 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 128 of the Complaint and leaves the Plaintiffs to their proofs.

129.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 129 of the

Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 129 of the Complaint and leaves the Plaintiffs to their proofs.

130.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 127 of the Complaint, and reflecting the allegations contained in Paragraph 130 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 130 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 130 of the Complaint and leaves the Plaintiffs to their proofs.

131.    The allegations set forth in Paragraph 131 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 131 of the Complaint and leaves the Plaintiffs to their proofs.

**K.   Marchica Ballot Draw/Ballot Placement**

132.    The allegations set forth in Paragraph 132 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 132 of the Complaint and leaves the Plaintiffs to their proofs.

133.    Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 133 of the Complaint and leaves the Plaintiffs to their proofs.

134.     Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 134 of the Complaint which speaks for itself.

135.     Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 135 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 135 of the Complaint and leaves the Plaintiffs to their proofs.

136.     Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 134 of the Complaint, and reflecting the allegations contained in Paragraph 136 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 136 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 136 of the Complaint and leaves the Plaintiffs to their proofs.

137.     Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 134 of the Complaint, and reflecting the allegations contained in Paragraph 137 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 137 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 137 of the Complaint and leaves the Plaintiffs to their proofs.

138.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 134 of the Complaint, and reflecting the allegations contained in Paragraph 138 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 138 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 138 of the Complaint and leaves the Plaintiffs to their proofs.

139.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 134 of the Complaint, and reflecting the allegations contained in Paragraph 139 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 139 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 139 of the Complaint and leaves the Plaintiffs to their proofs.

140.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 134 of the Complaint, and reflecting the allegations contained in Paragraph 140 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 140 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 140 of the Complaint and leaves the Plaintiffs to their proofs.

141.    Answering Defendant admits the existence of the results of the July 7, 2020 primary election posted on the Secretary of State's website which speak for themselves.

**L.  McMillan Ballot Draw/Ballot Position**

142.   The allegations set forth in Paragraph 142 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 142 of the Complaint and leaves the Plaintiffs to their proofs.

143.   Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 143 of the Complaint and leaves the Plaintiffs to their proofs.

144.   Answering Defendant admits the existence of the July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 144 of the Complaint which speaks for itself.

145.   Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 145 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 145 of the Complaint and leaves the Plaintiffs to their proofs.

146.   Answering Defendant admits the existence of the July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 144 of the Complaint, and reflecting the allegations contained in Paragraph 146 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 146 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 146 of the Complaint and leaves the Plaintiffs to their proofs.

26

147.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 147 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 147 of the Complaint and leaves the Plaintiffs to their proofs.

148.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 148 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 148 of the Complaint and leaves the Plaintiffs to their proofs.

149.    Answering Defendant admits the existence of the July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 144 of the Complaint, and reflecting the allegations contained in Paragraph 149 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 149 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 149 of the Complaint and leaves the Plaintiffs to their proofs.

150.    Answering Defendant admits the existence of the July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 144 of the Complaint, and reflecting the allegations contained in Paragraph 150 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 150 of the Complaint assert legal conclusions to which an answer is not

required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 150 of the Complaint and leaves the Plaintiffs to their proofs.

151.    Answering Defendant admits the existence of the results of the July 7, 2020 primary election posted on the Secretary of State's website which speak for themselves.

### M.  Bergen and Hudson County Ballot Draws/Ballot Placement and Spezakis' Upcoming Primary

152.    The allegations set forth in Paragraph 152 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant admits Plaintiff Zinovia Spezakis appeared on the July 7, 2020 Democratic Primary Election ballot in New Jersey's Ninth Congressional District in Bergen County. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 152 of the Complaint and leaves the Plaintiffs to their proofs.

153.    Answering Defendant admits the Office of the Bergen County Clerk conducted the referenced ballot position draw on April 9, 2020. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations pertaining to the Hudson County Clerk contained in Paragraph 153 of the Complaint and leaves Plaintiffs to their proofs.

### a.  Bergen County Ballot Draw/Ballot Placement

154.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 154 of the Complaint which speaks for itself.

155.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 155 of the

Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant admits the drawing for ballot position referenced in Paragraph 155 of the Complaint. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 155 of the Complaint and leaves the Plaintiffs to their proofs.

156.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 156 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant admits the drawing for ballot position referenced in Paragraph 156 of the Complaint. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 156 of the Complaint and leaves the Plaintiffs to their proofs.

157.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 157 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant admits the drawing for ballot position referenced in Paragraph 157 of the Complaint. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 157 of the Complaint and leaves the Plaintiffs to their proofs.

158.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 154 of the Complaint, and reflecting the allegations contained in Paragraph 158 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 158 of the Complaint assert legal conclusions to which an answer is not

required. Answering Defendant denies the remaining allegations contained in Paragraph 158 of the Complaint, if any.

159.     Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 154 of the Complaint, and reflecting the allegations contained in Paragraph 159 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 159 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 159 of the Complaint, if any.

160.     Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 160 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 160 of the Complaint and leaves the Plaintiffs to their proofs, except to state that Plaintiff Zinovia Spezakis did not run as a candidate for the U.S. House of Representatives in New Jersey's Ninth Congressional District in connection with New Jersey's June 7, 2022 Democratic Primary Election.

**b. Hudson County Ballot Draw/Ballot Placement**

161.     Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 161 of the Complaint which speaks for itself.

162.     Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 162 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either

admit or deny the allegations contained in Paragraph 162 of the Complaint and leaves the Plaintiffs to their proofs

163.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speak for itself. The allegations set forth in Paragraph 163 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 163 of the Complaint and leaves the Plaintiffs to their proofs.

164.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 161 of the Complaint, and reflecting the allegations contained in Paragraph 164 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 159 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 163 of the Complaint and leaves the Plaintiffs to their proofs.

165.    Answering Defendant admits the existence of the sample July 7, 2020 Democratic Primary Election ballot referenced in Paragraph 161 of the Complaint, and reflecting the allegations contained in Paragraph 165 of the Complaint, which speaks for itself. The allegations set forth in Paragraph 165 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 165 of the Complaint and leaves the Plaintiffs to their proofs.

166.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 165 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 165 of the Complaint and leaves the Plaintiffs to their proofs, except to state that Plaintiff Zinovia Spezakis did not run as a candidate for the U.S. House of Representatives in New Jersey's Ninth Congressional District in connection with New Jersey's June 7, 2022 Democratic Primary Election.

### N.  NJWF

167.    The allegations set forth in Paragraph 167 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 167 of the Complaint, if any.

## CLAIMS FOR RELIEF

## COUNT I

### U.S. Const. Amend. I and XIV, 42 *U.S.C.* §1983

### Violation of Plaintiffs' First and Fourteenth Amendment Rights Under Federal Constitution (Right to Vote/Vote Dilution)

168.    Answering Defendant repeats and realleges and incorporates by reference each and every response contained in Paragraphs 1 – 167 of this Answer as if more fully set forth herein.

169.    Answering Defendant admits the existence of the United States Constitution which speaks for itself. The allegations set forth in Paragraph 169 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 169 of the Complaint, if any.

170.    Answering Defendant admits the existence of the United States Constitution and the First and Fourteenth Amendments thereto which speak for themselves. The allegations set forth in Paragraph 170 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 170 of the Complaint, if any.

171.    Answering Defendant admits the existence of the First and Fourteenth Amendments to the United States Constitution which speak for themselves. The allegations set forth in Paragraph 171 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 171 of the Complaint, if any.

172.    The allegations set forth in Paragraph 172 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 172 of the Complaint, if any.

173.    The allegations set forth in Paragraph 173 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 173 of the Complaint, if any.

174.    The allegations set forth in Paragraph 174 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 174 of the Complaint, if any.

175.    The allegations set forth in Paragraph 175 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 175 of the Complaint, if any.

176.    The allegations set forth in Paragraph 176 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 176 of the Complaint, if any.

177.    The allegations set forth in Paragraph 177 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 177 of the Complaint, if any.

178.    The allegations set forth in Paragraph 178 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 178 of the Complaint, if any.

179.    The allegations set forth in Paragraph 179 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 179 of the Complaint, if any.

180.    The allegations set forth in Paragraph 1780 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 180 of the Complaint, if any.

181.    The allegations set forth in Paragraph 181 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 181 of the Complaint, if any.

182.    The allegations set forth in Paragraph 182 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 182 of the Complaint, if any.

**WHEREFORE**, Answering Defendant demands judgment dismissing Plaintiffs' Complaint in its entirety with prejudice and awarding Answering Defendant attorney fees and

costs associated with the defense of this action and any other relief that the Court deems just and proper under the circumstances of this action.

## COUNT II

### U.S. Const. Amend. I and XIV, 42 *U.S.C.* §1983

### Violation of Plaintiffs' First and Fourteenth Amendment Rights Under Federal Constitution (Equal Protection)

183.    Answering Defendant repeats and realleges and incorporates by reference each and every response contained in Paragraphs 1 – 183 of this Answer as if more fully set forth herein.

184.    The allegations set forth in Paragraph 184 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 184 of the Complaint, if any.

185.    The allegations set forth in Paragraph 185 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 185 of the Complaint, if any.

186.    The allegations set forth in Paragraph 186 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 186 of the Complaint, if any.

187.    The allegations set forth in Paragraph 187 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 187 of the Complaint and leaves the Plaintiffs to their proofs.

188.    The allegations set forth in Paragraph 188 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering

Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 188 of the Complaint and leaves the Plaintiffs to their proofs.

189.    The allegations set forth in Paragraph 189 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 189 of the Complaint and leaves the Plaintiffs to their proofs.

190.    The allegations set forth in Paragraph 190 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 190 of the Complaint and leaves the Plaintiffs to their proofs.

191.    The allegations set forth in Paragraph 191 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 191 of the Complaint, if any.

192.    The allegations set forth in Paragraph 192 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 192 of the Complaint, if any.

193.    The allegations set forth in Paragraph 193 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 193 of the Complaint, if any.

194.    The allegations set forth in Paragraph 194 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 194 of the Complaint, if any.

**WHEREFORE**, Answering Defendant demands judgment dismissing Plaintiffs' Complaint in its entirety with prejudice and awarding Answering Defendant attorney fees and costs associated with the defense of this action and any other relief that the Court deems just and proper under the circumstances of this action.

## COUNT III

### U.S. Const. Amend. I and XIV, 42 *U.S.C.* §1983

### Violation of Plaintiffs' First and Fourteenth Amendment Rights Under Federal Constitution (Freedom of Association)

195.    Answering Defendant repeats and realleges and incorporates by reference each and every response contained in Paragraphs 1 – 194 of this Answer as if more fully set forth herein.

196.    The allegations set forth in Paragraph 196 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 196 of the Complaint, if any.

197.    The allegations set forth in Paragraph 197 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 197 of the Complaint, if any.

198.    The allegations set forth in Paragraph 198 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 198 of the Complaint, if any.

199.    The allegations set forth in Paragraph 199 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 199 of the Complaint and leaves the Plaintiffs to their proofs.

200.    The allegations set forth in Paragraph 200 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 200 of the Complaint concerning Hudson County and leaves the Plaintiffs to their proofs Answering Defendant denies the remaining allegations contained in Paragraph 200 of the Complaint, if any.

201.    The allegations set forth in Paragraph 201 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 201 of the Complaint and leaves the Plaintiffs to their proofs.

202.    The allegations set forth in Paragraph 202 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 202 of the Complaint and leaves the Plaintiffs to their proofs.

203.    Answering Defendant admits the existence of the First Amendment to the United States Constitution which speaks for itself. The allegations set forth in Paragraph 203 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 203 of the Complaint, if any.

204.    Answering Defendant admits the existence of the New Jersey state law referenced by Plaintiffs and the First and Fourteenth Amendments to the United States Constitution which speak for themselves. The allegations set forth in Paragraph 204 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 204 of the Complaint, if any.

205.    The allegations set forth in Paragraph 205 of the Complaint assert legal conclusions to which an answer is not required. To the extent a response is required, Answering Defendant lacks sufficient information or knowledge with which to either admit or deny the allegations contained in Paragraph 205 of the Complaint concerning Monmouth County and leaves the Plaintiffs to their proofs Answering Defendant denies the remaining allegations contained in Paragraph 205 of the Complaint, if any.

206.    The allegations set forth in Paragraph 206 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 206 of the Complaint, if any.

207.    The allegations set forth in Paragraph 207 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 207 of the Complaint, if any.

208.    The allegations set forth in Paragraph 208 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 208 of the Complaint, if any.

**WHEREFORE**, Answering Defendant demands judgment dismissing Plaintiffs' Complaint in its entirety with prejudice and awarding Answering Defendant attorney fees and costs associated with the defense of this action and any other relief that the Court deems just and proper under the circumstances of this action.

## COUNT IV

### U.S. Const. Art. I, § 4, cl. 1, 42 U.S.C. §1983

### Violation of Elections Clause Under Federal Constitution

209.    Answering Defendant repeats and realleges and incorporates by reference each and every response contained in Paragraphs 1 – 208 of this Answer as if more fully set forth herein.

210.    Answering Defendant admits the existence of the United States Constitution which speak for itself.

211.    Answering Defendant admits the existence of the United States Constitution which speaks for itself. The allegations set forth in Paragraph 211 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 211 of the Complaint, if any.

212.    Answering Defendant admits the existence of the United States Constitution which speaks for itself. The allegations set forth in Paragraph 212 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 212 of the Complaint, if any.

213.    The allegations set forth in Paragraph 213 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 213 of the Complaint, if any.

214.    The allegations set forth in Paragraph 214 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 214 of the Complaint, if any.

215.   The allegations set forth in Paragraph 215 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 215 of the Complaint, if any.

216.   The allegations set forth in Paragraph 216 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 216 of the Complaint, if any.

217.   The allegations set forth in Paragraph 217 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 217 of the Complaint, if any.

218.   The allegations set forth in Paragraph 218 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 218 of the Complaint, if any.

219.   The allegations set forth in Paragraph 219 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 219 of the Complaint, if any.

220.   Answering Defendant admits the existence of the United States Constitution which speaks for itself. The allegations set forth in Paragraph 220 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 220 of the Complaint, if any.

221.   Answering Defendant admits the existence of the United States Constitution which speaks for itself. The allegations set forth in Paragraph 221 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 221 of the Complaint, if any.

**WHEREFORE**, Answering Defendant demands judgment dismissing Plaintiffs' Complaint in its entirety with prejudice and awarding Answering Defendant attorney fees and costs associated with the defense of this action and any other relief that the Court deems just and proper under the circumstances of this action.

## COUNT V

### 42 *U.S.C.* §1983

### Violation of Civil Rights

222.    Count V of the Complaint was dismissed with prejudice by Order of the Court Filed May 31, 2022, and therefore no response to Paragraph 222 of the Complaint is required. To the extent a response is required, Answering Defendant repeats and realleges and incorporates by reference each and every response contained in Paragraphs 1 – 221 of this Answer as if more fully set forth herein.

223.    Count V of the Complaint was dismissed with prejudice by Order of the Court Filed May 31, 2022, and therefore no response to Paragraph 222 of the Complaint is required. To the extent a response is required, the allegations set forth in Paragraph 223 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 223 of the Complaint, if any.

224.    Count V of the Complaint was dismissed with prejudice by Order of the Court Filed May 31, 2022, and therefore no response to Paragraph 224 of the Complaint is required. To the extent a response is required, the allegations set forth in Paragraph 224 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 224 of the Complaint, if any.

225.    Count V of the Complaint was dismissed with prejudice by Order of the Court Filed May 31, 2022, and therefore no response to Paragraph 225 of the Complaint is required. To the extent a response is required, the allegations set forth in Paragraph 225 of the Complaint assert legal conclusions to which an answer is not required. Answering Defendant denies the remaining allegations contained in Paragraph 225 of the Complaint, if any.

**WHEREFORE**, Answering Defendant demands judgment dismissing Plaintiffs' Complaint in its entirety with prejudice and awarding Answering Defendant attorney fees and costs associated with the defense of this action and any other relief that the Court deems just and proper under the circumstances of this action.

By:_____*s/ Jaime R. Placek*_____
Jaime R. Placek, Esq.
DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
(201) 347-2127
jplacek@decotiislaw.com
*Attorneys for Defendant John S. Hogan, in his official capacity as Bergen County Clerk*

Dated:  July 28, 2022

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### . SECOND AFFIRMATIVE DEFENSE

Answering Defendant had the right and duty pursuant to law to act as he did under the circumstances alluded to in the Complaint filed by Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

The conduct of Answering Defendant was reasonable, proper and without malice and with good faith.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendant acted reasonably under the circumstances alluded to in the Complaint by Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendant at all times relevant hereto was acting pursuant to the lawful authority invested in him by law. All acts so performed were the rules of the appropriate exercise of the Answering Defendants' discretion.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, accord and satisfaction, and/or equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or the entire controversy doctrine.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to name a party known to Plaintiffs to be a necessary and/or interested party to this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish that they and/or any other eligible individuals have been disenfranchised with regard to the right to vote.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no harm or damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs or disbursements.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant has not deprived Plaintiffs of any right, privilege or immunity secured to them by the Constitution of the United States or any other laws of the United States or the State of New Jersey.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right, at or before trial, to move to dismiss the Amended Complaint and/or for summary judgment on the ground that the Amended Complaint fails to state a claim upon which relief can be granted and/or the Answering Defendant is entitled to judgment as a matter of law, based on any or all of the above defense.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant at all times relevant hereto was acting in his official capacity as Bergen County Clerk pursuant to the lawful authority invested in him by law.  All acts so performed were the rules of the appropriate exercise of the Answering Defendants' discretion.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant hereby adopts by reference all AFFIRMATIVE defenses heretofore or hereafter pled by any other Defendant, except to the extent that such AFFIRMATIVE defenses of others may make allegations against this Answering Defendant. Answering Defendant reserves the right to amend this Answer to assert additional defenses and make further admissions upon completion of further investigation and discovery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have no standing to sue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the claims asserted by Plaintiffs within their Complaint.

## DESIGNATION OF TRIAL COUNSEL

Jaime R. Placek, Esq., is hereby designated as trial counsel on behalf of Defendant John S. Hogan, in his official capacity as Bergen County Clerk.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Jaime R. Placek, Esq., pursuant to Local Rule 11.2 do hereby certify as follows:  To the best of my knowledge and belief: (i) the matter in controversy is not the subject of any other action pending in any other court or arbitration proceeding; (ii) no other action or arbitration proceeding is contemplated; and (iii) there are no other parties who should be joined in the above action at this time.

By:   *s/ Jaime R. Placek*
      Jaime R. Placek, Esq.
      DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
      61 South Paramus Road, Suite 250
      Paramus, New Jersey 07652
      (201) 347-2127
      jplacek@decotiislaw.com
      *Attorneys for Defendant John S. Hogan, in his official capacity as Bergen County Clerk*

Dated:  July 28, 2022

## <u>CERTIFICATION OF SERVICE</u>

I certify that a copy of this Answer of Defendant John S. Hogan, in his official capacity

as Bergen County Clerk, was served via electronic filing upon all counsel of record.

By:   *s/ Jaime R. Placek*
          Jaime R. Placek, Esq.
          DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
          61 South Paramus Road, Suite 250
          Paramus, New Jersey 07652
          (201) 347-2127
          jplacek@decotiislaw.com
          *Attorneys for Defendant John S. Hogan, in his official capacity as Bergen County Clerk*

Dated:  July 28, 2022