**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSEPH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIES ALLIANCE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk,<br>Defendants. | CIVIL ACTION<br>NO. 3:20-cv-08267-ZNQ-TJB |

**BRIEF IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF MIDDLESEX COUNTY DEMOCRATIC ORGANIZATION**

McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
(973) 622-1800
Wnorthgrave@msbnj.com
Gmcguire@msbnj.com
Kmenscher@msbnj.com
*Attorneys for Middlesex County Democratic Organization*

On the Brief
William W. Northgrave (039201990)
Grant W. McGuire (016801995)
Keith M. Menscher (380192022)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................... ii

PRELIMINARY STATEMENT........................................... 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ...................... 1

LEGAL ARGUMENT.................................................. 3

I.   STANDARD FOR INTERVENTION.................................. 3

II.  MCDO MUST BE ALLOWED TO INTERVENE AS OF RIGHT
     PURSUANT TO FED. R. CIV. P. 24(a)........................... 4

     *1.   The Motion for Intervention is Timely* ............. 4

     *2.   MCDO has Sufficient Interest which
           Will be Affected or Impaired as a Practical
           Matter by the Disposition of this Litigation*....... 5

     *3.   The Interests of MCDO are not Adequately
           Represented by an Existing Party in this
           Litigation*......................................... 7

III. IN THE ALTERNATIVE, MCDO SHOULD BE GRANTED
     PERMISSIVE INTERVENTION PURSUANT TO
     FED. R. CIV. P. 24(b).................................... 8

CONCLUSION...................................................... 9

i

**TABLE OF AUTHORITIES**

*Am. Pipe & Const. Co. v. Utah*, 414 *U.S.* 538 (1974)............. 3

*Commonwealth of Pennsylvania v. Rizzo*,
 530 *F.2d* 501 (3d Cir. 1976) .............................. 4,5,7

*Donovan v. United Steelworkers of Am., AFL-CIO*,
 721 *F.2d* 126 (3d Cir. 1983)................................. 4,5

*Eu v. San Francisco Cnty. Democratic Cent. Comm.*,
 489 *U.S.* 214 (1989)........................................ 6,7

*Harris v.. Pernsley*, 820 *F.2d* 596 (3d Cir. 1987)......... 4,5,8,9

*Hoots v. Com. of Pa.*, 672 *F.2d* 1133 (3d Cir. 1982)............. 8

*In re Safeguard Scis.*, 200 *F.R.D.* 43 (E.D. Pa. 2004)........... 4

*Kleissler v. U.S. Forest Serv.*, 157 *F.3d* 964 (3d Cir. 1998).... 6

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
 419 *F.3d* 216 (3d Cir. 2005)................................... 4

*McKay v. Heyison*, 614 *F.2d* 899 (3d Cir. 1980).................. 8

*Mountain Top Condo Ass'n v. Dav Stabbert Master Builder, Inc.*,
 72 *F.3d* 361 (3d Cir. 1995)................................. 4,5

*NAACP V. New York*, 413 *U.S.* 345 (1973)......................... 4

*Quaremba v. Allan*, 67 *N.J.* 1 (1975)........................ 1,6,7

*Trbovich v. United Mine Workers*, 404 *U.S.* 528 (1972)........... 7

**Statutes**

*N.J.S.A.* 19:23-18............................................. 1,6
*N.J.S.A.* 19:49-2.............................................. 2,6

**Rules**

Fed. R. Civ. P. 24............................................. 3,9
Fed. R. Civ. P. 24(a)........................................ 3,8,9
Fed. R. Civ. P. 24(b)............................................ 3
Fed. R. Civ. P. 24(b)(3)....................................... 3,8

**PRELIMINARY STATEMENT**

The Middlesex County Democratic Organization (the "MCDO") is a not-for-profit and the official Democratic Party organization for Middlesex County. The MCDO promotes and endorses Democratic candidates in Middlesex County. The MCDO exercises its authority in vetting and ultimately endorsing candidates in primary elections, and allowing the chosen candidates to bracket with like-minded candidates under a single slogan on the ballot.

State law recognizes the First Amendment rights of the MCDO to affiliate with like-minded candidates and put such candidates on the ballot so they can be readily identified with each other. *see N.J.S.A.* 19:23-18; *Quaremba v. Allan*, 67 *N.J.* 1, 12 (1975). Plaintiffs' First Amended Complaint seeks relief that would deny that long recognized First Amendment right. The constitutionality of the laws challenged, as addressed *infra*, have been sustained in State Court, consistent with existing Federal precedent.

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

On or about July 6, 2020, Plaintiffs initiated this matter by Complaint in the District Court of the District of New Jersey (the "Litigation"). (ECF No. 1). On or about January 25, 2021, Plaintiffs filed their First Amended Complaint. (ECF No. 33).

Defendants in the Litigation each filed a Motion to Dismiss. (see ECF Nos. 53, 55, 57, 58, 59, 60, 63). Plaintiffs filed their opposition to Defendants' Motions to Dismiss on May 24, 2021. (ECF

1

No. 69). In reply, certain Defendants filed a reply to Plaintiffs' Opposition. (see ECF Nos. 87, 89, 91, 92, and 96). On May 31, 2022, this Court denied Defendants' Motions to Dismiss. (ECF No. 112).

The primary contention in the Amended Complaint is that "bracketing" of like-minded candidates under a single slogan provides a systemic advantage to certain candidates over others. (ECF No. 33, ¶¶95-99). Ultimately, Plaintiffs seek to have this Court declare the ability of like-minded candidates to bracket unconstitutional. (ECF No. 33, ¶221). Such a decision would void a long recognized and firmly established right of political parties, including the MCDO, to freely associate with candidates who share a core set of values. It must be noted that bracketing under a single slogan is <u>not</u> restricted to the statutorily recognized parties; any group of candidates can so organize themselves consistent with the statute and appear bracketed on the ballot in a primary election. See, *N.J.S.A.* 19:49-2.

4885-9026-7692, v. 4

**LEGAL ARGUMENT**

I.   STANDARD FOR INTERVENTION

The Federal Rule of Civil Procedure, specifically Rule 24, governs the right to intervene. Fed. R. Civ. P. 24. Pursuant to Fed. R. Civ. P. 24(a), a party is permitted to intervene as of right "(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Am. Pipe & Const. Co. v. Utah*, 414 *U.S.* 538, 544 n. 8 (1974).

In the alternative, a party may move for permissive intervention under Fed. R. Civ. P. 24(b), "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." *Am. Pipe*, 414 *U.S.* at 544. n. 9.  When considering permissive intervention, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*; Fed. R. Civ. P. 24(b)(3).

## II. THE MCDO MUST BE ALLOWED TO INTERVENE AS OF RIGHT PURSUANT TO FED. R. CIV. P. 24(a)

The MCDO is allowed as of right to intervene in the Litigation due to its interest in the outcome. The Third Circuit has consistently held that "a person is entitled to intervene if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley*, 820 *F.2d* 592, 596 (3d Cir. 1987) (*citing Commonwealth of Pennsylvania v. Rizzo,* 530 *F.2d* 501, 504 (3d Cir. 1976)); *see also*, *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 *F.3d* 361, 366 (3d Cir. 1995); *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 *F.3d* 216, 220 (3d Cir. 2005).

### 1. *The Motion for Intervention is Timely*

Courts must analyze the facts and circumstances of the proceedings and decide whether the motion to intervene is timely based on the totality of circumstances. *In re Safeguard Scis.*, 220 *F.R.D.* 43, 46–47 (E.D. Pa. 2004) (*see e.g., NAACP v. New York,* 413 *U.S.* 345(1973); *Mountain Top,* 72 *F.3d* at 369). It is ultimately within the court's sound discretion whether a motion to intervene is timely. *Donovan v. United Steelworkers of Am., AFL-CIO*, 721 *F.2d* 126, 127 (3d Cir. 1983); *see also*, *Mountain Top,* 72

4

*F.3d* at 369. The Third Circuit has set forth three factors to determine timeliness: "(1) the stage of the proceedings when the movant seeks to intervene; (2) possible prejudice caused to other parties by delay; and (3) the reason for delay." *Rizzo*, 530 *F.2d* at 506 (internal citations omitted); *see also*, *Donovan*, 721 *F.2d* at 127; *Mountain Top,* 72 *F.3d* at 369.

The MCDO satisfies the timeliness requirement. Here, the meaningful risk to the rights of MCDO ripened on May 31, 2022, when this Court denied Defendants' respective Motions to Dismiss. This motion was filed promptly after the Court's May 31 decision, and within the motion cycle that existing pending motions to intervene are scheduled to be heard. As such, this matter is ripe for intervention, and this Motion to Intervene is timely.

> 2. ***The MCDO has Sufficient Interest which Will be Affected or Impaired as a Practical Matter by the Disposition of this Litigation***

The MCDO satisfies the second and third factors to intervene as of right because it has a sufficient, and in fact substantial, interest in the disposition of the Litigation which will be Affected or Impaired by the outcome. A sufficient interest is one where there is a "legal interest as distinguished from interests of a general and indefinite character." *Mountain Top,* 72 *F.3d* at 366 (*citing Harris*, 820 *F.2d* at 601). Further, "[t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.* Overall,

5

"intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Kleissler v. U.S. Forest Serv.*, 157 *F.3d* 964, 972 (3d Cir. 1998).

The New Jersey Supreme Court in upholding the constitutionality of both *N.J.S.A.* 19:23-18 and *N.J.S.A.* 19:49-2, found:

> The purpose of a ballot is to permit voters to record their will, and one must assume the Legislature intended a ballot so arranged that all voters may find their candidates with the least difficulty the total content of the ballot will permit.

*Quaremba*, 67 *N.J.* at 12.

The Court further held that the current law does not prevent voters from choosing who they wish to vote for, and therefore the law is clearly not "invidiously discriminatory." See *id*. at 11.

*Quaremba* is consistent with the U.S. Supreme Court holding in *Eu v. San Francisco Cnty. Democratic Cent. Comm.*, 489 *U.S.* 214, 215 (1989). In *Eu*, the Supreme Court held, as a matter of constitutional right under the First and Fourteenth Amendment, "a political party has a right to 'identify the people who constitute the association.'" *Id*. at 224. The Court further noted that "[d]epriving a political party of the power to endorse suffocates [its constitutional] right." *Id.*

Here, MCDO's legal interest is rooted in its constitutional right under the First and Fourteenth Amendment and recognized in

6

*Quaremba* and *Eu*. *See Eu*, 489 *U.S.* at 224. The Litigation challenges fundamental and long-standing rights of the MCDO, previously affirmed at both the state and federal levels in *Quaremba* and *Eu*. As such, the MCDO is directly and immediately impacted by the relief sought, which if granted, will impact its ability to advance the core beliefs shared by its members. MCDO's right to intervene is cleat when measuring the potential impacts the decision in this matter could have.

### 3. *The Interests of the MCDO are not Adequately Represented by an Existing Party in this Litigation*

The MCDO is separate and distinct from other parties. Its interests are not, and will not, be adequately represented in the Litigation. The burden of showing inadequate representation "should be treated as minimal." *Rizzo*, 530 *F.2d* at 505 (*citing Trbovich v. United Mine Workers*, 404 *U.S.* 528, 538 n. 10 (1972)). An applicant must only show that representation of his interest "may be" inadequate. *Trbovich*, 404 *U.S.* at 538 n. 10.

Defendants here are the Clerks who implement state law but who have no interest in how the implementation of that law impacts the MCDO or any other group wishing to appear on a ballot under a single slogan, and easily identified and found by voters. MCDO's interests lie not only within the right to associate, but the core set of values shared between the political party and its members, and the ability to present that shared message to Democratic voters

4885-9026-7692, v. 4

of Middlesex County and be easily found by voters looking at a ballot.

The MCDO's interests have not been and will not be briefed or heard by this Court by existing parties. As such, the MCDO satisfies the four (4) factors set forth in *Harris*, and should be granted intervention under Fed. R. Civ. P. 24(a).

### III. IN THE ALTERNATIVE, MCDO SHOULD BE GRANTED PERMISSIVE INTERVENTION PURSUANT TO FED. R. CIV. P. 24(b)

In the event the Court should find MCDO has not met its burden under Fed. R. Civ. P. 24(a), the MCDO seeks permissive intervention. The "denial of intervention as of right does not automatically mandate a denial of permissive intervention." *Hoots v. Com. of Pa.,* 672 *F.2d* 1133, 1136 (3d Cir. 1982) (c*iting McKay v. Heyison*, 614 *F.2d* 899, 906 (3d Cir. 1980)). It is within the Court's discretion in determining "whether [permissive] intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P 24(b)(3); *see also*, Hoots, 672 *F.2d.* at 1135.

Here, MCDO's position on the ability to bracket with likeminded candidates is the question presented in the Litigation. The question rests upon the constitutional standing of existing State laws allowing the affiliation and commonality of candidates to be readily identified on ballots. Consistent with the requirements of Fed. R. Civ. P. 24(b)(3), MCDO's intervention will

8

not unduly delay or prejudice the parties because not only are there additional pending motions to intervene, but this Motion to Intervene is filed within the same motion cycle as those pending motions to intervene.

Therefore, based on the commonality of MCDO's claims and the main issue of the Litigation, and because the MCDO's claims are not identical to any claims already heard and briefed, intervention will not be duplicative, and the parties will not be unduly delayed or prejudiced in their rights. Therefore, MCDO should be granted permissive intervention.

## CONCLUSION

For the foregoing reasons, the MCDO respectfully requests this Motion to Intervene be granted as of right, pursuant to Fed. R. Civ. P. 24(a), as the MCDO satisfies the four (4) factors set forth in *Harris*, 820 *F.2d* at 596. In the alternative, the MCDO respectfully requests the Court grant it permissive intervention pursuant to Fed. R. Civ. P. 24.

**McManimon, Scotland & Baumann, LLC**
*Attorneys for Middlesex County Democratic Organization*

By: */s/ William W. Northgrave*
    William W. Northgrave

Dated: August 2, 2022

4885-9026-7692, v. 4