**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
*Attorneys for Intervenor, Office of the Burlington County Clerk*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al., <br><br> Defendants. | Case No.: 3:20-cv-08267-ZNQ-TJB <br><br> **CERTIFICATE OF SERVICE** |

**BRIEF ON BEHALF OF INTERVENOR, OFFICE OF THE BURLINGTON COUNTY CLERK, IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24.**

**MALAMUT AND ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
(856) 424-1808
*Attorneys for Intervenor, Office of the Burlington County Clerk.*

## PRELIMINARY STATEMENT

The Office of the Burlington County Clerk is a non-party at interest in this case, as identified along with every county clerk in the state by the Plaintiffs in their complaint. From the time the Plaintiffs put all county clerks on notice of this action, the Office of the Burlington County Clerk through their counsel have remained apprised of the progress of the litigation. Now, with preliminary motions resolved and responsive pleadings filed, the rights and obligations of all county clerks are going to be litigated to the merits. As such, the Office of the Burlington County Clerk moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24.

For the reasons outlined below, this court should allow the Office of the Burlington County Clerk to intervene in this action as of right, or in the alternative, this court should use its discretion to permit the Office of the Burlington County Clerk to intervene.

## LEGAL ARGUMENT

### I.   Federal Intervention Standard

Intervention in this action is governed by Federal Rule of Civil Procedure 24 (a), which states:

> "on timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest.." See Fed. R. Civ. P. 24(a).

Along with intervention as of right, Rule 24 proscribes the standard for permissive intervention. Specifically, the federal rules allow permissive intervention for when a non-party has a claim that shares with the main action a "common question of law or fact." See Fed. R.

Civ. P. 24(b). Intervention under Rule 24(b) is granted within the sound discretion of the trial court. See Brody v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992). The court, in determining whether to grant permissive intervention, should consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(3).

In the instant action, the Office of the Burlington County Clerk should be able to intervene under both portions of Rule 24. The Office of the Burlington County Clerk has an interest in this litigation, which the Plaintiffs have already identified, and have a right to protect their interest. Additionally, as this matter is just entering litigation after the initial pleading stage, allowing intervention will not delay the case or prejudice the original parties.

## II.     Office of the Burlington County Clerk Has a Right to Intervene Pursuant to Fed R. Civ. P. 24(a)(2).

It is undisputed that the Office of the Burlington County Clerk has an interest in this matter. In fact, the Plaintiffs admitted as much in their complaint where they wrote:

"The County Clerks for the remaining 18 counties in New Jersey are not parties to the Complaint but are being or will be furnished with a copy of the Complaint because they also enforce and administer ballot design and ballot placement laws which are called into question in this action in their respective counties: Atlantic, Bergen, **Burlington**, Camden, Cape May.." See Plaintiff's Complaint, ECF # 1, para. 21 (emphasis added).

Additionally, Plaintiff's complaint elaborates on the exact rights and obligations of the County Clerk's office that this litigation will impact, specifically stating that county clerks have statutory obligations including the "design, preparation, printing of all ballots, the issuance of mail in ballots, and conducting a drawing for ballot position.." See Plaintiff's Complaint, ECF # 1 , para. 17-20.

The Third Circuit has enumerated four factors that must be met in order to grant intervention, specifically:

1) The application to intervene must be timely.

2) The intervening part must have a sufficient interest in the underlying litigation.

3) A threat to the intervening parties interest will be impacted by the pending action; and

4) The existing parties to the action do not represent the intervenors interests.

See Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005).

Each one of these factors are met. First, the motion is timely. Timeliness is determined by a fact-specific analysis that considers the stage of the case, whether there will be prejudice to any parties, and the reason for any delay. See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995). Here, the case is at the preliminary stages, with preliminary motions and responsive pleadings just being completed. No party will be prejudiced by entry of an intervenor at this time. Lastly, the Office of the Burlington County Clerk was justified in waiting to see if this case would proceed to the merits before intervening. See Certification of Joanne Schwartz. Now that the merits will be adjudicated, it is clear that the interests of the Office of the Burlington County Clerk must be represented.

Satisfying the second and third elements, the Office of the Burlington County Clerk has sufficient interest in the underlying litigation and that interest will be impacted by the disposition of this action. This is admitted to by the Plaintiffs in their complaint and cannot reasonably be in dispute. The Plaintiffs named the Office of the Burlington County Clerk as a non-party of interest. It cannot be argued now these elements are not met.

Lastly, the Office of the Burlington County Clerk should have the right to represent itself and its interest, without relying on existing parties. While multiple clerks' offices were named in the original complaint, other clerks' offices filed intervention. Each time, this court found that the elements were satisfied, and that the non-party offices met the requirements for intervention. See ECF # 22; ECF # 62.  This allowed those offices to independently represent their interests and not rely on the other offices involved in the litigation. The same approach should be followed here, and the Office of the Burlington County Clerk's motion should be granted.

### III. In the alternative, the Office of the Burlington County Clerk Should be Permitted to Intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B).

Even if the court is not convinced that each of the elements for intervention as of right are not met, this court can use its discretion to allow the Office of the Burlington County Clerk to intervene. See Brody v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992).  The court, in determining whether to grant permissive intervention, should consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(3).

Here, there is no case for delay or prejudice as a result of this intervention. The case is still in its infancy, with responsive pleadings just filed. The Plaintiffs cannot be prejudiced by the intervention of a party it already identified in its complaint as having an interest, and the Defendants and other intervenors will not be impacted by another party at interest intervening. Therefore, in the alternative to intervention as of right, the Office of the Burlington County Clerk respectfully requests the court use its discretion to allow it to intervene, for all of the same reasons elaborated on above.

## Conclusion

For the reasons stated above, the reasons stated in reply to any opposition, and the reasons stated at oral argument, the Office of the Burlington County Clerk respectfully requests the instant Motion to Intervene be granted.

Respectfully Submitted,

/s/ Mark R. Natale, Esq.
Malamut & Associates
Attorneys for the Office of the
Burlington County Clerk
