

Robert F. Renaud*                                                    Catherine M. DeAppolonio
Adam J. Colicchio                                                                        Of Counsel
Nicholas V. Rinaldi
*Certified by the Supreme Court of                               Writer's Direct Email:
New Jersey as a Civil Trial Attorney                             rrenaud@rdlawnj.com

August 30, 2022

_Via ECF only_
Zahid N. Quraishi, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608
609-989-2065

      Re:   <u>Conforti v. Hanlon, et al.</u>
            Civil Action No.: 3:20-cv-08267-ZNQ-TJB
            Motion Returnable September 6, 2022
            Oral Argument Requested

Dear Judge Quraishi:

Please accept this letter brief and enclosed certification in reply to Plaintiffs'

opposition to the motion of our client, Regular Democratic Organization of Union

County, Inc. ("RDO"), to intervene in the above referenced matter. The motion is

returnable on September 6, 2022. Oral argument is requested.

**ARGUMENT**

Plaintiffs' opposition to the RDO's Motion to Intervene is based primarily on

Plaintiffs' assertions that (a) no proposed pleading was included in the motion

---

www.rdlawnj.com            190 North Avenue E.         Tel.  908-418-4088
                                  Cranford, N.J. 07016        Fax. 908-418-4840



papers, (b) the motion was not timely, (c) the RDO has failed to identify a sufficient interest which may be affected or impaired by the disposition of the case, (d) the RDO should be denied permissive intervention for the same reasons Plaintiffs urge for denial of intervention as of right. As an alternative, Plaintiffs argue that RDO and proposed intervenors Camden County Democratic Committee ("CCDC") and Middlesex County Democratic Organization ("MCDO") should have a "lead counsel" appointed by the Court "to speak and act on behalf of all such intervenors." Each of these assertions will be addressed briefly.

### a.  Failure to Include a Proposed Pleading Should Not Result in Denial of the Motion

Although Fed.R.Civ.P. 24(c) speaks in terms of a proposed pleading accompanying the Motion to Intervene, as can be seen from the proposed answer included with the accompanying certification, the pleading adds little because Plaintiffs' Complaint fails to address the interests which the RDO seeks to protect by intervening. It is respectfully requested that the Court consider the proposed pleading in support of the motion notwithstanding that it is submitted with a reply brief. As can be seen, the thrust of the proposed answer is that the claim which Plaintiffs' make is not supported by law.

### b.  The Motion is Timely



It is unnecessary to refute in detail all of Plaintiffs' contentions with respect to the timeliness of the motion. It suffices to say that answers are only now being filed and only now have the Motions to Dismiss been decided.

> The timeliness of a motion to intervene is "'determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of it sound discretion.'" In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982) (citing NAACP v. New York, 413 U.S. 345, 366, 37 L. Ed. 2d 648, 93 S. Ct. 2591 (1973)). To determine whether the intervention motion is timely, we have listed three factors for courts to consider: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay. In re Fine Paper Antitrust Litigation, 695 F.2d at 500.

> Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995).

"The mere passage of time does not render an application untimely." Id.

As to the first factor, the question turns on to what extent proceedings of substance on the merits have occurred. Id. Here those proceedings have not yet started. Answers are just not being filed. As to the first factor, no delay would be caused by permitting intervention. As to the third, it is submitted that where the pleading stage of the proceedings is still ongoing, there is no "delay" to explain.

The motion to intervene is, therefore, timely. Other than the addition of parties, there is no delay proposed by the addition of this intervenor.



### c. *The RDO has Interests that would be Impacted by the Disposition of the Case if Plaintiff were Successful.*

Under existing law, the RDO (1) endorses candidates and permits them to use the designation "Regular Democratic Organization of Union County" as their designation or slogan in primary elections, pursuant to <u>N.J.S.A.</u> 19:23-17, and (2) "brackets" them together on the ballot pursuant to <u>N.J.S.A.</u> 19:49-2. That statute provides that "… all candidates who shall file a join petition with the county clerk of their respective county and who shall choose the same designation or slogan shall be drawn for position on the ballot as a unit and shall have their names placed on the same line of the voting machine...." The statute further provides that "… all candidates for municipal or party office ... who shall file a petition with the clerk of their municipality bearing the same designation or slogan as that of the candidates filing a joint petition with the county clerk as aforesaid, may request that his or her name be placed on the same line of the voting machine with the candidates who have filed a joint petition with the county clerk as aforesaid...." Accordingly, under present law, RDO-endorsed candidates in primaries for elective office and party office are bracketed together so that voters know that certain candidates are RDO-endorsed <u>and</u> have associated themselves, not only with the RDO, <u>but with each other</u>. This association with each other is a critical part of the endorsement process



as it permits an RDO endorsed "team." It is, accordingly, respectfully submitted that the RDO has a sufficient interest in the subject matter of this action that may be affected or impaired by the disposition of this case that it should be permitted to intervene.

### d. *The Interests of the RDO are Different from Those of the Existing Parties*

For whatever reason, Plaintiffs in this case named only county clerks as defendants. The function of county clerks in elections is simply to implement whatever the law is. As county clerks, they have no interest in bracketing or in endorsement by designations or slogans. While they may object to Plaintiffs' Complaint on the basis that the current laws are not unconstitutional, they have no inherent interest in such laws as they exist. By way of contrast, the RDO claims a First Amendment right to speak and associate with candidates sharing its principles and ideals. The county clerks have and assert no such First Amendment interests in the subject matter of this litigation. Clearly, the interests of the RDO are not adequately represented by the existing parties. Similarly, while the Attorney General's Office may be interested in defending existing New Jersey law, it does not have the same interests as the RDO. It does not endorse candidates or seek to associate with them or seek to have endorsed candidates associate with each other.



Clearly, the interests of the RDO are not adequately represented by the Office of the Attorney General of the State of New Jersey. It is respectfully submitted that these arguments pertain both to intervention as of right and to permissive intervention.

   e. ***The Court Should Not Appoint a Lead Counsel to Act on Behalf of the RDO and other Proposed Intervenors***

Plaintiffs propose that a "lead counsel" be appointed to speak on behalf of all proposed intervenors. The RDO opposes that proposal. First, there is no reason why the RDO and other proposed intervenors should be "lumped together," simply because Plaintiffs seek to limit opposition. Moreover, the interests of the RDO are different from those of the other proposed intervenors. The other intervenors are County Political Party Committees established pursuant to statute. The RDO is not. It is a not-for-profit corporation whose main function is to endorse candidates in primary elections.

County Political Party Committees are creatures of Title 19 of the New Jersey Statutes. N.J.S.A. 19:5-3. The RDO was created pursuant to Title 15A of the New Jersey Statutes. N.J.S.A. 15A:2-1, et seq. The interests of the RDO, and the basis of its formation and functioning, are different from that of a County Political Party Committee. The RDO's interests would not necessarily be the same as the other



proposed intervenors, who are constrained by applicable statutes that do not affect the RDO. It is, therefore, requested that this suggestion be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the motion of the Regular Democratic Organization of Union County, Inc., to intervene in the within action, be granted.

Respectfully submitted,
**RENAUD DEAPPOLONIO LLC**

/s/ *Robert F. Renaud*
Robert F. Renaud

RFR/nr