**BROWN & CONNERY, LLP**
William M. Tambussi, Esquire
Alyssa I. Lott, Esquire
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Intervenor, Camden County Democrat Committee*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINE CONFORTI, et al.,<br><br>       Plaintiffs,<br><br>   vs.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al.,<br><br>       Defendants. | Case No.: 3:20-cv-08267-ZNQ-TJB |

**REPLY BRIEF ON BEHALF OF INTERVENOR, CAMDEN COUNTY DEMOCRAT COMMITTEE, IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24.**

**BROWN & CONNERY, LLP**
William M. Tambussi, Esquire
Alyssa I. Lott, Esquire
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Intervenor, Camden County Democrat Committee*

7I05324

## INTRODUCTION

This case concerns significant issues regarding the constitutionality of New Jersey's primary election system and bracketing structure—namely, the organization, configuration, and placement of ballots utilized in New Jersey's primary elections.  Camden County Democrat Committee ("CCDC") is the statutory Democratic Party Organization for Camden County, and promotes and endorses Democrat candidates nominated in New Jersey primary elections. Consistent with state law and well-established constitutional precedent, CCDC has an interest in associating with, and endorsing, Democratic candidates for office, and advancing its shared ideologies and preferences with Democratic voters in New Jersey's primary elections.  Plaintiffs do not dispute these facts.

Nonetheless, Plaintiffs argue that intervention by CCDC is inappropriate in this matter.  In support of this contention, Plaintiffs assert that CCDC's motion is untimely, CCDC fails to identify a sufficient interest which may be affected or impaired by disposition of this case, and that CCDC fails to explain why its interests are not already adequately represented by existing parties.  "[T]he CCDC . . . [has] a legally protectable interest in endorsing candidates prior to a primary election," (See ECF No. 141, at 11), Plaintiffs concede.   Yet, Plaintiffs' arguments are predicated upon the incorrect premise that such interests identified by Plaintiffs are not at stake in this litigation and will not be impaired by a decision in favor of Plaintiffs.

As an initial matter—and as acknowledged by Plaintiffs—CCDC has an identifiable, significantly protectable legal interest in its freedom to associate with and endorse Democratic candidates, as afforded by the First Amendment.  The inherent risk to CCDC's right became readily apparent following this Court's decision granting in part and denying in part Defendants' Motions to Dismiss Plaintiffs' Amended Complaint.  Thus, any disposition by this Court, without

1

consideration of CCDC's interest would impair CCDC's ability to exercise these freedoms under the First Amendment, which are not yet represented by any existing party to this action. Because the relief sought by Plaintiffs implicates CCDC's well-established constitutional rights, CCDC respectfully submits that its Motion to Intervene should be granted.

## LEGAL ARGUMENT

Plaintiffs argue that intervention by CCDC is inappropriate for the following reasons: (1) CCDC failed to submit a pleading with its motion to intervene and, on that basis alone, the motion should be denied; (2) CCDC's motion to intervene is untimely; (3) CCDC fails to identify a sufficient interest which may be affected or impaired by disposition of this case; and (4) CCDC fails to explain why their interests are not already adequately represented by existing parties. Each of Plaintiffs' arguments lack merit.

### 1. CCDC's Motion Should Not Be Denied On A Mere Technicality But Rather Adjudicated On The Merits.

Plaintiffs suggest that CCDC's motion to intervene must be denied for failure to meet the requirements for intervention under Rule 24(c). (See ECF No. 141, at 6). Specifically, Plaintiffs argue that CCDC's motion must be denied because no pleading "set[ting] out the claim or defense for which intervention is sought, as required by Fed.R.Civ.P. 24(c)" accompanied CCDC's motion to intervene. (Id.) However, CCDC's motion to intervene substantively sets forth both alternative bases for intervention in this matter warranting review by this Court. Thus, any technical deficiency resulting from CCDC's attempt to substantively pursue both avenues of intervention pursuant to Rule 24 does not justify dismissal of its motion by this Court. Further, such dismissal would run contrary to the thrust of the Federal Rules of Civil Procedure favoring adjudication of claims on the merits rather than dismissals of an action based on a technicality. See Soliz v. Client Servs., Inc., 2011 WL 4343730, at *2 (D.N.J. Sept. 14, 2011) ("In general, the Federal Rules of

Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities."); Fed.R.Civ.P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); <u>Torres v. Oakland Scavenger Co.</u>, 487 U.S. 312, 316 (1988) ("[T]he requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits.").  In any event, CCDC's responsive pleading is attached hereto as Exhibit A.

## 2.  CCDC's Motion to Intervene Is Timely.

Plaintiffs contend that CCDC should have sought to intervene at the inception of this litigation.  In Plaintiff's view, CCDC's rights were at stake when Plaintiff filed the Initial Complaint and thereafter filed the Amended Complaint.  (<u>See</u> ECF No. 141, at 9).  Further, Plaintiffs claim—without any factual or legal support—that CCDC learned of the litigation through the extensive media coverage of the filings.  (<u>See</u> <u>id.</u>).  Thus, according to Plaintiffs, CCDC's interests were in jeopardy at the time of the filing of the Initial and Amended Complaints. (<u>Id.</u>).  However, Plaintiffs' claims are unavailing.

As acknowledged by Plaintiffs, "[t]he timeliness of a motion to intervene is determined from all of the circumstances."  <u>Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 369 (3d Cir. 1995).  And, in determining whether a motion to intervene is timely, courts consider (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.  <u>Id.</u>

Plaintiffs argue that the Initial Complaint was filed in July 2020—two years prior to the filing of the instant motion to intervene—and the Amended Complaint was filed in January 2021, eighteen months prior to the instant motion to intervene.  (<u>See</u> ECF No. 141, at 8).  But, as noted in CCDC's moving brief, "the mere passage of time, however, does not render an application

untimely."  Mountain Top, 72 F.3d at 369.  Rather, "the critical inquiry is: what proceedings of substance on the merits have occurred?"  Id.  Here, this Court has only recently determined, as Plaintiffs admit, the *procedural*, threshold issues concerning whether Plaintiffs have standing to bring their claims as well as issues regarding mootness and ripeness.  Additionally, this Court has addressed, among other things, whether Plaintiffs' Complaint should be dismissed for failure to state a claim or for failure to join certain parties.  No other substantive proceedings on the merits have occurred.  CCDC filed its motion to intervene shortly after this Court's Order granting in part and denying in part Defendants' Motions to Dismiss.  Accordingly, it cannot reasonably be stated that intervention, at this juncture, is untimely or would prejudice the existing parties.

Plaintiffs' contention that CCDC provides no support for defining the timeliness of the instant motion to intervene by reference to when this Court decided the Defendants' Motions to Dismiss is hollow.  It is well-established that "to the extent that the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights."  Id. at 370.  As set forth in CCDC's moving brief, CCDC's rights were not at risk until after this Court granted in part and denied in part Defendants' Motion to Dismiss, which concluded, among other things, that Plaintiffs had Article III standing to bring their claims, and that they pled a legal basis entitling them to relief.  It was only at that time, and in light of this Court's ruling, that the risk to CCDC's First Amendment rights to associate with and endorse candidates became readily apparent, as Plaintiffs were permitted to pursue a constitutional challenge to New Jersey's election system and bracketing structure and, if successful, would implicate the associational and free speech rights of CCDC afforded by the First Amendment.

Indeed, had CCDC moved to intervene prior to this Court's Order, arguably, its claims

would not have been ripe.  A finding that Plaintiffs lacked standing to bring their claims and further failed to state a claim upon which relief can be granted would have obviated any claims that CCDC had regarding its associational and free speech rights under the First Amendment, and intervention at the outset of this litigation may have hindered judicial economy and efficiency.  Thus, it cannot be argued that CCDC's rights were at risk at the time that Plaintiffs filed the Initial Complaint simply because Plaintiffs alleged claims challenging the constitutionality of New Jersey's election system and bracketing structure.  The relevant inquiry is at what time CCDC knew, or should have known, its rights were at risk – which was at the time this Court decided Defendants' Motions to Dismiss.  Notably, Plaintiffs acknowledge that these concepts are not inextricably intertwined.  (See ECF No. 141, at 10) ("In the abstract, the filing of the litigation is not always coterminous with when a putative intervenor knows that it would affect its rights.").  Therefore, bearing in mind that "[s]ince in situations in which intervention is of right the would-be intervenor may be seriously harmed if he is not permitted to intervene, courts should be reluctant to dismiss a request for intervention as untimely, even though they might deny the request if the intervention were merely permissive," 7C Wright, Miller & Kane, Federal Practice & Procedure § 1916 at 424 (1986); see also Mountain Top, 72 F.3d at 369, Plaintiffs' arguments lack merit.

Moreover, Plaintiffs fail to identify what prejudice, if any, would result if CCDC were permitted to intervene in this matter.  As stated, this Court recently granted in part and denied in part Defendants' Motions to Dismiss Plaintiffs' Amended Complaint.  The existing Defendants and Intervenor have filed Answers to Plaintiffs' Amended Complaint.  No other substantive proceedings have yet occurred and intervention of CCDC, at this time, would not unnecessarily delay this litigation.

Plaintiffs assert that they will be prejudiced because "the parties have engaged in lengthy

5

and comprehensive briefings in connection with seven separate dispositive motions to dismiss." (<u>See</u> ECF No. 141, at 8.)  However, Plaintiffs have failed to identify any other prejudice aside for the alleged prejudice that may result from the intervention of CCDC itself.  (<u>See</u> ECF No. 141, at 19) ("Plaintiffs will be forced to respond to multiple additional sets of briefings from parties that are similarly situated and asserting the same interests"); (<u>Id.</u> at 21) ("The intervention of multiple additional parties now and in an open-ended fashion in the future will subject the Plaintiffs, as well as the Court, to burdensome and unnecessary additional briefings and other use of resources in a matter that is inefficient and costly.") (<u>Id.</u> at 21-22) ("Forcing Plaintiffs, let alone the Court, to engage in that endeavor again, after Plaintiffs filed a 108-page omnibus opposition brief, and after the Court decided seven separate motions to dismiss substantively in favor of Plaintiffs would place an extraordinary and unnecessary burden on Plaintiffs."); (<u>Id.</u> at 22) ("[Plaintiffs] are not special interests supported by endless resources.").  Plaintiffs' assertion that they may be prejudiced as a result of CCDC's intervention, without more, is insufficient to warrant dismissal of CCDC's motion to intervene.  <u>See</u> <u>Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.</u>, 223 F.R.D. 326, 328 n.3 (D.N.J. 2004) ("If the delay caused by the intervention itself were sufficient 'prejudice' to deny a Rule 24(a) motion, intervention would almost never be permitted.").

### 3.  CCDC's Interests Are Directly Implicated By the Disposition of this Matter.

Plaintiffs do not dispute that CCDC has a sufficient interest which may be affected or impaired by the disposition of this matter.  (<u>See</u> ECF No. 141, at 11) ("Generally speaking, the CCDC and the MCDO have a legally protectable interest in endorsing candidates prior to a primary election.  The law gives these groups the freedom to advocate who primary voters should select as a standard bearer that represents their ideology, as set forth in *Eu*, and to identify who primary voters ought to select to advance the core beliefs shared by its members.").  Instead, Plaintiffs argue that such interests are "simply not at stake in this litigation" nor will they be affected by a

decision in favor of Plaintiffs.  (<u>See</u> <u>id.</u>).  Plaintiffs' argument misses the mark.

As set forth in CCDC's moving brief, CCDC has a sufficient, significantly protectable interest in this litigation, which is derived from the First Amendment and the freedom to associate with and endorse Democratic candidates for office.  Accordingly, any such determination by this Court as to whether New Jersey's election system, bracketing structure, or ballot placement is unconstitutional, without consideration of CCDC's interests in freedom of speech and freedom of association, may directly affect or impair CCDC's First Amendment rights and its freedom to associate and endorse political candidates for office.

Further, Plaintiffs' suggestion that this case "has nothing to do with the ability to endorse a candidate," (<u>See</u> ECF No. 141, at 12), is misplaced and misapprehends the well-established precedent set forth in <u>Eu</u>.  In <u>Eu</u>, the Supreme Court specifically found that

> [b]arring political parties from endorsing and opposing candidates not only burdens their freedom of speech but also infringes upon their freedom of association.  It is well settled that partisan political organizations enjoy freedom of association protected by the First and Fourteenth Amendments . . . Freedom of association means not only that an individual voter has a right to associate with the political party of her choice . . . , but also that a political party has a right to "identify the people who constitute the association, . . . and to select a standard bearer who best represents the party's ideologies and preferences."

<u>Eu v. S.F. Cty. Democratic Cent. Comm.</u>, 489 U.S. 214, 224 (1989) (internal citations omitted).

Here, CCDC's interest is grounded in the constitutional rights afforded by the First Amendment, as recognized in <u>Eu</u>.  By Plaintiffs' own admissions, Plaintiffs are challenging "the constitutionality of various laws and practices pertaining to ballot position and placement on New Jersey's primary election ballots."  (<u>See</u> ECF No. 141, at 3).  Thus, Plaintiffs' challenge directly implicates CCDC's right to associate with and endorse Democratic candidates in primary elections.  As such, a finding that the election system, bracketing structure, and ballot placement

is unconstitutional would necessarily impact and impair a political organization, such as CCDC's, right to associate with and endorse, political candidates, and advance its ideologies and preferences, abrogating Eu.

### 4.   CCDC's Interests Are Not Adequately Represented by Existing Parties.

Plaintiffs assert that CCDC's interests are adequately represented by the existing parties in this litigation because (1) all of the existing Defendants and the Attorney General already asserted the same exact interests in describing the rights at stake and the governing interests in support of the law in connection with Defendants' and the State's motions to dismiss; (2) all of the existing Defendants and the Attorney General already cited to exactly the same cases relied on by the CCDC, and for the same propositions, in connection with Defendants' and the State's Motions to Dismiss; and (3) that CCDC fails to identify a single interest that has not already been addressed by other parties in this case.  Plaintiffs' arguments are simply wrong.

As cited in CCDC's moving brief, "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Mountain Top, 72 F.3d at 323 (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)).  And here, CCDC satisfies that "minimal" burden. The fact that CCDC and the existing parties rely upon similar case law in their briefing is neither persuasive nor dispositive.  The Defendants in this case are County Clerks who have an interest in how the application of New Jersey's election laws impacts their administration and facilitating of elections.  The Attorney General has an interest in upholding the constitutionality of the challenged election laws.   None of the currently existing parties have advanced an interest in how the implementation of New Jersey's election laws, including its bracketing structure and ballot placement, affects a political organization's ability to associate with and endorse Democratic

candidates for office, or advance their shared ideologies and preferences with Democratic voters in elections.  Thus, CCDC's interest in protecting its right to associate with and endorse political candidates in the first instance has not yet been represented by the existing parties to this action.  As such, intervention in this litigation is appropriate.

    **5.  CCDC Should Be Permitted to Intervene Permissively.**

Plaintiffs argue that CCDC should not be permitted to intervene permissively because its request is not timely and CCDC is asserting interests and arguments that are identical to those asserted by existing parties.  However, as set forth at length above, CCDC's motion to intervene is timely.  Furthermore, CCDC's interests are separate and distinct from existing parties, as CCDC's interests lie in the implementation of New Jersey's elections laws and the impact such laws have on the ability of CCDC to associate with and endorse political candidates.  Moreover, CCDC has a claim or defense that shares with the main action a common question of law or fact – namely, CCDC's ability to bracket on the ballot and associate with candidates that share similar ideologies and preferences with CCDC, which is rooted in CCDC's First Amendment freedoms of speech and association.  This question of law is common to the issues raised in this litigation, and CCDC's interest is not identical to the interest of any existing party in this case.  Thus, intervention will not be burdensome or duplicative.

Further, intervention by CCDC will not prejudice the existing parties or unduly delay this action as the Court recently granted in part and denied in part Defendants' Motions to Dismiss and the current Defendants and Intervenor have filed Answers to the Amended Complaint.  No other substantive proceedings have yet occurred.   Therefore, it is appropriate for the Court to exercise its broad discretion to permit CCDC to intervene in this matter at this time.

## CONCLUSION

For these reasons, Intervenor CCDC respectfully requests that its instant Motion to Intervene be granted.

Respectfully submitted,

**BROWN & CONNERY, LLP**
Attorneys for Intervenor, Camden County Democrat Committee

Dated:  August 30, 2022

*/s/ William M. Tambussi*

William M. Tambussi
Alyssa I. Lott

10

# EXHIBIT A

**BROWN & CONNERY, LLP**
William M. Tambussi, Esquire
Alyssa I. Lott, Esquire
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Intervenor, Camden County Democrat Committee*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al., <br><br> Defendants. | Case No.: 3:20-cv-08267-ZNQ-TJB <br><br> **ANSWER OF INTERVENOR CAMDEN COUNTY DEMOCRAT COMMITTEE** |

Intervenor Defendant, Camden County Democrat Committee ("CCDC" or "Intervening Defendant"), hereby responds to Plaintiffs, Christine Conforti, Arati Kreibich, Mico Lucide, Kevin McMillan, Joseph Marchica, Zinovia Spezakis, and New Jersey Working Families (collectively, "Plaintiffs"), First Amended Complaint as follows:

### NATURE OF THE CASE

1.  The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. Alternatively, they are denied.

2.  The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. Alternatively, they are denied.

3.   The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

4.   The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

5.   The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

6.   The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

7.   The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

8.   The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.  Alternatively, they are denied.

9.   The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

10.  The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

11.  The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

12.  The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

13. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

## JURISDICTION AND VENUE

14. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

15. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

16. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

17. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

18. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

## PARTIES

### Plaintiffs

### Christine Conforti: Congressional Candidate in 2020 Primary and Future Democratic Candidate[1]

19. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.  Alternatively, they are denied.

---

[1] All descriptive headings set forth throughout Plaintiffs' Amended Complaint are included herein for consistency with Plaintiffs' pleading and for purposes of reference only.  Recitation of such headings is not and shall not be construed as an adoption or admission by the Intervening Defendant.  The statements in the heading(s) are specifically denied.

20. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.  Alternatively, they are denied.

21. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.  Alternatively, they are denied.

22. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.  Alternatively, they are denied.

23. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.  Alternatively, they are denied.

<u>Arati Kreibich: Congressional Candidate in 2020 Primary</u>

24. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.  Alternatively, they are denied.

25. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.  Alternatively, they are denied.

26. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.  Alternatively, they are denied.

27. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.  Alternatively, they are denied.

Mico Lucide: Candidate for County Clerk in 2021 and Future Democratic Primaries

28. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.  Alternatively, they are denied.

29. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.  Alternatively, they are denied.

30. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.  Alternatively, they are denied.

31. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31. Alternatively, they are denied.

32. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32. Alternatively, they are denied.

<u>Joseph Marchica: County Committee Candidate in 2022 and 2022 Primaries</u>

33. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33. Alternatively, they are denied.

34. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34. Alternatively, they are denied.

35. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35. Alternatively, they are denied.

36. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.  Alternatively, they are denied.

Kevin McMillan: Township Committee Candidate in 2020 and Potential Future Primaries

37. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.  Alternatively, they are denied.

38. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.  Alternatively, they are denied.

39. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.  Alternatively, they are denied.

40. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.  Alternatively, they are denied.

41. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.  Alternatively, they are denied.

42. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.  Alternatively, they are denied.

43. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.  Alternatively, they are denied.

<u>Zinovia Spezakis: Congressional Candidate in 2020 and 2022 Primaries</u>

44. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.  Alternatively, they are denied.

45. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.  Alternatively, they are denied.

46. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.  Alternatively, they are denied.

47. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.  Alternatively, they are denied.

<u>New Jersey Working Families Alliance, Inc.</u>

48. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.  Alternatively, they are denied.

49. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.  Alternatively, they are denied.

50. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.  Alternatively, they are denied.

51. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.  Alternatively, they are denied.

52. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.  Alternatively, they are denied.

53. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53. Alternatively, they are denied.

54. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54. Alternatively, they are denied.

55. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55. Alternatively, they are denied.

56. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56. Alternatively, they are denied.

**Defendants**

57. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

58. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

59. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

60. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

61. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

62. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

63. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

64. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

65. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required. Alternatively, they are denied.

## STATEMENT OF FACTS AND LAW

**A. <u>Basic Ballot Layout</u>**

66. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. Alternatively, they are denied.

67. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. Alternatively, they are denied.

68. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. Alternatively, they are denied.

**B. <u>Pivot Point</u>**

69. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. Alternatively, they are denied.

70. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

71. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

72. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**C.  <u>Bracketing</u>**

73. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

74. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

75. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

**D.  <u>Ballot Position</u>**

76. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

77. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

78. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

79. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

80. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

81. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

**E.  United States Senate and Gubernatorial Candidates**

82. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

83. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

84. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

85. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

**F.  Arbitrary Criteria for Ballot Advantage and Varying Standards of County Clerks**

86. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

87. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

88. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

89. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

G. **Position Bias/Primacy Effect and Other Poor Ballot Design Features**

90. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.  Alternatively, they are denied.

91. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.  Alternatively, they are denied.

92. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92.  Alternatively, they are denied.

93. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

94. The allegations of this paragraph are not directed at Intervening Defendant and contain conclusions of law to which no response is required.  Alternatively, they are denied.

95. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

96. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  To the extent a response is required, Intervening Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.  Alternatively, they are denied.

97. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

98. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

99. The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

100.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**H.  Conforti Ballot Draw/Ballot Placement**

101.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

102.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**a.  Conforti's Monmouth County Ballot Draw and Ballot Placement**

103.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

104.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

105.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

106.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

107.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

108.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

### b.   Conforti's Ocean County Ballot Draw and Ballot Placement

109.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

110.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

111.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

112.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

113.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

### c.   Conforti's Mercer County Ballot Draw and Ballot Placement

114.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

115.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

116.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

117.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**I.   Kreibich Ballow Draw/Ballot Placement**

118.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

119.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

120.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

121.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

122.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

123.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

124.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

125.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required. Alternatively, they are denied.

**J.   Atlantic County Ballot Draw/Ballot Placement and Lucide's Upcoming Primary**

126.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

127.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

128.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

129.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

130.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

131.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**K.  Marchica Ballot Draw/Ballot Placement**

132.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

133.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

134.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

135.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

136.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

137.      The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

138.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

139.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

140.    the allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

141.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**L.  McMillian Ballot Draw/Ballot Position**

142.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

143.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

144.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

145.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

146.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

147.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

148.    The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

149.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

150.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

151.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**M. Bergen and Hudson County Ballot Draws/Ballot Placement and Spezakis' Upcoming Primary**

152.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

153.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**a.   Bergen County Ballot Draw/Ballot Placement**

154.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

155.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

156.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

157.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

158.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

159.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

160.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**b.  Hudson County Ballot Draw/Ballot Placement**

161.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

162.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

163.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

164.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

165.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

166.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

**N.  NJWF**

167.     The allegations of this paragraph are not directed at Intervening Defendant and, therefore, no response is required.  Alternatively, they are denied.

## CLAIMS FOR RELIEF

### COUNT I

### U.S. Const. Amend. I and XVI, 42 U.S.C. § 1983

### Violation of Plaintiffs' First and Fourteenth Amendment Rights Under Federal Constitution (Right to Vote/Vote Dilution)

168.     Intervening Defendant incorporates by reference the preceding paragraphs as if set forth fully herein.

169.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

170.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

171.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

172.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

173.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

174.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

175.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

176.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

177.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

178.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

179.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

180.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

181.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

182.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

**WHEREFORE**, Intervening Defendant Camden County Democrat Committee hereby demands judgment dismissing Plaintiffs' Amended Complaint in its entirety and further awarding costs, attorneys' fees, and such other relief as deemed appropriate by the Court.

## COUNT II

### U.S. Const. Amend. I and XVI, 42 U.S.C. § 1983

### Violation of Plaintiffs' First and Fourteenth Amendment Rights Under Federal Constitution (Equal Protection)

183.     Intervening Defendant incorporates by reference the preceding paragraphs as if set forth fully herein.

184.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

185.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

186.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

187.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

188.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

189.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

190.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

191.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

192.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

193.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

194.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

**WHEREFORE**, Intervening Defendant Camden County Democrat Committee hereby demands judgment dismissing Plaintiffs' Amended Complaint in its entirety and further awarding costs, attorneys' fees, and such other relief as deemed appropriate by the Court.

7I05153

**COUNT III**

**U.S. Const. Amend. I and XVI, 42 U.S.C. § 1983**

**Violation of Plaintiffs' First and Fourteenth Amendment Rights Under Federal Constitution (Freedom of Association)**

195.     Intervening Defendant incorporates by reference the preceding paragraphs as if set forth fully herein.

196.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

197.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

198.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

199.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

200.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

201.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

202.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

203.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

204.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

205.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

206.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

207.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

208.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

**WHEREFORE**, Intervening Defendant Camden County Democrat Committee hereby demands judgment dismissing Plaintiffs' Amended Complaint in its entirety and further awarding costs, attorneys' fees, and such other relief as deemed appropriate by the Court.

## COUNT IV

### U.S. Const. Art. I, § 4, cl. 1, 42 U.S.C § 1983

### Violation of Elections Clause Under Federal Constitution

209.     Intervening Defendant incorporates by reference the preceding paragraphs as if set forth fully herein.

210.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

211.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

212.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

213.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

214.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

215.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

216.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

217.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

218.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

219.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

220.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

221.    The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

**WHEREFORE**, Intervening Defendant Camden County Democrat Committee hereby demands judgment dismissing Plaintiffs' Amended Complaint in its entirety and further awarding costs, attorneys' fees, and such other relief as deemed appropriate by the Court.

## COUNT V

## 42 U.S.C. § 1983

## Violation of Civil Rights Act

222.     Intervening Defendant incorporates by reference the preceding paragraphs as if set forth fully herein.

223.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

224.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

225.     The allegations of this paragraph contain conclusions of law to which no response is required.  Alternatively, they are denied.

**WHEREFORE**, Intervening Defendant Camden County Democrat Committee hereby demands judgment dismissing Plaintiffs' Amended Complaint in its entirety and further awarding costs, attorneys' fees, and such other relief as deemed appropriate by the Court.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     Plaintiffs fail to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred by the doctrines of laches, estoppel, fraud, unclean hands, and/or waiver.

3.     Plaintiffs' claims are barred by the statute(s) of limitations and/or failure to exhaust administrative remedies.

4.     Plaintiffs have not been deprived of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress.

5.      This Court lacks subject matter jurisdiction over some or all of the claims alleged herein.

6.      Plaintiffs' claims are barred by the entire controversy doctrine.

7.      Plaintiffs' claims fail because Plaintiff cannot demonstrate that Intervening Defendant had the requisite intent for the claims they allege.

8.      Plaintiffs suffered no damages and/or any damages suffered by Plaintiffs were a result of either Plaintiffs' own actions or the actions of third parties over whom Intervening Defendant has no control.

9.      Plaintiffs have failed to mitigate her damages, if any.

10.     Subject to proof through discovery, Plaintiffs' alleged damage claims are barred in whole or in part by the after-acquired evidence doctrine.

11.     Plaintiffs have unreasonably failed to mitigate their alleged damages.

12.     The damages requested by Plaintiffs are not recoverable, in whole or in part, as a matter of law.

13.     Plaintiffs fail to state a claim for punitive damages.

14.     Plaintiffs are not entitled to equitable relief as a matter of law.

15.     Plaintiffs are not entitled to attorneys' fees or costs.

16.     At all relevant times, Intervening Defendant acted in compliance with all applicable laws, rules, regulations, and standards.

17.     Intervening Defendants at all times acted within the scope of their statutory powers and discretion.

18.     Intervening Defendant reserves the right to supplement these Affirmative Defenses upon the completion of discovery.

19.     Plaintiffs have failed to join indispensable, necessary, and proper parties.

**BROWN & CONNERY, LLP**
Attorneys for Intervenor, Camden County
Democrat Committee

Dated: August 30, 2022                    BY:     *s/ William M. Tambussi*
                                                  William M. Tambussi, Esquire
                                                  Alyssa I. Lott, Esquire

## RESERVATION OF DEFENSES AND OBJECTIONS

Intervening Defendant hereby reserves the right to interpose such other defenses and objections as continuing investigation may disclose.

**BROWN & CONNERY, LLP**
Attorneys for Intervenor, Camden County
Democrat Committee

Dated: August 30, 2022                    BY:     *s/ William M. Tambussi*
                                                  William M. Tambussi, Esquire
                                                  Alyssa I. Lott, Esquire

## JURY TRIAL DEMAND

A jury trial is demanded as to all issues raised.

**BROWN & CONNERY, LLP**
Attorneys for Intervenor, Camden County
Democrat Committee

Dated: August 30, 2022                    BY:     *s/ William M. Tambussi*
                                                  William M. Tambussi, Esquire
                                                  Alyssa I. Lott, Esquire

7I05153

## <u>DESIGNATION OF TRIAL COUNSEL</u>

William M. Tambussi, Esquire and Alyssa I. Lott, Esquire are designated as trial counsel for Intervening Defendant in this action.

**BROWN & CONNERY, LLP**
Attorneys for Intervenor, Camden County
Democrat Committee

Dated: August 30, 2022      BY:     *s/ William M. Tambussi*
                                         William M. Tambussi, Esquire
                                         Alyssa I. Lott, Esquire

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**BROWN & CONNERY, LLP**
Attorneys for Intervenor, Camden County
Democrat Committee

Dated: August 30, 2022      BY:     *s/ William M. Tambussi*
                                         William M. Tambussi, Esquire
                                         Alyssa I. Lott, Esquire

7105153