**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
*Attorneys for Intervenor, Office of the Burlington County Clerk*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al., <br><br> Defendants. | Case No.: 3:20-cv-08267-ZNQ-TJB |

**REPLY BRIEF ON BEHALF OF INTERVENOR, OFFICE OF THE BURLINGTON COUNY CLERK, IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24.**

**MALAMUT AND ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
(856) 424-1808
*Attorneys for Intervenor, Office of the Burlington County Clerk*

## Preliminary Statement

By opposing the Motion to Intervene for the Office of the Burlington County Clerk ("Burlington County"), the Plaintiffs take the extraordinary position that a party they have personally identified as a party at interest in the litigation should not be permitted to intervene despite the fact this matter has only recently passed the initial pleading stage, and no discovery has taken place. Plaintiffs' position is wholly unsupported by the relevant caselaw on point, as evidenced by the fact they do not rely on any in opposing Burlington County's Motion, instead relying on generic complaints about the timing of the motion and the number of interested parties their statewide constitutional challenge has created. Because the litigation is in its infancy, the Plaintiffs will not be prejudiced, and it cannot be guaranteed Burlington County's interest will be protected, it is respectfully requested that the pending motion to intervene is granted.

## Burlington County's Proposed Answer

Plaintiffs argue that Burlington County's motion should be denied because it did not include a proposed answer. Without addressing whether a proposed answer is necessary at this time and to resolve any potential dispute over this issue, Burlington County's proposed answer is included as an exhibit to this reply. See **Exhibit A**, proposed Answer of The Office of the Burlington County Clerk. Burlington County respectfully requests the Court consider this proposed pleading as part of its application for intervention.

## Burlington County's Motion is Timely

The Plaintiffs fail to apply the actual factors used by the Third Circuit for a timeliness inquiry. As cited in other portions of Plaintiffs' brief, the Third Circuit bases the analysis of whether an intervention motion is timely on the totality of the circumstances. See Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995). Those

factors include the current stage of the litigation, whether the parties will be prejudiced by any delay, and the reason for any delay. Id.  These factors outweigh the simple length of time, as evidenced by the Court's decision in Mountain Top, where intervention was permitted nearly two years after filing of the complaint. Id.  Instead, the critical inquiry is what "proceedings of substance on the merits have occurred." Id.

Here, the factors the Plaintiffs ignore weigh heavily in favor of granting Burlington County's motion. Despite the passage of time between commencement of the suit and now, it is beyond dispute that this litigation is still in its infancy, with initial pleadings only recently completed and before any discovery has taken place.  Time alone does not make the case too far along to allow intervention, and instead the Court should focus on what has occurred. From that perspective, this case is still in its earliest stages.

As such, the Plaintiffs cannot argue that the delay caused any prejudice. Intervention now will not cause any issues with the timeline of this case. Discovery will not have to be re-opened, and nothing will have to be re-done. Burlington County can intervene, file their answer, and the case can proceed without any material change to the Plaintiffs. The only difference will be Burlington County will have the ability to represent its interest – an interest Plaintiff admitted to in their very own Complaint.

Lastly, Burlington County has explained the reason for the delay. There is a stark difference between the need to protect one's interest during actual litigation and waiting to see if a motion to dismiss is granted.  That line of demarcation – waiting until the case is actually viable and permitted to continue – is s natural inflection point for Burlington County to choose to intervene and protect its rights. This logical decision provides a reasonable explanation for the delay. As such, Defendant's Motion should be considered timely.

### There Is No Guarantee That Burlington County's Interest Will be Protected Without Its Intervention

The Plaintiffs position that Burlington County's interest will be adequately protected is both inconsistent with their prior position in this lawsuit, and unsupported by facts or law.

As the Court is aware, two other county clerks moved for intervention in this case. Neither were opposed by the Plaintiffs. While the Plaintiffs may be able to argue the timeliness element is different now than when those parties intervened, those parties intervened after there were already multiple county clerks as Defendants in this action. At no point did Plaintiff state those clerks already had adequate representation. Now, they make this argument for the first time. Even if this does not constitute a legal waiver, it showcases the lack of logic in this position. What was the magic number of county clerks that suddenly caused the interests to be protected? There is none. Every county clerk in the state is named by the Plaintiff as an interested party, and each has a unique interest that warrants protection.

The Plaintiffs barely touch on the legal standard for this element, likely because of how easy it is for intervenors to satisfy. The Supreme Court has held that this element is "satisfied if the applicant shows that the representation of his interest 'may be' inadequate, and the burden of making that showing should be treated as minimal." See Trbovich v. United Mine Workers, 404 U.S. 528, 538 (1972).

Here, there is no guarantee that Burlington County's interest will be protected. This is not a simple case determining property rights or whether one party or another has a right to funds, where it can be guaranteed that an intervenor's position in a binary choice will be represented. This is a complex constitutional challenge that presents several different options of legal positions . By just one example - the Defendants in this case could choose to settle the matter,

binding Burlington County in the process. This clears the minimal hurdle set by the Supreme Court that the representation of Burlington County's interest "may be" inadequate. Id.

### Conclusion

For the reasons stated above, the reasons in Burlington County's Motion, and the reasons stated at oral argument, Burlington County respectfully requests the Court grant its motion to intervene.

Respectfully submitted,

**MALAMUT & ASSOCIATES, LLC**
*Attorneys for Intervenor,*
*Office of the Burlington County Clerk*

/s/ Mark R. Natale
Mark R. Natale, Esquire

Date: August 30, 2022