**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSEPH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIES ALLIANCE, INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk,<br>          Defendants. | CIVIL ACTION<br>NO.  3:20-cv-08267-ZNQ-TJB |

---

**MIDDLESEX COUNTY DEMOCRATIC ORGANIZATION**
**REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE**

---

McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
(973) 622-1800
Wnorthgrave@msbnj.com
Kmenscher@msbnj.com
*Attorneys for Middlesex County*
*Democratic Organization*

On the Brief
William W. Northgrave (039201990)
Keith M. Menscher (380192022)

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................ ii

PRELIMINARY STATEMENT........................................ 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ................... 1

LEGAL ARGUMENT.............................................. 3

    I. THE MCDO HAS SATISFIED ITS BURDEN TO INTERVENE
AS OF RIGHT PURSUANT TO FED. R. CIV. P. 24.............. 3

        A.  The MCDO Satisfied the Pleading Requirement of
            Fed. R. Civ. P. 24(c) ............................ 3

        B.  The MCDO Satisfied the Pleading Requirement of
            Fed. R. Civ. P. 24(a)............................ 4

            1. The MCDO's Motion is Timely.................... 4

            2. The MCDO Has Set Forth a Sufficient Interest
               Which Will be Affected or Impaired by the
               Disposition................................... 7

            3. The Interests of MCDO are not Adequately
               Represented by an Existing Party in this
               Litigation.................................... 8

        C.  Alternatively, MCDO Should be Granted Permissive
            Intervention..................................... 9

    II. MCDO AND ALL OTHER PARTIES SHOULD BE ALLOWED TO
PROSECUTE ITS CLAIMS AS EACH SEES FIT.................... 11

CONCLUSION................................................. 12

## TABLE OF AUTHORITIES

**CASES**                                                                **PAGE**

*Cameron v. President & Fellows of Harvard College*,
157 *F.2d* 993 (1st Cir. 1946).................................... 4

*Chemical Bank N. Y. Trust Co. v. Steamship Westhampton*,
268 F.Supp. 169 (D.Md. 1967).................................... 5

*Cmty. Vocational Sch. of Pittsburgh, Inc. v.
Mildon Bus Lines, Inc.*, No. CV 09-1572, 2017 WL 1376298
(W.D. Pa. Apr. 17, 2017)........................... 5, 6, 10, 14

*Commonwealth of Pennsylvania v. Rizzo*,
530 *F.2d* 501 (3d Cir.)....................................... 4, 8

*Conservation L. Found. of New England, Inc. v. Mosbacher*,
966 *F.2d* 39 (1st Cir. 1992).................................... 9

*Donovan v. United Steelworkers of Am., AFL-CIO*,
721 *F.2d* 126 (3d Cir. 1983)............................. 4, 5, 6

*Harris v. Pernsley*, 820 *F.2d* 592 (3d Cir. 1987).......... 4, 7, 8

*Hoots v. Com. of Pa.*, 672 *F.2d* 1133 (3d Cir. 1982)........... 10

*In re Fine Paper Antitrust Litigation*,
695 *F.2d* 494 (3d Cir. 1982)............................. 5, 6, 10

*In re Pantopaque Prod. Liab. Litig.*,
938 *F. Supp.* 266 (D.N.J. 1996).................................. 3

*Kleissler v. U.S. Forest*, 157 *F.3d* 964 (3d Cir. 1998).......... 9

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
419 *F.3d* 216 (3rd Cir. 2005).................................... 4

*McDonald v. E. J. Lavino Co.*, 430 *F.2d* 1065 (5th Cir. 1970).... 4

*Minersville Coal Co. v. Anthracite Exp. Ass'n*,
58 *F.R.D.* 612 (M.D. Pa. 1973)................................... 4

*Mountain Top Condo. Ass'n v. Dave Stabbert Master
Builder, Inc.*, 72 F.3d 361 (3d Cir. 1995)........... 4, 5, 6, 10

**TABLE OF AUTHORITIES**
(continued)

**CASES**                                                          **PAGE**

*N.L.R.B. v. Frazier*, 144 *F.R.D.* 656 (D.N.J. 1992)............. 10

*NAACP v. New York*, 413 *U.S.* 345 (1973)......................... 5

*Nat'l Wildlife Fed'n v. Ruckelshaus*,
99 *F.R.D.* 558 (D.N.J. 1983).................................. 10

*Quaremba v. Allan*, 67 *N.J.* 1 (1975)...................... 6, 8

*Sch. Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd*,
160 *F.R.D.* 68 (E.D. Pa. 1995)................................ 7

*State of N.J. Dep't of Env't Prot. v. Gloucester Env't Mgmt.
Servs., Inc.*, 138 *F.R.D.* 421 (D.N.J. 1991)............... 11, 12

*Trbovich v. United Mine Workers*, 404 U.S. 528 (1972)........ 8, 9

*United States Postal Service v. Brennan*,
579 *F.2d* 188 (2d Cir. 1978)................................. 10

*United States v. Alcan Aluminum, Inc.*,
25 *F.3d* 1174 (3d Cir. 1994)................................. 5

*Utah Ass'n of Ctys. V. Clinton*,
255 *F.3d* 1246 (10th Cir. 2001).............................. 6

*Wallach v. Eaton Corp.*, 837 *F.3d* 356, 356 (3d Cir. 2016)....... 6

*Waudby v. Verizon Wireless Servs., LLC*,
248 *F.R.D.* 173 (D.N.J. 2008)................................ 3


**RULES**

Fed. R. Civ. P. 12........................................... 6
Fed. R. Civ. P. 16(c)....................................... 11
Fed. R. CIV. P. 24........................................... 3
Fed. R. Civ. P. 24(a)........................................ 4
Fed. R. Civ. P. 24(b)........................................ 9

iii

## TABLE OF AUTHORITIES
(continued)

**RULES**                                                                                              **PAGE**

Fed. R. Civ. P. 24(b)(3)...................................... 10
Fed. R. Civ. P. 24(c)......................................... 3


**OTHER AUTHORITIES**

James W. Moore, *3B Moore's Federal Practice § 24.13*............ 5

## PRELIMINARY STATEMENT

Plaintiffs' omnibus Motion in Opposition to the Middlesex County Democratic Organization (the "MCDO"), the Camden County Democrat Committee ("CCDC"), the Regular Democratic Organization of Union County, Inc. ("RDO-UC"), and Burlington County Clerk Motions to Intervene ignores the interest MCDO (and all proposed intervenors) have in this instant litigation.  The MCDO represents Middlesex County Democrats; what may be important or acceptable to another organization may not be in the interest of the MCDO or its Committee Members. Plaintiffs seek to deny MCDO a statutory right that generally protects voters' right to find and vote for candidates of their choosing and specifically protects a fundamental First Amendment right of MCDO and its members to be clearly identified and associated with like-minded people.  This court cannot deny MCDO or any other similarly interested party to the right to vigorously defend against that challenge.

As previously articulated, the MCDO's interest lies in their ability to bracket like-minded candidates vetted and chosen by MCDO on a single line, in the interest of and for both the MCDO and the Democratic voters of Middlesex County, consistent with shared values.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On October 1, 2020, the Office of the Bergen County Clerk (hereafter, the "OBCC") filed a motion to intervene in this

matter.  (ECF No. 7.)   The OBCC's motion to intervene was granted by this Court on October 22, 2020.  (ECF No. 22).  Similar motions to intervene were subsequently filed in March of 2021 by both the Office of the New Jersey Attorney General (hereafter, the "Attorney General") and the Office of the Gloucester County Clerk (hereafter, the "OGCC").  (ECF Nos. 52 and 61).  The Attorney General's and the OGCC's motions were both granted by this Court soon thereafter.  (ECF Nos. 54 and 62).

Defendants in this matter each filed a Motion to Dismiss. (*see* ECF Nos. 53, 55, 57, 58, 59, 60, 63). Plaintiffs filed their opposition to Defendants' Motions to Dismiss on May 24, 2021. (ECF No. 69). In further support of the Defendants' Motions to Dismiss, certain Defendants filed a reply to Plaintiffs' Opposition. (*see* ECF Nos. 87, 89, 91, 92, and 96). On May 31, 2022, this Court denied Defendants' Motions to Dismiss.  (ECF No. 112).

On July 21, 2022, July 25, 2022, August 2, 2022, and August 12, 2022, CCDC, RDO-UC, MCDO, and the Burlington County Clerk respectively filed Motions to Intervene. (ECF Nos. 126, 128, 138, and 140).  The CCDC, RDO-UC, MCDO, and Burlington County Clerk Motions to Intervene are scheduled to be heard on September 6, 2022.

In addition to the above, MCDO relies herein upon the Procedural History and Statement of Facts in the MCDO's Memorandum of Law in Support of its Motion to Intervene.

## **LEGAL ARGUMENT**

**I.   THE MCDO HAS SATISFIED ITS BURDEN TO INTERVENE AS OF RIGHT PURSUANT TO FED. R. CIV. P. 24**

**A.   The MCDO Satisfied the Pleading Requirement of Fed. R. Civ. P. 24(c)**

The MCDO has satisfied the pleading requirement of *Rule* 24(c) by setting forth its claim for which relief is sought.   Pursuant to *Rule* 24(c), a Motion to Intervene "shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."   *In re Pantopaque Prod. Liab. Litig.*, 938 *F. Supp.* 266, 273 (D.N.J. 1996) (*citing Rule* 24(c)).   Courts have held that *Rule* 24(c) is meant to "enable the court to properly frame the issues, and to inform the parties against whom some right is asserted or relief sought."   *Waudby v. Verizon Wireless Servs., LLC*, 248 *F.R.D.* 173, 175 (D.N.J. 2008) (*quoting Pantopaque*, 938 *F.Supp.* at 274).

Here, MCDO accompanied its Motion with a Memorandum of Law, setting forth the MCDO's position, argument, and its asserted rights in this matter.   Plaintiffs' argument that MCDO has not clearly set the objections it has concerning the relief sought in Plaintiffs' Amended Complaint is baseless.   Further, Plaintiffs' argument in opposition to this and other intervening motions is curious, given Plaintiffs' failure to do so when opposing the prior Motions to Intervene.   Nevertheless, as to avoid any ambiguity,

3

MCDO attaches its proposed Answer to Plaintiffs' First Amended Complaint as Exhibit A attached hereto.

**B.    The MCDO Satisfied the Pleading Requirement of Fed. R. Civ. P. 24(a)**

As set forth in its initial pleadings in support of its motion to intervene, the MCDO has satisfied the four (4) elements necessary to intervene as of right:

> (1) the application for intervention is timely;
> (2) the applicant has a sufficient interest in the litigation;
> (3) that interest may be affected or impaired, as a practical matter by the disposition of the action; and
> (4) that interest is not adequately represented by an existing party in the litigation.

*Harris v. Pernsley*, 820 *F.2d* 592, 596 (3d Cir. 1987) (*citing Commonwealth of Pennsylvania v. Rizzo,* 530 *F.2d* 501, 504 (3d Cir. 1976)); *see also*, *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 *F.3d* 361, 366 (3d Cir. 1995); *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 *F.3d* 216, 220 (3d Cir. 2005).

**1.    The MCDO's Motion is Timely**

The chronological progression of an action does not dictate timeliness. *Abbotts Dairies Div. of Fairmont Foods, Inc. v. Butz*, 421 *F. Supp.* 415, 418 (E.D. Pa. 1976); *see also*, *Donovan v. United Steelworkers of Am., AFL-CIO*, 721 *F.2d* 126, 127 (3d Cir. 1983); *Mountain Top,* 72 *F.3d* at 369.  When a motion to intervene is pled as of right, courts apply a more liberal standard of timeliness. *Minersville Coal Co. v. Anthracite Exp. Ass'n*, 58 *F.R.D.* 612, 613–14 (M.D. Pa. 1973) (*citing McDonald v. E. J. Lavino Co.*, 430 *F.2d* 1065, 1073 (5th Cir. 1970); *Cameron v. President & Fellows of*

4

*Harvard College*, 157 *F.2d* 993, 996 (1st Cir. 1946); *Chemical Bank N. Y. Trust Co. v. Steamship Westhampton*, 268 F.Supp. 169, n. 11 at 173 (D.Md. 1967).   Simply put, "timeliness is not just a function of counting days; it is determined by the totality of the circumstances."   *United States v. Alcan Aluminum, Inc.*, 25 *F.3d* 1174, 1181 (3d Cir. 1994) (*citing NAACP v. New York*, 413 *U.S.* 345 (1973); *see generally*, James W. Moore, *3B Moore's Federal Practice § 24.13* (timeliness is not merely a function of when the motion was filed relative to the filing of the action)).

Courts must consider three (3) factors in exercising discretion concerning timeliness: "(1) the stage of the proceedings when the movant seeks to intervene; (2) the possible prejudice caused to other parties by delay; and (3) the reason for delay."   *Donovan*, 721 *F.2d* at 127; *see also*, *In re Fine Paper Antitrust Litigation,* 695 *F.2d* 494, 500 (3d Cir. 1982).   The passage of time does not render an application for intervention untimely.   *Mountain Top,* 72 *F.3d* at 369.   Courts in most cases find a motion untimely when discovery has either been completed or is close to completion, and the case is ripe for trial.   *See Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, No. CV 09-1572, 2017 WL 1376298, at *5 (W.D. Pa. Apr. 17, 2017) (internal citations omitted) (discussing that despite a motion to intervene being filed seven (7) years after the action was initiated, the motion was still timely).

Further, a court must consider whether the *delay* will cause prejudice, *not* the intervention itself. *Id*. at *4 (*citing Utah Ass'n of Ctys. V. Clinton*, 255 *F.3d* 1246, 1251 (10th Cir. 2001)) (emphasis added). Courts find this prong of timeliness insignificant, and frequently choose not even to address it. *Mildon*, 2017 WL 1376298, at *5 (*citing Wallach v. Eaton Corp.*, 837 *F.3d* 356, 356 (3d Cir. 2016); *Mountain Top,* 72 *F.3d* at 361; *In re Fine Paper*, 695 *F.2d* at 494).

Here, Plaintiffs argue MCDO's Motion is untimely solely because of the passage of time, not because the *status quo* of Plaintiffs' prosecution of this case has been altered. Pl. Opp., Pg. 13. Plaintiffs further argue that the parties have engaged in comprehensive motions, but fail to take into account the scope of those motions. *See Donovan*, 721 *F.2d* at 127. To date, this matter has been the subject of *Rule* 12 motion practice, addressing the fundamental issues of whether Plaintiffs had even alleged a claim for which relief could be granted. Unlike matters where discovery was complete or close to completion, here a discovery schedule has not been contemplated as answers to the Amended Complaint were filed days prior to MCDO filing its Motion.

Plaintiffs' argument that MCDO's rights were at risk prior to the decision on the motions to dismiss is simply wrong. The issue of bracketing and ballots has been previously addressed in State court. *Quaremba v. Allan*, 67 *N.J.* 1, 12 (1975). It was not

unreasonable for the MCDO to rely on that opinion, and await further ruling of this court before moving to intervene.   Once the motions to dismiss were denied, the MCDO's interests in this matter were triggered and required a defense to Plaintiffs' allegations.

> **2.   The MCDO has Set Forth a Sufficient Interest which Will be Affected or Impaired by the Disposition**

An intervenor "has a direct interest in an action if the action would have a significant *stare decisis* effect on a later action by that applicant [. . .]." *Sch. Dist. Of Philadelphia v. Pennsylvania Milk Mktg. Bd.*, 160 *F.R.D.* 68 (E.D. Pa. 1995) (*citing Harris*, 820 *F.2d* at 601).   If not allowed to participate, any adverse decision of this court would adversely affect and potentially eliminate MCDO's right to appear on a ballot in a meaningful and comprehensive way - aligned with candidates who share a common set of values, making the choice for voters clear and simple.

Plaintiffs argue that the MCDO "fail[s] to understand or appreciate" the issue in this matter, and that a decision in Plaintiffs' favor would not affect the MCDO's rights at all.   Pl. Opp., Pg. 12.   That argument is nonsensical.   To be clear, MCDO is defending an existing right to construct a ballot that makes plain for voters which candidates have aligned with MCDO and the values those candidates share.   State law allows any group of individuals

7

who share a set of values to bracket and put the issues clearly to the voters so that a clear choice exists, including any group of like-minded individuals aligned with Plaintiffs.  As the court noted in *Quaremba*, 67 *N.J.* at 12, the bracketing on ballots was meant to allow voters to find their candidates with the least amount of difficulty.  Should Plaintiffs succeed, Democratic voters of Middlesex County (and across the State) will be required to find candidates spread across a ballot – a result *Quaremba* squarely rejected.  *Quaremba*, 67 *N.J.* at 11-14.

Despite Plaintiffs' attempt to add additional conditions required to show interest, MCDO does not have to show it would be disadvantaged or treated differently, rather the MCDO at this stage must only show that it has a direct interest, and such interest would be affected by the disposition of this matter.  *Harris*, 820 *F.2d* at 596.  The MCDO has showed its interest is direct; it represents the interest of the Democratic Committee members and ultimately the Democratic voters of Middlesex County.

### 3.   The Interests of the MCDO are Not Adequately Represented by an Existing Party in the Litigation

If the instant Motion to Intervene is denied, the MCDO's interests would not be adequately represented in the litigation. The burden of showing inadequate representation "should be treated as minimal." *Rizzo*, 530 *F.2d* at 505 (*citing Trbovich v. United Mine Workers*, 404 *U.S.* 528, 538 n. 10 (1972)).  An applicant must

only show that representation of his interest may be inadequate. *Trbovich*, 404 *U.S.* at 538 n. 10; *see also*, *Kleissler v. U.S. Forest*, 157 *F.3d* 964, 974 (3d Cir. 1998)(*citing Conservation L. Found. of New England, Inc. v. Mosbacher*, 966 *F.2d* 39, 44 (1st Cir. 1992). Courts have found that an applicant can have inextricably intertwined interests with existing parties, yet still be distinct; it is not unfathomable to imagine scenarios where a similar but distinct party takes positions in the interests of themselves over others. *See*, *Kleissler*, 157 *F.3d* at 974.

The MCDO is a separate, distinct, statutorily created organization, with its own leadership and shared set of values that may or may not be aligned with the interests and goals other similarly situated organizations. That notwithstanding, and contrary to Plaintiffs' arguments, MCDO does not have to identify a separate interest from existing parties to establish inadequate representation such as to require intervention. *See Trbovich*, 404 *U.S.* at 538 n. 10; *Kleissler*, 157 *F.3d* at 974.

## C. Alternatively, MCDO Should Be Granted Permissive Intervention

In the unlikely event this Court should find MCDO does not have a right to intervene, the MCDO should be granted permissive intervention. Pursuant to *Rule* 24(b), upon a timely motion, a court may permit anyone to intervene in an action who "has a claim or defense that shares with the main action a common question of

law or fact." It is within a court's discretion whether permissive intervention is granted. *See Hoots v. Com. of Pa.,* 672 *F.2d* 1133, 1135-36 (3d Cir. 1982); *N.L.R.B. v. Frazier*, 144 *F.R.D.* 656 (D.N.J. 1992). Courts within this district have held that "the principal consideration is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Nat'l Wildlife Fed'n v. Ruckelshaus*, 99 *F.R.D.* 558, 561 (D.N.J. 1983) (*citing United States Postal Service v. Brennan,* 579 *F.2d* 188, 191 (2d Cir. 1978)); *see also*, Fed. R. Civ. P 24(b)(3); *Mountain Top,* 72 *F.3d* at 369 (*citing In re Paper*, 695 *F.2d* at 494).

Here, the litigation is in its infancy; discovery has yet to begin and answers to the Amended Complaint were filed only days prior to MCDO filing its Motion. Plaintiffs' arguments that allowing the MCDO to intervene in this matter, despite same being at an early stage, will open floodgates to allow "open-ended intervention" leading to inevitable delay and prejudice, is without merit. Pl. Opp., Pg. 21. Plaintiffs chose to challenge longstanding statutory rights that advance the First Amendment rights of MCDO, other party organizations and ultimately voters. To now argue that the organizations most impacted by the litigation have no right to appear and be heard is absurd.

The primary reason to deny permissive intervention is whether the delay will prejudice a party. *Mildon*, 2017 WL 1376298, at *5. Plaintiff has failed to address what prejudice they would face by

allowing intervention by the pending intervenors. Plaintiffs cannot claim "prejudice" because they will have to address the First Amendment concerns of MCDO and other similar organizations, which concerns are not relevant to the County Clerks who were named as defendants. Simply put, MCDO's intervention will not halt or delay this litigation, and thus, granting permissive intervention does not delay or prejudice Plaintiffs.

## II.   MCDO AND ALL OTHER PARTIES SHOULD BE ALLOWED TO PROSECUTE ITS CLAIMS AS EACH SEES FIT

"The Federal Rules of Civil Procedure give the court wide discretion in matters of case management." *State of N.J. Dep't of Env't Prot. v. Gloucester Env't Mgmt. Servs., Inc.*, 138 *F.R.D.* 421, 428 (D.N.J. 1991). Pursuant to Fed. R. Civ. P. 16(c)(L), "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: [. . .] adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." In *Gloucester*, the Court addressed *Rule* 16(c), finding that "[s]uch "special procedures" can no doubt include the creation of liaison groups consisting of parties having allegedly similar connections to the litigation." *Gloucester,* 138 *F.R.D.* at 428.

There is no reason for the court to assign groups with lead counsel at least at this time – Plaintiffs' speculation as to what

11

may become an issue is certainly no reason for this court to take pre-emptive action.  Any issue, if indeed one exists, can be addressed if and more importantly when a problem requiring a solution arises.  *See Gloucester, Inc.*, 138 *F.R.D.* at 427-30.

### CONCLUSION

For the foregoing reasons, the MCDO respectfully requests its Motion to Intervene be granted

**McManimon, Scotland & Baumann, LLC**
*Attorneys for Middlesex County Democratic Organization*


By:*/s/ William W. Northgrave*
    William W. Northgrave

Dated: August 30, 2022

12