# **Exhibit B**

2017 WL 1376298
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

COMMUNITY VOCATIONAL SCHOOLS
OF PITTSBURGH, INC., a corporation,
individually and as the representative of a
class of similarly situated persons, Plaintiff,
v.
MILDON BUS LINES, INC., a Pennsylvania
corporation, Defendant/Third Party Plaintiff,
v.
Caroline Abraham and Joel
Abraham, Third Party Defendants.

Civ. No.


09
-
1572

|
Signed 04/17/2017

**Attorneys and Law Firms**

John C. Evans, David J. Manogue, Specter Specter Evans
& Manoque, P.C., Pittsburgh, PA, Brian J. Wanca, Anderson
and Wanca, Deborah Bussert, Jeffrey A. Berman, Ross M.
Good, Ryan M. Kelly, Anderson + Wanca, Rolling Meadows,
IL, Phillip A. Bock, Bock & Hatch, LLC, Chicago, IL, for
Plaintiff/Third Party Defendants.

Arthur J. Leonard, Amy M. Kirkham, Robb Leonard
Mulvihill LLP, Pittsburgh, PA, for Defendant/Third Party
Plaintiff.

**MEMORANDUM OPINION**

Joy Flowers Conti, Chief United States District Judge

**I. Introduction**

 **\*1**  In its motion for leave to intervene (ECF No. 64),
Erie Insurance Exchange ("Erie") calls upon the court to
allow it to intervene in this case pursuant to Federal Rule
of Civil Procedure 24 ("Rule 24"). This punitive class
action case seeks to advance claims under the Telephone
Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.
(ECF No. 1.) Community Vocational Schools of Pittsburgh,

Inc. ("plaintiff") represents a class of persons who allegedly
received unlawful facsimile messages from Mildon Bus
Lines, Inc. ("Mildon Bus" or "defendant") in January 2006.

Erie is the insurance provider for Mildon Bus and is currently
providing representation to it subject to a reservation of
rights. (ECF No. 64 at 2.) Erie seeks to intervene in this
case for the limited purpose of submitting special jury
interrogatories. Erie's claimed purpose for intervention is
to determine whether it has a duty to indemnify defendant
against any judgment obtained by plaintiff. (Id. at 7.) Erie
states that if the jury enters an award of general damages, Erie
will be unable to determine whether it has a duty to indemnify
Mildon Bus against the judgment. (Id. at 8.) For the reasons
set out in this opinion, the court finds that Erie failed to satisfy
the requirements for intervention of right under Rule 24(a),
and at this time it is premature for the court to determine
whether to allow permissive intervention under Rule 24(b).
Erie's motion to intervene, therefore, is denied.

**II. Procedural History**
On November 30, 2009, plaintiff filed a class action complaint
against defendant advancing a claim under the TCPA for
sending unlawful facsimile messages. (ECF No. 1.) On July
27, 2010, defendant filed for bankruptcy in the United States
Bankruptcy Court for the Western District of Pennsylvania.
In re Mildon Bus Lines, Ins., Civil Action No. 10-25312.
On September 22, 2010, this court issued a stay with respect
to this case pending resolution of defendant's bankruptcy
proceedings. (ECF Nos. 26, 27.) The bankruptcy court, in
light of the insurance coverage, lifted the automatic stay to
permit this case to proceed to the extent of the coverage.
(Civil Action No. 10-25312, ECF No. 79.) Erie filed a claim
against defendant in the Court of Common Pleas of Allegheny
County concerning insurance coverage ("coverage action").
Erie Ins. Exch. v. Mildon Bus Lines, Inc. and Community
Vocational Sch. of Pittsburgh, Alleg. Cty. Ct. of Common
Pleas, Civil Action No. 10-003030. This court continued
the stay of this matter pending the resolution of summary
judgment motions in Erie's coverage action. (ECF No. 64 at
2.) On November 22, 2016, after being advised that summary
judgment was not granted in favor of Erie, this court held
a status conference, at which point it reopened the case and
ordered fact discovery to be completed on or before February
15, 2017. (ECF No. 49.) On January 30, 2017, this court
granted plaintiff's unopposed motion to extend fact discovery,
and ordered that discovery be completed on or before May
15, 2017. (ECF No. 62.)

**\*2** On February 2, 2017, Erie filed a motion for leave to intervene pursuant to Federal Rule of Civil Procedure 24 ("Rule 24"), accompanied by a memorandum of law in support of its motion. (ECF No. 64.) On February 22, 2017, plaintiff filed a response to Erie's motion for leave to intervene, accompanied by a memorandum of law in support of its response. (ECF Nos. 67, 68.) On March 7, 2017, defendant filed a brief in reply to plaintiff's response in opposition to Erie's motion to intervene. (ECF No. 74.) On March 7, 2017, Erie filed a reply brief in further support of its motion to intervene. (ECF No. 75.) A hearing was held on the motion on March 27, 2017. Having been fully briefed and argued, this motion is now ripe for disposition.

## III. Discussion

### A. Rule 24(a) and Rule 24(b)

Erie seeks to intervene in the underlying action for the limited purpose of submitting special jury interrogatories. Erie seeks "intervention of right" under Federal Rule of Civil Procedure 24(a) ("Rule 24(a)"). Rule 24(a) states, in relevant part:

> **(a) Intervention of Right.** Upon timely application, anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2).

The Third Circuit Court of Appeals utilizes a four-factor test to determine whether the intervening party has a right to intervene under Rule 24(a). This test requires:

> 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat

that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. United States Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)). Each of the factors must be satisfied for intervention under Rule 24(a) to be granted and the burden is on the party seeking intervention. Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995).

If the intervening party does not meet its burden under Rule 24(a) it may still be able to intervene under Rule 24(b). Rule 24(b), which provides for permissive intervention, provides the court with discretion in determining whether intervention is proper. Brody By & Through Sugzdinis v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992) ("Whether to grant permissive intervention under Rule 24(b), as the doctrine's name suggests, is within the discretion of the district court."). Rule 24(b) provides, in relevant part:

> **(b) Permissive intervention.** Upon timely application, anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

Fed.R.Civ.P. 24(b)(2). A district court may exercise its discretion and allow a timely applicant to intervene under Rule 24(b) if the original plaintiff and the intervenor share a "question of law or fact in common." McKay v. Heyison, 614 F.2d 899, 906 (3d Cir. 1980). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(3).

### B. Rule 24(c), Notice and Pleading Required

As a preliminary matter, the court will address plaintiff's argument that Erie's motion should be dismissed for failing to attach a pleading under Federal Rule of Civil Procedure 24(c) ("Rule 24(c)"). Rule 24(c) requires the party seeking intervention to serve a motion to intervene and a proposed pleading on the opposing parties. Fed.R.Civ.P. 24(c) ("motion must state the grounds for intervention and *be accompanied by a pleading* that sets out the claim or defense for which intervention is sought.") (emphasis added). Rule 24(c) is "designed to ensure that parties have advance notice of the claims that an intervenor plans to make." 🚩SEC v. Investors Sec. Leasing Corp., 610 F.2d 175, 178 (3d Cir. 1979) (finding that court was without jurisdiction to rule on intervening party's claims because applicant failed to serve a motion to intervene on the other parties, and consequently those parties had absolutely no way to know the claims for intervention).

**\*3** Generally, failure to comply with the requirements of Rule 24(c) will result in the denial of a motion to intervene. Meridian Financial Advisors, LTD v. Contract Purchase & Design, Inc., 495 B.R. 274, 280 (Bankr. W.D. Pa. 2013); *see* 🚩Township of S. Fayette v. Allegheny Cty Housing Auth., 183 F.R.D. 451 (W.D. Pa. 1998) (motion to intervene dismissed when movants did not submit the requisite proposed pleading). Nonetheless, "despite the compulsory language of [Rule 24(c) ], some federal circuits have held that whether 'to permit a procedurally defective motion to intervene is within the sound discretion of the district court.' " 🚩United States ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co., 239 F.R.D. 404, 408 (W.D. Pa. 2006) (quoting 🚩Retired Chi. Police Ass'n v. City of Chicago, 7 F.3d 584, 595 (7th Cir. 1993)); *see* 🚩Providence Baptist Church v. Hillandale Comm., Ltd., 425 F.3d 309, 313 (6th Cir. 2005); 🚩Beckman Indus., Inc., v. Int'l Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992). Although the requirements under Rule 24(c) state that a party seeking intervention must attach "a pleading that sets out the claim or defense for which intervention is sought," this condition may be waived if the court finds that the other parties will not be prejudiced by the failure to have a proposed pleading along with the motion for intervention. *See* Id. (quoting Fed.R.Civ.P. 24(c)).

Plaintiff offers no evidence that it has been or will be prejudiced Erie's failure to submit a pleading with its motion to intervene. Plaintiff instead focuses its objection on a technical reading of Rule 24(c). (*see* ECF No. 66 at 4.) Given that Erie seeks to intervene in order to submit special interrogatories, not to file a pleading, and there is no evidence that Erie's failure to submit a pleading along with its motion to intervene caused prejudice to the existing parties, the court will exercise its discretion and waive the pleading requirement.

## C. Timeliness
Both "intervention of right" and "permissive intervention" require that the party seeking to intervene do so in a timely manner. Given that timeliness is a threshold matter for Rule 24(a) and Rule 24(b), the court will begin by addressing this question. *See* 🚩Lawrence Music, Inc. v. Samick Music Corp., 227 F.R.D. 262, 263 (W.D. Pa. 2005) (quoting In re Safeguard Scientifics, 220 F.R.D. 43, 46-7 (E.D. Pa. 2004)) (" 'threshold to both permissive intervention and intervention of right is timeliness.' ").

In order to determine whether a request for intervention is timely a district court must analyze " 'the facts and circumstances surrounding the proceedings,' " which requires consideration of " 'the totality of the circumstances' " rather than the mere counting of days. 🚩Lawrence Music, Inc., 227 F.R.D. at 263 (quoting In re Safeguard Scientifics, 220 F.R.D. at 46-7). When "making a timeliness assessment, a district court must consider (1) the stage of the proceedings when the movant seeks to intervene; (2) the prejudice the delay may cause the parties; and (3) the reason for the delay." 🚩In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig., 418 F.3d 277, 314 (3d Cir. 2005). If a request for intervention is deemed to be untimely, the request shall be denied. 🚩United States v. Alcan Aluminum, 25 F.3d 1174, 1181 (3d Cir. 1994).

The first prong of the timeliness test requires the court to look at the stage of the proceedings and the length the intervening party waited before seeking to intervene in the action. While " 'the mere passage of time does not, of itself, render an application for intervention untimely,' " the length of time an applicant waits to request intervention is a factor in considering timeliness. 🚩Lawrence Music, Inc., 227 F.R.D. at 263 (quoting In re Safeguard Scientifics, 220 F.R.D. at 47). The time period " 'should be measured from the point at which the applicant knew, or should have known, of the risk to its rights.' " 🚩Wallach v. Eaton Corp., 837 F.3d 356, 375 (3d Cir. 2016) (quoting 🚩Alcan Aluminum, 25 F.3d 1174, 1183).

**\*4** Here, plaintiff filed its complaint on November 30, 2009. Since that time Erie has been representing defendant subject to a reservation of rights. (ECF No. 64 at 2.). Erie was, therefore, aware of the risk to its rights for over seven years before it filed its February 2, 2017, motion to intervene. Plaintiff argues that a delay of seven years is "patently unreasonable" and cites ⚑ Lawrence Music, Inc. v. Samick Music Corp., 227 F.R.D. 262 (W.D. Pa. 2005), in support of this contention. In Lawrence Music, Inc., which also involved a motion to intervene by Erie, the district court denied Erie's motion to intervene, in part because it determined that "Erie's excessive delay in filing its motion to intervene [ ] weigh[ed] against granting the motion." Lawrence Music, Inc., 227 F.R.D.at 264.

Lawrence Music, Inc., however, is distinguishable from the matter at hand. Under the first prong of the timeliness test "the critical inquiry is: what proceedings of substance on the merits have occurred?" ⚑ Mountain Top, 72 F.3d at 369. In Lawrence Music, Inc., the parties had already adjudicated cross-motions for summary judgment and were scheduled for trial when Erie filed its motion to intervene. The court found that Erie filed its motion "literally on the eve of trial" and that due to the late stage in the proceedings Erie's delay was excessive. Here, plaintiff survived the motion to dismiss phase and the parties are presently engaged in fact discovery, but no summary judgment motions are filed or trial scheduled, as was the case in Lawrence Music, Inc., Furthermore, while Erie did wait seven years to file its motion to intervene, for the majority of this time—from September 22, 2010 to November 22, 2016—the matter was stayed. Given that this case is not at a particularly late stage, the mere fact that seven years has elapsed since the initial complaint was filed does not in and of itself make Erie's motion untimely filed. *See* ⚑ United States v. British Am. Tobacco Australia Servs., Ltd., 437 F.3d 1235, 1239 (D.C. Cir. 2006) ("elapsed time alone may not make a motion for intervention untimely"); Jones v. Blinziner, 536 F. Supp. 1181, 1188 (N.D. Ind. 1982) ("The time element itself must be considered but the mere lapse of time by itself does not make an application untimely."); *see also* ⚑ Mountain Top, 72 F.3d at 370 (finding motion to intervene was not untimely where parties had engaged in "some written discovery and settlement negotiations ... [but] there were no depositions taken, dispositive motions filed, or decrees entered during the four year period in question.").

The second prong of the timeliness test requires a court to look for possible prejudice caused to the existing parties by the applicant's delay. ⚑ In re Cmty. Bank, 418 F.3d at 314. Potential prejudice is considered the "most important factor in determining the timeliness of a motion to intervene as of right." Petrol Stops Nw. v. Cont'l Oil Co., 647 F.2d 1005, 1010 (9th Cir. 1981); ⚑ McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1073 (5th Cir. 1970) ("The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene."). Where the intervening party did not meaningfully delay in filing its motion to intervene, courts have been skeptical to find that the other parties have been prejudiced. ⚑ Wallach, 837 F.3d at 377.

In arguing that Erie's motion was untimely, plaintiff alleges that "Erie's intervention in this matter will certainly cause prejudice to the parties and ultimately confusion to the jury by injecting issues that neither party needs to address as part of their claims and defenses." (ECF No. 66 at 7.) Plaintiff misconstrues the meaning of prejudice in this context. "The prejudice prong of the timeliness inquiry 'measures prejudice caused by the intervenors' delay—not by the intervention itself.' " ⚑ Utah Ass'n of Ctys. v. Clinton, 255 F.3d 1246, 1251 (10th Cir. 2001). While the intervention itself may very well prejudice plaintiff, the question at this point focuses not on whether the *intervention* will cause prejudice, but whether the *delay* will cause prejudice. 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1916 (3d ed. 2017) ("Delay is not the only possible form of prejudice to the existing parties, but if the intervention will not delay the termination of the litigation intervention ordinarily will be allowed.").

**\*5** To determine whether the timing of the applicant's motion to intervene caused prejudice to the existing parties courts once again look at the stage of the underlying proceedings. Courts have found there to be prejudice when "extensive discovery has [already] been undertaken and completed, all critical issues have been resolved, and a final Order has been entered." ⚑ Pennsylvania v. Rizzo, 530 F.2d 501, 506-07 (3d Cir. 1976); *see* ⚑ In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982) (finding that intervention would cause "harm [to] the original parties through dilution of the settlement fund, relitigation of the class issue, or reevaluation of the adequacy of the settlement."). Conversely, courts have

not found prejudice where "few legally significant events have occurred." Diaz v. S. Drilling Corp., 427 F.2d 1118, 1126 (5th Cir. 1970); *see* John Doe No. 1 v. Glickman, 256 F.3d 371, 378 (5th Cir. 2001) (no prejudice where "the parties might be inconvenienced by renewed discovery or pretrial proceedings, [but] there had not yet been any trial or final judgment in the action."); Utah Ass'n of Ctys. v. Clinton, 255 F.3d 1246, 1250–51 (10th Cir. 2001) (no prejudice where case was "ready for final disposition; no scheduling order ha[d] been issued, no trial date set, and no cut-off date for motions set ... [and] all that had occurred prior to the motion to intervene were document discovery, discovery disputes, and motions by defendants seeking dismissal on jurisdictional grounds."); Sherman v. Griepentrog, 775 F. Supp. 1383, 1386 (D. Nev. 1991) (no prejudice where intervention was "made relatively early in the proceedings, at a time prior to the court's ruling on class certification and prior to any rulings on the merits.").

As stated previously, Erie's motion to intervene was not filed at a particularly late stage in the underlying proceedings. At this point discovery is not yet closed; no schedule for summary judgment motions or trial is set; the court issued no ruling on class action; and there is no final judgment. Given the relatively early stage in the proceedings and the fact that plaintiff did not show how Erie's *delay* will cause the purported class harm, the court does not find that the timing of Erie's motion to intervene is prejudicial to the existing parties.

Under the third prong of the timeliness test the intervening party must have an adequate reason for delay. In re Cmty. Bank, 418 F.3d at 314. In order to satisfy this standard a party "must convincingly explain its reason for the delay in filing its motion to intervene." Choike v. Slippery Rock Univ., 297 Fed.Appx. 138, 141 (3d Cir. 2008). As a practical matter this factor is less significant than the first two prongs of the timeliness test; courts frequently choose not even to address the applicant's reason for delay. *See e.g.,* Wallach, 837 F.3d 356; Mountain Top, 72 F.3d 361; In re Fine Paper Antitrust Litig., 695 F.2d 494.

Though Erie did not expressly state its reason for delay in its original motion to intervene, in its reply brief Erie asserted that it chose to intervene at this time based on the state court's summary judgment rulings in the coverage action. Erie alleges that its "Motion to Intervene is required to further protect its rights under the [insurance] Policy at issue." (ECF

No. 75 at 4.) (citing Butterfield v. Giuntoli, 670 A.2d 646, 658 (Pa. Super. Ct. 1995), for the proposition that an insurer who fails to submit jury interrogatories forfeits its right to later deny its duty to indemnify). While the court will not venture at this time to determine whether Erie's motion to intervene in this action is in fact its only means for protecting its rights under state law, Erie's decision not to intervene until it had determined that such intervention might be the only means by which to protect its rights is an adequate reason for delay, particularly given that the totality of the timeliness factors weigh in favor of Erie's motion.

In light of the relatively early stage of these proceedings and the lack of prejudice to the existing parties due to Erie's delay, the court finds that Erie's motion to intervene is timely filed under both Rule 24(a) and Rule 24(b).

### D. Rule 24(a)—Intervention of Right

If a court determines that the party seeking intervention filed a timely application, the court must then apply the remaining factors of the four-factor test under Rule 24(a). The intervening party must show

> **\*6** a sufficient interest in the underlying litigation, [ ] a threat that the interest will be impaired or affected by the disposition of the underlying action, and [ ] that the existing parties to the action do not adequately represent the prospective intervenor's interests.

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. United States Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)). Each factor must be satisfied in order for the court to grant leave to intervene under Rule 24(a). Mountain Top, 72 F.3d at 366.

Under Rule 24(a), the intervening party must have "a sufficient interest in the underlying litigation." Treesdale, 419 F.3d at 220. For an interest to be sufficient the applicant must demonstrate " 'an interest relating to the property or transaction which is the subject of the action.' " Id. (quoting Fed.R.Civ.P. 24(a)(2)). "Some courts treat the 'interest' test as

Case 3:20-cv-08267-ZNQ-TJB Document 149-3 Filed 08/30/22 Page 7 of 10 PageID: 1916

Community Vocational Schools of Pittsburgh, Inc. v. Milldon..., Not Reported in Fed....

a pragmatic process that qualifies as many concerned parties as is compatible with efficiency." Kleissler, 157 F.3d at 969. As the District of Columbia Circuit Court of Appeals stated in Smuck v. Hobson, 408 F.2d 175, 179 (D.C. Cir. 1969):

> The decision whether intervention of right is warranted ... involves an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending. Since this task will depend upon the contours of the particular controversy, general rules and past decisions cannot provide uniformly dependable guides.

Smuck, 408 F.2d at 179.

While there is no precise definition of "sufficient interest," several guidelines have emerged.

> "[A]n intervenor's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenors.... In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene."

Treesdale, 419 F.3d 216, 220-21 (quoting Mountain Top, 72 F.3d at 366). "In addition, a number of courts have concluded that this interest must be 'direct,' as opposed to contingent or remote." Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987).

Here, Erie alleges that it has an interest in determining "whether it has a duty to indemnify [defendant] against any judgment obtained by [plaintiff]" and that "if the jury enters an award of general damages, Erie will be unable to determine whether it has a duty to indemnify [defendant] against the judgment." (ECF No. 64 ¶¶ 42, 47.) Essentially, Erie is alleging that it has an interest in establishing, through jury interrogatories, that plaintiff's claims against defendant are not covered by the insurance policies defendant has with Erie. This claim mirrors the claims made by the intervening parties in Travelers Indemnity Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989), and Restor-A-Dent Dental Laboratories., Inc. v. Certified Alloy Products, Inc., 725 F.2d 871 (2d Cir. 1984).

**\*7** In Dingwell, the defendant and a group of fifteen companies who used the defendant's services (the "Generator Group") faced liability under state and federal environmental protection laws. Dingwell, 884 F.2d at 631. In order to avoid litigation, the Generator Group signed a consent decree with the Environmental Protection Agency and the Maine Department of Environmental Protection. The defendant and the Generator Group also reached an agreement with respect to each party's contribution and indemnity. The defendant's insurers contested this agreement, including the extent to which they could be held liable under the defendant's insurance policies. The Generator Group filed a motion for entry of a consent judgment, and the defendant's insurers sought to intervene. Id. at 631–32.

In determining whether the insurers had a sufficient interest in the underlying litigation under Rule 24(a), the First Circuit Court of Appeals found that the insurers had asserted an interest in minimizing the defendant's liability and in establishing that the claims against the defendant were not covered by his insurance policies. Id. at 638. The court found that neither interest was sufficient to satisfy the interest requirement. The court held:

> There can be no dispute that an insurer has a direct interest in a lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in question. When the insurer offers to defend the insured but reserves the right to deny coverage, however, the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue.... Allowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control

the defense. Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer "a double bite at escaping liability.

Id. at 639 (citations omitted). With respect to the insurers' interest in establishing that the defendant's claims were not covered by his insurance policy, the court found that this interest "is not related to the subject matter of the action between the [Generator] Group and defendant" because the underlying case involved liability, "not the respective rights and obligations of an insured and his insurers under their insurance policy." Id. at 640.

Restor-A-Dent also involved an insurer seeking to intervene in an action concerning the liability of the insurance holder. 🚩Restor-A-Dent, 725 F.2d at 872. In Restor-A-Dent, the insurer sought to intervene "for the limited purpose of submitting written interrogatories to [the] Court for submission to the jury, to be answered by the jury in the event that it returns a verdict awarding damages to plaintiff." Id. After pointing out that the defendant had "not cited any case where an insurance company has been allowed to intervene as of right for the purpose of proposing interrogatories for submission to the jury," the Second Circuit Court of Appeals upheld the district court's determination that the insurer lacked a sufficient interest in the underlying litigation. 🚩Id. at 875–76. The court of appeals found that the insurer's interests were too contingent to support intervention, because any liability the insurer may face depended on both the jury returning a verdict against the defendant and on a finding that the defendant was covered under the insurance policy. Id.

Here, Erie seeks to intervene based on the same interest asserted in Dingwell and Restor-A-Dent, namely that Erie may be held liable for funding plaintiff's recovery in the event plaintiff succeeds in this action and Erie loses it coverage action in state court. This interest is insufficient for two reasons. First, Erie's alleged interest is contingent on the outcome of two separate trials. As the Second Circuit Court of Appeals explicitly stated in Dingwell, "[w]hen the insurer offers to defend the insured but reserves the right to deny coverage ... the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue." 🚩Dingwell, 884 F.2d at 639. A doubly contingent interest of this nature is too speculative to be sufficient under Rule 24(a). See Id.; 🚩Restor-A-Dent, 725 F.2d at 875-76; Janvey v. Hamric, Civil Action No. 13-0775, 2015

WL 11120300, at *2 (N.D. Tex. Aug. 11, 2015) (denying an insurer's right to intervene under Rule 24(a) because any interest the insurer had in the underlying liability case was too contingent, as it depended both on the plaintiff winning its fraud case and on the insurer losing its coverage dispute); Lewis v. Excel Mech., LLC, Civil Action No. 13-281, 2013 WL 3762904, at *2 (D.S.C. July 16, 2013) (finding that an insurer had no interest in the subject matter of the underlying action under Rule 24(a) where the insurer sought to intervene on the basis that it *may* be required to fund part of the plaintiff's recovery *if* a future award of damages ends up being covered by the defendant's insurance policy); Shorb by Shorb v. Airco, Inc., Civil Action No. 82-1983, 1985 WL 5954, at *2 (E.D. Pa. June 21, 1985) (denying an insurance company's motion to intervene under Rule 24(a), in part, because "proposed intervenor's interest is contingent on the success of one of the parties"); *see also* 🚩Kleissler, 157 F.3d 964, 969 (3d Cir. 1998) (pointing out that courts often reject interests that they deem "speculative.").

**\*8** In addition to being too contingent, the interest asserted by Erie is not related to the subject matter of the underlying action. Plaintiff's case against defendant involves claims arising under the TCPA. Erie's interest is in its obligations under defendant's insurance policy. Erie's interest is a separate issue, which is already being litigated in a separate action, and there is no reason to believe that a decision in favor of plaintiff in this case will prevent Erie from adequately presenting its chosen defense in the coverage action. As the court stated in Dingwell, "we will not allow the insurers to bootstrap their coverage defenses into this lawsuit." 🚩Dingwell, 884 F.2d at 640.

As stated previously, an intervening party must satisfy all four factors under Rule 24(a) in order to intervene as of right. 🚩Mountain Top, 72 F.3d at 366. Because Erie does not have a sufficient interest in the underlying litigation, and, therefore, cannot satisfy the second Rule 24(a) factor, the court will deny Erie's motion for intervention under Rule 24(a).

### D. Rule 24(b)—Permissive Intervention

Even though the court concluded that Erie has no right to intervene under Rule 24(a), the court must still determine whether intervention is appropriate under Rule 24(b). Rule 24(b), which allows for permissive intervention, provides district courts with discretion to decide whether to grant intervention. 🚩Brody, 957 F.2d at 1124. Rule 24(b) allows

Case 3:20-cv-08267-ZNQ-TJB   Document 149-3   Filed 08/30/22   Page 9 of 10 PageID: 1918

Community Vocational Schools of Pittsburgh, Inc. v. Mildon..., Not Reported in Fed....

a district court to exercise its discretion whenever a party attempting to intervene shares a "question of law or fact in common" with the original plaintiff. Fed.R.Civ.P. 24(b)(1)(B).If the court finds that a common question exists, the court should consider whether the intervention will unduly delay or prejudice the original parties. Id. In situations where intervention was not granted under Rule 24(a), an applicant may still meet the requirements under Rule 24(b). The court may consider the same facts and circumstances used to determine whether intervention was appropriate under Rule 24(a) to determine whether the court should use its discretion to permit intervention under Rule 24(b). United States v. Terr. of the Virgin Islands, 748 F.3d 514, 524 (3d Cir. 2014) (denying applicant's Rule 24(b) permissive intervention motion for the same reasons it denied the motion pursuant to Rule 24(a)); Brody, 957 F.2d at 1124 (finding that because intervention of right was not available, "the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well.").

Here, Erie claims that it shares a common question of fact with plaintiff, because the question whether defendant knowingly violated the TCPA is a common question to both the instant matter and the coverage action. (ECF No. 64 at 9–10.) Plaintiff avers that the TCPA is a strict liability statute, and that consequently the question of defendant's knowledge is not relevant to the underlying action. (ECF No. 66 at 14–15.) As stated previously, defendant contests the use of a strict liability standard and instead argues that the court should apply an "on whose behalf" standard. (ECF No. 74 at 3.) If defendant is correct, the parties would likely have to address the question whether defendant knowingly violated the TCPA in the underlying action. [1]

The court need not decide whether defendant's knowledge is a common question in both actions, because it is clear that at this time permissive intervention will cause undue delay and prejudice. Erie did not attach its proposed interrogatories to its motion to intervene, but averred in the hearing held before this court on March 27, 2017, that the questions it intends to the jury through its special interrogatories will all be grounded in the factual evidence presented by the existing parties. Erie asserted at the hearing that its interrogatories will not go beyond the scope of the evidence presented by the parties, and therefore will not cause confusion or prejudice to the parties. However, in its motion to intervene Erie suggested that its special interrogatories would ask the jury such questions as

*9  • whether any injuries caused by defendant's violation of the TCPA were "intended or expected";

• whether the allegations and/or damages amount to a personal or advertising injury;

• when any personal or advertising injury took place; and

• whether any person's right to privacy has been violated.

(ECF No. 64 at 11.)

Because the purpose of Rule 24 is to promote efficiency, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(3). In other words, will it cause undue delay or prejudice to ask the jury the kinds of questions Erie hopes to present. At this point, neither the court nor the parties know what kinds of questions Erie would seek to pose to the jury. This lack of certainty is only enhanced by Erie's contention that it cannot provide the court with a set of questions until it knows what evidence the parties introduced at trial.

Given this lack of certainty the court is concerned that the questions Erie may eventually pose will only be tangentially related to the underlying action and could, therefore, complicate the issues to be decided by the jury or confuse the jury. See Shea v. Angulo, 19 F.3d 343, 346 (7th Cir. 1994) (denying intervention where "allowing [defendant] to intervene in [the] action would insert into it a complex factual question, completely unrelated to the quarrel between the original parties to the suit."); Montgomery v. Rumsfeld, 572 F.2d 250, 255 (9th Cir. 1978) (holding that the district court acted within its discretion when it denied intervention of additional parties on the basis that this intervention would "unnecessarily delay and complicate the case."); Sec. & Exch. Comm'n v. Everest Mgmt. Corp., 475 F.2d 1236, 1240 (2d Cir. 1972); ("the complicating effect of the additional issues and the additional parties outweighs any advantage of a single disposition of the common issues."); F.T.C. v. First Capital Consumer Membership Servs., Inc., 206 F.R.D. 358, 366 (W.D.N.Y. 2001) (denying permissive intervention where applicant's claims "would implicate collateral issues"); Fisher Foods, Inc. v. Ohio Dep't of Liquor Control, 555 F. Supp. 641, 651 (N.D. Ohio 1982) ("even though a common question of law or fact exists it is still within the discretion of the Court whether to allow

intervention and intervention will frequently be denied if collateral or extrinsic issues would be brought in."); *see also* 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 2017) ("the court ... may deny intervention if the complicating effect of the additional issues outweighs any advantage of a single disposition of the common issue."). Without knowing the content of Erie's interrogatories, the court is also concerned that the questions Erie would seek to present could cause contention and delay among the parties. *See* Lawrence Music, 227 F.R.D. at 264 ("Erie's attempt to intervene for the purpose of submitting special jury verdicts that may be irrelevant to, or beyond the scope of, the specific claims in this litigation, has the potential of generating a great deal of contention and motions over the substance of the proposed special verdicts, which, as defendant further notes, were not attached by Erie to its motion to intervene.").

 **\*10** Because of the high potential for complication and delay, the court will not allow Erie to intervene without a greater degree of certainty about the nature and substance of its proposed interrogatories. The court cannot consider Erie's motion to intervene under Rule 24(b), at minimum, until the parties have submitted their evidence. Therefore, the court will deny Erie's Rule 24(b) motion without prejudice.

### IV. Conclusion

While Erie's motion to intervene is timely, Erie did not show that it has a sufficient interest in the underlying litigation. Consequently, the court will deny Erie's motion for intervention of right under Rule 24(a) with prejudice.

Because the court is concerned that Erie's proposed interrogatories will cause undue delay and prejudice to the existing parties, the court cannot determine whether permissive intervention is appropriate while the content of these interrogatories remains wholly indeterminate. The court, therefore, will deny Erie's motion for permissive intervention under Rule 24(b) without prejudice. An appropriate order will be entered.

### All Citations

Not Reported in Fed. Supp., 2017 WL 1376298

---

### Footnotes

1    Erie made no arguments with respect to whether the TCPA is a strict liability statute, and instead simply concludes that defendant's knowledge is a common question of fact, without responding to plaintiff's assertions to the contrary.

---

**End of Document**                                  © 2022 Thomson Reuters. No claim to original U.S. Government Works.