UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSPEH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIES ALLIANCE, INC., *Plaintiff*, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk, and E. JUNIOR MALDONADO, in his official capacity as Hudson County Clerk, <br> *Defendants*. | Civil Action No.: 3:20-08267-ZNQ-TJB |

**BRIEF IN SUPPORT OF PROPOSED INTERVENOR REPUBLICAN COMMITTEE OF UNION COUNTY'S MOTION TO INTERVENE**

William J. Palatucci, Esq.
Mark M. Makhail, Esq.
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-7940
*Attorneys for Proposed Intervenor Republican Committee of Union County*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF FACTS AND PROCEDURAL HISTORY.......................................................1

LEGAL STANDARD...................................................................................................2

ARGUMENT ..............................................................................................................3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Benjamin v. Dep't of Pub. Welfare of Commonwealth*,
    432 F. App'x 94 (3d Cir. 2011) ...............................................................................3

*Commonwealth of Pennsylvania v. President United, States of Am.*,
    888 F.3d 52 (3d Cir. 2018)......................................................................................3

*Worthington v. Bayer Healthcare, LLC*,
    2011 WL 6303999 (D.N.J. Dec. 15, 2011)..............................................................3

**Statutes**

N.J.S.A. 19:23-17......................................................................................................1

**Other Authorities**

Fed .R. Civ. P. 24............................................................................................ *passim*

I.      **FACTS AND PROCEDURAL HISTORY**

Pertinent to this motion, the following sets out the procedural history. Plaintiffs filed their complaint on July 6, 2020. (ECF No. 1). An amended complaint was filed on January 25, 2021 (ECF No. 33). All named defendants and Intervenor State of New Jersey filed motions to dismiss. On May 31, 2022, the Court issued an opinion denying the motions to dismiss. (ECF No. 111). The Republican Committee of Union County ("RCUC") now moves for leave to intervene in this case.

Plaintiffs' Complaint seeks to invalidate the manner in which the named defendants, County Clerks of various counties, administer ballot design and ballot placement laws within the State of New Jersey. (*See* Plaintiffs' Amended Complaint (ECF No. 33)). Plaintiffs' Amended Complaint seeks a declaration that New Jersey's primary election bracketing and ballot placement system is unconstitutional, and seeks injunctive relief to "ensure that the primacy effect/positional bias does not continue to advantage bracketed candidates over other candidates running for the same office." (Amended Complaint ¶¶ 8, 9).

RCUC is the official Republican Party organization of Union County, registered with the New Jersey Election Law Enforcement Commission with its members being duly elected by Republican voters in a primary election every two years. The mission of RCUC is to promote the principles of the party and to recruit, train and support candidates for the nomination of the Republican Party in primary elections for all public offices, including President of the United States, U.S. Senate and Congress, State Senate and Assembly, Constitutional County offices, members of the Board of Commissioners, and municipal offices. Qualified members of RCUC may, pursuant to N.J.S.A. 19:23-17, be permitted to use the designation "Regular Organization Republican of Union County" as their designation or slogan in primary elections. RCUC endorses

such via a political convention process according to the organization's bylaws adopted by its members.  RCUC claims an interest, protected by the First Amendment, to associate itself with primary election candidates who share its principles and ideals, and to associate those candidates with each other, and to inform the primary election voters of the Republican Party.  RCUC further claims an interest, protected by the First Amendment, to speak freely as to those candidates that it has endorsed so as to inform the electorate that RCUC has chosen to associate itself with certain candidates, and that those candidates have chosen to associate themselves with each other.

RCUC seeks to intervene in order to assert its interest in this litigation in maintaining its right to associate itself with candidates it chooses who share its principles and ideals, to have those candidates associate themselves with other candidates who share the same principles and ideals, and to express, through the balloting process, its support for those candidates who have met the standards of the RCUC with respect to those principles and ideals.

## II.     LEGAL STANDARD

Motions to intervene are governed by Federal Rule of Civil Procedure.  More specifically, motions for intervention as of right are governed by Rule 24(a).  In considering this subsection of the Rule the Third Circuit has explained that

> [a] petitioner seeking to intervene of right "must establish that: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). The claimed interest in the litigation must be one that "is specific [to those seeking to intervene], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 972 (3d Cir. 1998). "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Id*.
>
> An intervenor's interest in the litigation need not be a legal one so long as the party "will be practically disadvantaged by the disposition of the action."

>*Id*. at 970 (quoting 7C Charles Allan Wright, Arthur Miller & Mary Kay Kane, Federal Practice And Procedure: Civil 2D § 1908, at 301 (1986)

*Benjamin v. Dep't of Pub. Welfare of Commonwealth*, 432 F. App'x 94, 97-98 (3d Cir. 2011).

Standards for motions for permissive intervention are set forth in subsection 24(b). *See Commonwealth of Pennsylvania v. President United, States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018). "Whether to allow a party to permissively intervene is left to the sound discretion of the Court." *Worthington v. Bayer Healthcare, LLC*, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011). On timely motion, the Court may permit anyone to intervene who (a) is given a conditional right to intervene by federal statute; or (b) has a claim or defense that shares with the main action a common question of law or fact. *See* Fed. R. Civ. P. 24.

### III.   ARGUMENT

RCUC's Motion to Intervene should be granted for the following reasons: (1) the application for intervention is timely, having been filed after the motions to dismiss were resolved; (2) RCUC has a sufficient interest in the litigation, as set forth in the Certification accompanying this motion; (3) RCUC's interest in endorsing candidates, having that endorsement appear on the ballot, and in grouping endorsed candidates on the ballot so as to demonstrate their association, may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest of the RCUC in endorsing candidates and in the grouping of endorsed candidates together, is not adequately represented by an existing party in the litigation. The named defendants, County Clerks, being administrators of the election process rather than advocates in the primary process, certainly do not adequately represent the interest of RCUC.

Given the nature of the organization and questions at issue in this litigation, RCUC is an interested party and has a defense "that shares with the main action a common question of law or fact." That the RCUC has a defense germane to the main action in this Litigation is demonstrated

3

by Plaintiffs' Amended Complaint, which seeks to invalidate the process by which the RCUC's endorsement of candidates, and the grouping of RCUC-endorsed candidates, is manifest. Intervention by the RCUC will not delay or prejudice the adjudication of the original parties' rights. Accordingly, in order to defend the challenged statutes, RCUC seeks leave to participate in this matter.

For the foregoing reasons, the Republican Committee of Union County hereby requests that the Court grant its motion to intervene in this litigation as an interested party, pursuant to either Rule 24(a) or 24(b).

Respectfully Submitted,

Dated: August 31, 2022

By: /s/ *William J. Palatucci*
William J. Palatucci, Esq.
Mark M. Makhail, Esq.
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-7940
*Attorneys for Proposed Intervenor Republican Committee of Union County*