IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, KEVIN MCMILLAN, JOSEPH MARCHICA, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIES,<br><br>  Plaintiffs,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, and EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk, and E. JUNIOR MADONADO, in his official capacity as Hudson County Clerk,<br><br>  Defendants,<br><br>CAMDEN COUNTY DEMOCRAT COMMITTEE, REGULAR DEMOCRATIC COMMITTEE OF UNION COUNTY, INC., MIDDLESEX COUNTY DEMOCRATIC ORGANIZATION, and OFFICE OF THE BURLINGTON COUNTY CLERK,<br><br>  Putative Intervenor Defendants,<br><br>CUMBERLAND REGULAR REPUBLICAN ORGANIZATION, INC., MORRIS COUNTY REPUBLICAN COMMITTEE, REPUBLICAN COMMITTEE OF UNION COUNTY, and WARREN COUNTY REGULAR REPUBLICAN ORGANIZATION, INC.,<br><br>  Putative Intervenor Defendants. | Civ. A. No. 3:20-CV-08267-ZNQ-TJB<br><br>**ORAL ARGUMENT REQUESTED** |

**BRIEF IN OPPOSITION TO MOTIONS TO INTERVENE FILED BY CUMBERLAND REGULAR REPUBLICAN ORGANIZATION, INC., MORRIS COUNTY REPUBLICAN COMMITTEE, REPUBLICAN COMMITTEE OF UNION COUNTY, AND WARREN COUNTY REGULAR REPUBLICAN ORGANIZATION, INC.**

WEISSMAN & MINTZ LLC
220 Davidson Avenue, Suite 410
Somerset, NJ 08873
(732) 563-4565
*Counsel for Plaintiffs*
*Christine Conforti, Arati Kreibich,*
*Mico Lucide, Kevin McMillan,*
*Joseph Marchica, Zinovia Spezakis,*
*and New Jersey Working Families*

BROMBERG LAW LLC
43 West 43rd Street, Suite 32
New York, NY 10036-7424
(212) 859-5083
*Counsel for Plaintiffs*
*Christine Conforti, Arati Kreibich,*
*Mico Lucide, Kevin McMillan,*
*Joseph Marchica, Zinovia Spezakis,*
*and New Jersey Working Families*

On the Brief:

WEISSMAN & MINTZ LLC
Brett M. Pugach, Esq. (032572011)
bpugach@weissmanmintz.com
Flavio Komuves, Esq. (018891997)
fkomuves@weissmanmintz.com

BROMBERG LAW LLC
Yael Bromberg, Esq. (036412011)
ybromberg@bromberglawllc.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ......................................................3

LEGAL ARGUMENT ............................................................................................................4

POINT I – THE COURT SHOULD DENY THE PUTATIVE REPUBLICAN INTERVENORS' MOTIONS TO INTERVENE ........................................................................5

    A.  The Putative Republican Intervenors are Not Entitled to Intervention as of Right .........................................................................................................................5

    B.  The Court Should Deny the Requests for Permissive Intervention ...............................7

POINT II – IN THE ALTERNATIVE, IF THE PUTATIVE REPUBLICAN INTERVENORS' REQUESTS FOR INTERVENTION WERE GRANTED, THE COURT SHOULD APPOINT A LEAD COUNSEL TO SPEAK AND ACT ON BEHALF OF ALL SUCH INTERVENORS PURSUANT TO ITS POWERS UNDER RULE 16 ......................................................................................................................8

CONCLUSION.......................................................................................................................9

## TABLE OF AUTHORITIES

**Rules**

FED. R. CIV. P. 16 ................................................................................................................8, 9

FED. R. CIV. P. 16(c)(2)(L) ........................................................................................................9

FED. R. CIV. P. 16(c)(2)(P) ........................................................................................................9

FED. R. CIV. P. 24(a) .................................................................................................................7

FED. R. CIV. P. 24(b) .................................................................................................................8

**PRELIMINARY STATEMENT**

Over two years after Plaintiffs filed the Initial Complaint and over a year-and-a-half after Plaintiffs filed the Amended Complaint, four separate statutory Republican political party county committees have filed motions to intervene. These parties are the Cumberland Regular Republican Organization, Inc. ("CRRO"), Morris County Republican Committee ("MCRC"), Republican Committee of Union County ("RCUC"), and Warren County Regular Republican Organization, Inc. ("WCRRO") (collectively "Putative Republican Intervenors"). These motions to intervene were submitted after the existing parties extensively briefed motions to dismiss and the Court decided these motions. They also came after completion of briefing of four separate motions to intervene filed by the Camden County Democrat Committee ("CCDC"), the Regular Democratic Organization of Union County, Inc. ("RDO-UC"), the Middlesex County Democratic Organization ("MCDO"), and the Burlington County Clerk (collectively, "Prior Putative Intervenors"). For substantially the same reasons set forth in Plaintiffs' August 23, 2022 Brief in Opposition to the Motions to Intervene filed by the Prior Putative Intervenors ("August 23, 2022 Opposition Brief"), as well as additional reasons specific to them, none of the Putative Republican Intervenors can meet their burden for entitlement to intervention as of right, nor should the Court grant permissive intervention.

Just as the Prior Putative Intervenors' motions to intervene were untimely, here the Putative Republican Intervenors' motions are even more untimely. Without adequate reason for their delay, they were filed years and months after (a) other parties sought and were granted intervention in this matter, (b) after <u>seven</u> dispositive motions on the merits were already fully briefed and decided, (c) after six Defendants and one Intervenor, the State of New Jersey (hereinafter, the

1

"State") filed their answers, and (d) after briefing of the Prior Putative Intervenors' motions to intervene was completed.

Similar to the CCDC and MCDO and to the RDO-UC (whose brief each of the four parties have copied practically verbatim), the Putative Republican Intervenors fail to articulate a sufficient interest in this litigation that will actually be threatened by a disposition of this case, and instead assert interests that are not at stake in this case and/or which will not be impacted by a decision favorable to Plaintiffs.  Additionally, they fail to explain, if Plaintiffs prevail, what would change so as to impact any legally protectable interests, or how a favorable decision to Plaintiffs would cause them to be treated any differently from any other parties, groups, or candidates the Putative Republican Intervenors endorse in primary elections.  Moreover, their articulation of their purported interests in this case relies on the exact same arguments that were already advanced by all the other Defendants and the State in their respective motions to dismiss.  As such, they fail to set forth any interests that are not already adequately represented by the existing parties.  Nor do they assert any interests that differ from one another such that inclusion of all four organizations would not be both repetitive of the arguments set forth by the existing parties and duplicative of one another.

Inclusion of the four Putative Republican Intervenors into this case (let alone inclusion of the four Prior Putative Intervenors) would result in unnecessary and repetitive briefings, motions, and other superfluous participation in a manner that will unduly delay and prejudice the Plaintiffs while causing unwarranted inefficiency and waste of judicial resources.  These parties do not advance new arguments or assert different interests, and their untimely requests for intervention signals to others that the door remains open. Granting the motions to intervene would further open the floodgates to untimely and duplicative additional motions to intervene by various parties,

corporations, county clerks, and others, at subsequent and later stages of this case. This will further compound the delay, prejudice, inefficiency, waste of resources, and needless expense that will already result if their intervention requests are granted.

The Putative Republican Intervenors have not met their burden entitling them to intervention as of right, nor should the Court grant their requests for permissive intervention. As such, their motions to intervene should be denied.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On August 23, 2022, Plaintiffs filed their August 23, 2022 Opposition Brief in opposition to four separate motions to intervene filed by the CCDC, RDO-UC, MCDO, and the Burlington County Clerk. ECF 141. Plaintiffs incorporate the Procedural History and Statement of Facts set forth therein. Plaintiffs also supply the following summary, along with information related to the instant motions to intervene.

On July 6, 2020, plaintiff Christine Conforti ("Conforti") filed an Initial Complaint against Christine Giordano Hanlon, Scott M. Colabella, and Paula Sollami Covello, in their respective official capacities as the Monmouth, Ocean, and Mercer County Clerks. ECF 1. An Amended Complaint was filed on January 25, 2021, ECF 33, which, *inter alia*, added plaintiffs Arati Kreibich, Mico Lucide, Joseph Marchica, Kevin McMillan, Zina Spezakis, and New Jersey Working Families Alliance (together with Conforti, "Plaintiffs"). *Id.* The Amended Complaint also named additional defendants, John S. Hogan, Edward P. McGettigan, and E. Junior Maldonado in their official capacities as the Bergen, Atlantic, and Hudson County Clerks (together with the Monmouth, Ocean, and Mercer County Clerks, "Defendants"). *Id.* On March 29, 2021, the Attorney General's Office filed a Motion to Intervene on behalf of the State, ECF 52, which was granted by the Court on the same day, ECF 54.

On March 29, 2021 and/or March 30, 2021, the State and Defendants each filed separate Motions to Dismiss the Amended Complaint, ECF 53, 55, 57-60, 63.  Following briefing of the seven separate motions to dismiss, on May 31, 2022, the Court issued an Order, ECF 112, and Opinion, ECF 111 (together referred to hereinafter as the "Order and Opinion"), granting in part, and denying in part, the Defendants' and the State's motions to dismiss.  On July 28, 2022, the State and the six Defendants filed separate Answers to the Amended Complaint.  ECF 129-135.

The CCDC, RDO-UC, MCDO, and Burlington County Clerk filed motions to intervene on July 21, 2022, July 25, 2022, August 2, 2022, and August 12, 2022, respectively.  ECF 126, 128, 138, 140.  The motions to intervene filed by the Prior Putative Intervenors were returnable on September 6, 2022, and are currently pending before the Court.  Following full briefing of the Prior Putative Intervenors' motions to intervene, on August 31, 2022, the Putative Republican Intervenors filed the instant motions to intervene.  ECF 150-153.  All four of these entities, represented by the same counsel, filed briefs in support of their motions to intervene that are virtually identical to one another and which contain a legal argument section which is virtually identical to the brief submitted by the RDO-UC in connection with its separate, previously-submitted motion to intervene.  *Compare* ECF 150-1, 151-1, 152-1, 153-1, *with* ECF 128-1.  Plaintiffs now file this opposition to the motions to intervene filed by the CRRO, MCRC, RCUC, and WCRRO.

## **LEGAL ARGUMENT**

The CRRO, MCRC, RCUC, and WCRRO constitute the statutory Republican Party county committees of their respective counties.  For this reason, the same arguments set forth in Plaintiffs' August 23, 2022 Opposition Brief, and particularly those that applied to the CCDC and MCDO (statutory Democratic Party county committees), apply equally with respect to the Putative

Republican Intervenors. As such, and for purposes of judicial efficiency, this brief will incorporate and adopt by reference the applicable portions of the legal argument section of Plaintiffs' August 23, 2022 Opposition Brief, in lieu of repeating the same exact arguments at length, as set forth below. This brief will also highlight portions of same where appropriate and set forth additional arguments that apply specifically to the Putative Republican Intervenors.

## POINT I

### THE COURT SHOULD DENY THE PUTATIVE REPUBLICAN INTERVENORS' MOTIONS TO INTERVENE.

**A. The Putative Republican Intervenors are Not Entitled to Intervention as of Right.**

Plaintiffs hereby incorporate and adopt by reference the arguments set forth in Point I, Section B of their August 23, 2022 Opposition Brief, and apply them to the Putative Republican Intervenors. The Putative Republican Intervenors' motions are untimely, fail to identify a sufficient interest which may be affected or impaired by disposition of the case, and fail to explain why their interests are not already adequately represented by existing parties.

The Putative Republican Intervenors filed their motions to intervene over two years after the filing of the Initial Complaint, over nineteen months after the filing of the Amended Complaint, and subsequent to this Court's Order and Opinion on seven separate dispositive motions addressing the merits of this case. To the extent that Plaintiffs' August 23, 2022 Opposition Brief details the reasons that the Prior Putative Intervenors' motions were untimely, it must be noted that the Putative Republican Intervenors' motions were filed even later in time, after the filing of Answers by the State and by the six Defendants, and after briefing of the prior motions to intervene was completed, and thus are comparatively even more untimely.

The Putative Republican Intervenors assert essentially the same interests as the CCDC and the MCDO did, and exactly the same interests asserted by the RDO-UC (more or less verbatim). However, as explained in the Plaintiffs' August 23, 2022 Opposition Brief, the ability to endorse is not at stake in this litigation, and a favorable disposition of this case to Plaintiffs would not interfere with the ability of candidates who are "endorsed" by the Putative Republican Intervenors to appear on the ballot demonstrating such association via a common slogan. Indeed, none of the Putative Republican Intervenors suggest, nor could they, that an interest in endorsing candidates or selecting a standard bearer entitles the county political party to choose the nominee in place of the voters. Nor, for that matter, do they plausibly allege that their endorsed candidates are entitled to an unfair, governmentally-conferred advantage over their opponents deriving from ballot design laws. At bottom, nothing in this case would interfere with their ability to endorse, as this case does not challenge laws that allow a party or group of petitioners to endorse a candidate, and does not even challenge the ability of that endorsement to be displayed to voters on the ballot itself through a slogan.

Similarly, as was the case with respect to the RDO-UC, the Putative Republican Intervenors fail to articulate, specifically, how a decision in favor of Plaintiffs which does not implicate the ability to endorse and which continues to allow for candidates to associate on the ballot with a common slogan would prevent them from (1) associating with Republican candidates that share their ideals, (2) associating those candidates with each other, (3) informing voters of such associations, or (4) speaking freely about their endorsed candidates through awarding the ability to use a common slogan. Nor do the Putative Republican Intervenors articulate how they would be prevented from carrying out their core function of endorsing candidates on the ballot and having those candidates be associated with one another on the ballot, particularly in light of the

fact that if Plaintiffs prevail, they would still be able to endorse candidates and their candidates could still appear on the ballot under a common slogan. *In what way, then, will they be unable to accomplish these functions? Similarly, if Plaintiffs prevail, in what way will the Putative Republican Intervenors be treated any differently than any other party, group, or candidate?*

The Putative Republican Intervenors' assertions that their interests are not adequately represented by any existing parties fail for the same reasons set forth in Plaintiffs' August 23, 2022 Opposition Brief. They assert the same exact interests already advanced by all of the existing Defendants and the Attorney General in connection with their respective motions to dismiss.[1]

Therefore, the Putative Republican Intervenors are not entitled to intervention as of right pursuant to Rule 24(a).

**B.  The Court Should Deny the Requests for Permissive Intervention.**

Plaintiffs hereby incorporate and adopt by reference the arguments set forth in Point I, Section C of their August 23, 2022 Opposition Brief, and apply them to the Putative Republican Intervenors. Plaintiffs highlight that the Putative Republican Intervenors' motions to intervene were filed over two years after the filing of the Initial Complaint and over one-and-a-half years after the filing of the Amended Complaint. The intervention of numerous parties at various stages of litigation will lead to delay, prejudice, and inefficient use of judicial and party resources, all at considerable expense to Plaintiffs. In addition to the existing parties and intervenors, there are

---

[1] To the extent that the Court was inclined to allow for intervention by a political party, it must be noted that, in addition to asserting the same interests already asserted by the State and by the existing six other Defendants, here the CRRO, MCRC, RCUC, and WCRRO, represented by the same counsel, all also assert the exact same interests as one another, which are the same substantive interests asserted by the CCDC and MCDO and the same exact (practically verbatim) interests asserted by the RDO-UC. If all of these parties are permitted to separately intervene, it is clear that their participation would be not only repetitive of the existing parties, but also duplicative of one another and of the other putative intervenors.

7

already pending motions to intervene filed by two statutory Democratic political party county committees, a corporation that has allowed Democratic candidates to use their name in their slogan, and an additional county clerk. As Plaintiffs correctly predicted in their August 23, 2022 Opposition Brief, now four statutory Republican political party county committees are seeking intervention. Allowing the intervention of these late and untimely parties further sets the stage for open-ended intervention, further disruption, and unnecessary layers of delay and prejudice. Indeed, having already survived seven separate motions to dismiss, the requests for intervention of multiple parties all asserting the same exact interests which were the subject of such motions suggests that their intent is grounded more in relitigating issues already raised and decided rather than in protecting any unique interests of their own. Therefore, the Court should deny the requests for permissive intervention under Rule 24(b). Moreover, to the extent they can demonstrate the appropriate criteria, denial of the Putative Republican Intervenors' requests for intervention would not preclude the potential for their participation as *amicus curiae*.

## POINT II

**IN THE ALTERNATIVE, IF THE PUTATIVE REPUBLICAN INTERVENORS' REQUESTS FOR INTERVENTION WERE GRANTED, THE COURT SHOULD APPOINT A LEAD COUNSEL TO SPEAK AND ACT ON BEHALF OF ALL SUCH INTERVENORS PURSUANT TO ITS POWERS UNDER RULE 16.**

Plaintiffs hereby incorporate and adopt by reference the arguments set forth in Point II of their August 23, 2022 Opposition Brief, and apply them to the Putative Republican Intervenors. Plaintiffs highlight that it would be overly burdensome, inefficient, and prohibitively expensive to subject Plaintiffs to the various separate discovery requests, separate motions, separate briefs, separate examinations, etc., that would surely accompany the intervention of multiple additional parties. Moreover, the interests asserted by the Putative Republican Intervenors, in addition to

being the same as those asserted by the State and the existing Defendants and the same as those asserted by the CCDC, RDO-UC, and MCDO, are also identical (verbatim) to one another, and are already filed by common counsel to all four organizations. As Plaintiffs argued with respect to the CCDC, RDO-UC, and MCDO, here, if the Court were inclined to grant intervention, it should appoint a lead counsel on behalf of all political party organizations seeking to intervene pursuant to its broad authority under Rule 16 and specifically, Rule 16 (c)(2)(L) and (P).

## CONCLUSION

For the foregoing reasons and the reasons set forth in the above-referenced sections of Plaintiffs' August 23, 2022 Opposition Brief, the motions to intervene filed by the CRRO, MCRC, RCUC, and WCRRO should be denied.

Respectfully submitted,

| /s/ Brett M. Pugach | /s/ Yael Bromberg |
|---|---|
| WEISSMAN & MINTZ LLC | BROMBERG LAW LLC |
| 220 Davidson Avenue, Suite 410 | 43 West 43rd Street, Suite 32 |
| Somerset, NJ 08873 | New York, NY 10036-7424 |
| (732) 563-4565 | (212) 859-5083 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |
| *Christine Conforti, Arati Kreibich,* | *Christine Conforti, Arati Kreibich,* |
| *Mico Lucide, Kevin McMillan,* | *Mico Lucide, Kevin McMillan,* |
| *Joseph Marchica, Zinovia Spezakis,* | *Joseph Marchica, Zinovia Spezakis,* |
| *and New Jersey Working Families* | *and New Jersey Working Families* |