# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI KREIBICH, MICO LUCIDE, JOSPEH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIES ALLIANCE, INC., *Plaintiff*,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk, PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk, JOHN S. HOGAN, in his official capacity as Bergen County Clerk, EDWARD P. MCGETTIGAN, in his official capacity as Atlantic County Clerk, and E. JUNIOR MALDONADO, in his official capacity as Hudson County Clerk,<br>*Defendants*. | Civil Action No.: 3:20-08267-ZNQ-TJB |

**REPLY BRIEF IN FURTHER SUPPORT OF PROPOSED INTERVENORS MORRIS COUNTY REPUBLICAN COMMITTEE, WARREN COUNTY REGULAR REPUBLICAN ORGANIZATION, INC., REPUBLICAN COMMITTEE OF UNION COUNTY, AND CUMBERLAND REGULAR REPUBLICAN ORGANIZATION INC.'S MOTIONS TO INTERVENE**

William J. Palatucci, Esq.
Mark M. Makhail, Esq.
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-7940
*Attorneys for Proposed Intervenors Morris County Republican Committee, Warren*

ME1 42441951v.2

*County Regular Republican Organization, Inc., Republican Committee Of Union County, And Cumberland Regular Republican Organization Inc.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................**Error! Bookmark not defined.**

I. PRELIMINARY STATEMENT ...............................................................................................1

II. DISCUSSION ............................................................................................................................1

      A.      The Republican Intervenors Have Established Intervention As of Right ................1

      B.      Alternatively, the Republican Intervenors Should Be Allowed to Intervene on Permissive Grounds ................................................................................................3

      C.      Lead Counsel ............................................................................................................4

III. CONCLUSION.........................................................................................................................4

ME1 42441951v.2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*California Democratic Party et al. v. Jones*,
    530 U.S. 567 (2000)............................................................................................2

*Commonwealth of Pennsylvania v. President United, States of Am.*,
    888 F.3d 52 (3d Cir. 2018)..................................................................................4

*United State Supreme Court in Eu v. San Francisco County Democratic Central Committee*,
    489 U.S. 214 ......................................................................................................1

**Other Authorities**

First Amendment ........................................................................................................2

Rule 24(a)................................................................................................................3, 4

Rule 24(b) ...............................................................................................................3, 4

## I.     PRELIMINARY STATEMENT

The Cumberland Regular Republican Organization, Inc. ("CRRO"), Morris County Republican Committee ("MCRC"), Republican Committee of Union County ("RCUC"), and Warren County Regular Republican Organization, Inc. ("WCRRO"), collectively the proposed "Republican Intervenors" in this matter, submit this unified Reply in further support of their Motions to Intervene in this action. While each of the Republican Intervenors have filed their own Motion to Intervene, CRRO, MCRC, RCUC and WCRRO have the same interests, have agreed to work together in this matter and have agreed to retain the same counsel. This is because each is the statutory Republican political party committee in their respective county with the responsibility of recruiting and getting on the ballot Republican candidates each year for every office from local borough council to President of the United States. As detailed below, and in their initial moving papers, the Republican Intervenors should be permitted to intervene in this action, both as of right and, as an alternative basis, permissibly.

## II.     DISCUSSION

### A.     The Republican Intervenors Have Established Intervention As of Right

As outlined in their moving papers, each of the Republican Intervenors has established that it has a right to intervene in this action. First, each Republican Intervenor has a sufficient interest in this litigation.

The underlying action instituted by Plaintiffs implicates certain long established federal constitutional rights of the proposed Republican Intervenors critical to their interests and ability to recruit, train and support members of their respective county political parties as candidates for public office. Since the 1989 decision by the *United State Supreme Court in Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214, it has been recognized by every court in

1

every state of the nation that the First Amendment rights of state, county and local political parties are paramount to the workings of each political party, Republican, Democrat or otherwise, and worthy of protection. These protections have been repeated by the nation's highest court numerous times in the 33 years since *Eu* in cases such as *California Democratic Party et al. v. Jones*, 530 U.S. 567 (2000) and others.  The First Amendment rights of Free Speech and Freedom of Association of each state, county and local political party organization have been recognized and respected based on this legal foundation since *Eu*. Plaintiffs seek to interfere with these fundamental rights of the proposed Republican Intervenors and so Plaintiff's claim that they fail to articulate a sufficient interest in this litigation is clearly false and without merit.

Furthermore, the outcome of this litigation would alter or interfere with the Republican Intervenors' rights.  Plaintiff's assertion that the proposed Republican Intervenors' legally protected interests would not be impacted by the outcome of this action is wrong.  As stated in each proposed Republican Intervenors' motion, the manner in which candidates are endorsed, grouped together and presented to voters in any and every primary election contest would be directly and irreparable harmed.  This is precisely the outcome Plaintiffs seek in bringing this action.  And, this is precisely why the Republican Intervenors must be allowed to present and articulate their positions – *i.e.*, to be able to defend against any change that would alter their own, *constitutionally protected* process.

Lastly, Plaintiffs contention that the proposed Republican Intervenors interests are adequately represented by existing parties is erroneous and further illustrates Plaintiff's lack of understanding or acknowledgement that county organization, and each political party, has the right and ability to organize, structure, and operate itself according to its own particular set of bylaws, traditions and rules as established by their respective governing bodies. These Republican county

party organizations and their 17 Republican county counterparts in New Jersey represent approximately 1 million Republicans New Jersey residents. Without an Order permitting the Republican Intervenors the ability to participate in this action, that large swath of New Jerseyans will have no ability to have its constitutionally protected position voiced. Their interests must be represented here and be represented by the appropriate entities who have an aligned interest.

Lastly, Plaintiffs' oppose intervention on some undefined timeliness basis. (ECF No. 160 at 5-6). However, aside from restating the procedural posture of this case, Plaintiffs do not provide any basis, let alone a compelling one, to deny the Republican Intervenors' motion. That is because intervention by the Republican Intervenors will have no impact on the overall timing of this matter. Instead, the Republican Intervenors will participate in all proceedings going forward. No additional motion practice or other procedural quagmire will delay this matter any further when the Republican Intervenors are added.

Thus, to summarize, the Republican Intervenors should be allowed to participate in this matter as of right. They have satisfied all of the Rule 24(a) requirements. Specifically, they have set forth a protected interest, that will be significantly impaired by the outcome of this action. Moreover, the no other party will represent the specific interests of the Republican Intervenors and their significant New Jersey constituency. Finally, intervention will not further delay the disposition of this action.

> **B.     Alternatively, the Republican Intervenors Should Be Allowed to Intervene on Permissive Grounds**

Without belaboring the point, the Republican Intervenors have established that they should be permitted to intervene as of right. However, if the Court is inclined to disagree, the Republican Intervenors' Motion should be granted pursuant to Rule 24(b) and they should be allowed to participate on a permissive basis. This is because permissive intervention is discretionary and

3

should be allowed when the proposed party has a conditional right and the claim or defense the proposed party has is shared with the main action. *See Commonwealth of Pennsylvania v. President United, States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018); *see also* Fed. R. Civ. P. 24(b).

The impacted right has already been described – the right and ability to organize, structure, and operate itself according to its own particular set of bylaws, traditions and rules as established by their respective governing bodies. This right, which is constitutional protected, is at the epicenter of Plaintiffs' allegations. Mainly, Plaintiffs seek to alter how ballots are presented. Any judgment in the favor of Plaintiffs will inherently impact and/or alter the Republican Intervenors' constitutionally protected right. As such, the Republican Intervenors share the same interests as those opposing Plaintiffs. Accordingly, on an alternative basis, the Court should grant the Republican Intervenors' motion on permissive grounds.

### C. Lead Counsel

Plaintiffs dedicate the end of their opposition to an argument pertaining to the appointment of a consolidated and lead counsel. While Plaintiffs arguments on this topic are weak, at best, the Republican Intervenors generally do not disagree with the proposition. As the Court is aware, the Republican Intervenors are all represented by the undersigned. And, as explained herein, they have chosen to consolidate their efforts and file one unified reply brief using the same counsel. The Republican Intervenors respectfully request that its undersigned counsel be appointed as the lead counsel for all current and future Republican Intervenors.

### III. CONCLUSION

For the reasons set forth above, the proposed Republican Intervenors have clearly established that, either as a matter of right or on a permissive basis, their Motion to Intervene should be granted pursuant to Federal Rule of Civil Procedure 24(a).

Respectfully Submitted,

Dated: September 26, 2022

By: /s/  *William J. Palatucci*
William J. Palatucci, Esq.
Mark M. Makhail, Esq.
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-7940
*Attorneys for Proposed Intervenors Morris County Republican Committee, Warren County Regular Republican Organization, Inc., Republican Committee Of Union County, And Cumberland Regular Republican Organization Inc.*

5