Paul Kaufman, Esq. (Id No. 003011974)
Jason S. Nunnermacker, Esq. (Id No. 034212003)
**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
61 South Paramus Rd., Suite 250
Paramus, New Jersey 07652
T: (201) 928-1100
jnunnermacker@decotiislaw.com
*Attorneys for Defendant John S. Hogan, Bergen County Clerk*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

| | |
|---|---|
| CHRISTINE CONFORTI, ARATI MICO LUCIDE, JOSEPH MICO LUCIDE, JOSEPH MARCHICA, KEVIN MCMILLAN, ZINOVIA SPEZAKIS, and NEW JERSEY WORKING FAMILIIES ALLIANCE, INC., <br><br> Plaintiffs, <br><br> CHRITINE GIORDANO HANLON, SCOTT M. COLABELLA, PAULA SOLLAMI COVELLO, JOHN S. HOGAN, EDWARD P. MCGETTIGAN, and E. JUNIOR MALDONADO, <br><br> Defendants. | CIV. A. No. 3:20-CV-08267-FLW-TJB |

### REPLY MEMORANDUM OF FACT AND LAW IN SUPPORT OF BERGEN COUNTY CLERK JOHN S. HOGAN'S MOTION FOR SUMMARY JUDGMENT

On the Brief:   Paul Kaufman, Esq.
Jason S. Nunnermacker, Esq.
Jaime R. Placek, Esq.

Date:           March 31, 2025

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................ 1

**ARGUMENT** ............................................................................................................................. 2

    I.   **THE REVISED BALLOT DESIGN STATUTE RENDERS THIS ACTION MOOT AND IT IMPLEMENTS THE EXACT RELIEF SOUGHT IN PLAINTIFFS' COMPLAINT AND MOTION FOR A PERMANENT INJUNCTION** ................................................................................................... 2

    II.  **PLAINTIFFS CANNOT RECOVER THEIR FEES FROM THE BERGEN CLERK DEFENDANTS** ................................................................................. 7

    III. **EVEN IF CONSIDERED A PREVAILING PARTY, ANY FEE AWARD SHOULD BE PAID BY THE STATE OF NEW JERSEY** .............................. 7

**CONCLUSION** ........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Black United Fund of New Jersey, Inc. v. Kean*,
   763 F.2d 156 (3d Cir. 1985) ............................................................................... 3

*Buffin v. California*,
   23 F.4th 951 (9th Cir. 2022) ............................................................................ 7, 8

*Echols v. Parker*,
   909 F.2d 795 (5th Cir. 1990) .............................................................................. 8

*Finberg v. Sullivan*,
   55 F. Supp. 1068 (E.D. Pa. 1982) ....................................................................... 8

*Finberg v. Sullivan*,
   707 F.2d 1390 (3d Cir. 1983) ............................................................................. 8

*Herbst v. Ryan*,
   90 F.3d 1300 (7th Cir. 1996) .............................................................................. 8

J.C. v. Mendham Twp. Bd. of Educ.,
   29 F.Supp.2d 214 (D.N.J. 1998) ......................................................................... 7

*Khodara Envtl., Inc. v. Beckman*,
   237 F.3d 186 (3d Cir. 2001) ............................................................................... 5

*Kremens v. Bartley*,
   431 U.S. 119 (1977) ........................................................................................... 3
*Lewis v. Continental Bank Corp.*,
   494 U.S. 472 (1990) ........................................................................................... 2

*Massachusetts v. Oakes*,
  491 U.S. 576 (1989) ............................................................................................. 3

*Miller v. Caudill*,
  936 F.3d 442 (6th Cir. 2019) ............................................................................... 8

*Nextel West Corp. v. Unity Township*,
  282 F.3d 257 (3d Cir. 2002) ......................................................................... 3, 4, 5

*State v. Muhammad*,
  145 N.J. 23 (1996) ............................................................................................... 6

*United States v. Board of Ed. For School Dist. of Philadelphia*,
  911 F.2d 882 (3d Cir. 1990) ............................................................................... 8

Wheeler v. Towanda Area School Dist.,
  950 F.2d 128 (3d Cir. 1991) ............................................................................... 7

**Statutes**

42 U.S.C. § 1988(b) ................................................................................................ 7

John S. Hogan in his official capacity as Clerk of Bergen County ("Hogan" or the "Bergen Clerk") (collectively, the "Clerk Defendants") respectfully submits this reply brief in further support of his motion for summary judgment to dismiss Plaintiffs' entire claims with prejudice.[1]

## PRELIMINARY STATEMENT

Plaintiffs' opposition brief ("Opposition" or "Opp.") confirms that this lawsuit is no longer about the interests of the voters of this State, given that Plaintiffs concede that the Revised Ballot Design Statute supersedes the statute challenged by Plaintiffs and mandates that a block ballot design be used for New Jersey primary elections, which Plaintiffs' Complaint alleged was constitutionally mandated. Instead, the Opposition (all 46 pages of it) reveals that that Plaintiffs seek to permanently enjoin a law that is no longer on the books because the other Clerk defendants, for whatever reason that motivated them, agreed to use county taxpayer dollars to pay Plaintiffs' counsel's fees for having simply followed State law as it existed at the time and which had survived previous court challenges. The Court should side with the voters and Bergen County tax-payers to grant summary judgment dismissing this matter as it is now moot, as the law requires. Simply put,

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning as set forth in the Bergen Clerk's Brief in Support of his motion for summary judgment ("Opening Brief" or "Open"). Dkt. 232-1.

1

whatever the other Clerks, as former defendants, agreed to do is completely irrelevant to the Bergen Clerk's instant motion.

Specifically, and as described in further detail, the Revised Ballot Design Statute implements, to a tee, the exact relief set forth in the Plaintiffs' Complaint and in the permanent injunction they now seek. As Plaintiffs do not claim that there is any risk that the Revised Ballot Design Statute will be repealed or amended, any of the new legislation's perceived flaws are for another lawsuit with another party with standing that shares Plaintiffs' counsel's concerns. Those alleged flaws, even taken at face value, do not change the fact that this lawsuit is now an academic exercise (and an increasingly expensive one for the taxpayer). As the Constitution bars federal courts from entertaining disputes that are clearly moot, this action must be dismissed for lack of subject matter jurisdiction. *See* Point I, *infra*.

That this action is moot also bars Plaintiffs from recovering their fees from the Bergen Clerk as these Plaintiffs were never a prevailing party, as required under Section 1988, to obtain a recovery of attorney's fees.

## ARGUMENT

**I.   THE REVISED BALLOT DESIGN STATUTE RENDERS THIS ACTION MOOT AND IT IMPLEMENTS THE EXACT RELIEF SOUGHT IN PLAINTIFFS' COMPLAINT AND MOTION FOR A PERMANENT INJUNCTION**

As set forth in the Opening Brief, this Court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472,

2

477 (1990). Therefore, both the United States Supreme Court and the Third Circuit have determined that a case becomes moot when the case centers upon the constitutionality of a state statute that is either repealed or amended during the pendency of the matter. *See Massachusetts v. Oakes*, 491 U.S. 576, 582 (1989); *Kremens v. Bartley*, 431 U.S. 119, 132 (1977)*; Black United Fund of New Jersey, Inc. v. Kean*, 763 F.2d 156, 160 (3d Cir. 1985).

Plaintiffs recognize this principle, but claim that it does not apply "if there are features of the unconstitutional law or practice which are not 'substantially amended or repealed' by the statutory amendment." Opp. 4 (citing *Nextel West Corp. v. Unity Township*, 282 F.3d 257 (3d Cir. 2002) ("*Nextel*")). Even if this were an accurate characterization of the law, which it is not, it is besides the point as the New Jersey Legislature has now delivered exactly what Plaintiffs' Complaint seeks: permanent use throughout the State of an office block ballot format for primary elections. The Court need look no further than Plaintiffs' Complaint prayer for relief, which demands that primary election ballots be "organized by office sought, rather than by column or row" in randomized order, which the Revised Ballot Design Statute accomplishes by providing that "candidates shall be arranged by office sought in an office block format." *Compare* Complaint, Prayer for Relief at "(c)" *with* Bromberg Cert., Ex. I at 27. The Revised Ballot Design Statute likewise moots the so-called "Ballot Siberia" phenomenon, by mandating that "all spacing, ruling, and

3

delineation of candidates shall be consistent and uniform within each office block and across all office blocks included on each ballot, so as not to create a separation or visual distinction between the names of any candidates…." *Id.* Indeed, the Revised Ballot Design Statute explicitly forbids primary election ballots to be designed in such a way that

> creates for a candidate on the ballot an incongruous separation from other candidates seeking the same office, positions a candidate on the ballot among candidates for a different office, or brackets candidates together on the ballot so as to position a candidate based upon a drawing for ballot position for a different candidate for a different office. [*Id.*]

And to remove any doubt whatsoever, Section 1(c) of the Revised Ballot Design Statute specifically provides that the ballot design it prescribes is meant to accord with the Court's Preliminary Injunction Order in the companion Kim matter. *Id.* Accordingly, there can be no dispute that the Revised Ballot Design Statute implements the exact relief Plaintiffs' Complaint and their putative permanent injunction seek.

The primary case upon which the Opposition relies, *Nextel, supra*, is entirely misplaced and easily distinguishable. There, the plaintiff, a telecommunications company, filed suit against a municipality and its zoning board alleging that certain ordinances prevented it from building a cell tower to provide wireless telephone service in violation of the Federal Telecommunications Act. 282 F.3d at 259-60.

4

While the Third Circuit found that the municipality's amended ordinance did "loosen the zoning restrictions on wireless towers," it recognized that the new amended ordinance still did not permit that plaintiff to construct a telecommunications tower, which was the actual relief the plaintiff's suit sought. *Id.* at 263. The court therefore determined that "the challenged feature of the original ordinance (i.e., its allegedly prohibitive effect) was not removed by the amendment" and that the amended ordinance did not moot the claim. *Id*. Even so, the court recognized that "'if an amendment removes those features in the statute being challenged by the claim, any claim for injunctive relief 'becomes moot as to those features.'" *Id.* at 262 (quoting *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 194 (3d Cir. 2001)). That is exactly what the Revised Ballot Design Statute does as it unquestionably provides for the Office Block format Plaintiffs' Complaint and their putative permanent injunction demand.

Plaintiffs nevertheless speculates that "unconstitutional practices" could continue to occur, or that the Bergen Clerk cannot somehow guarantee that he will not. Opp. 5-6. Initially, there has been no finding by this Court that the Clerk has engaged in any unconstitutional "practices." Indeed, Plaintiffs have presented no evidence, and have not even argued, that the Bergen Clerk did anything other than follow the requirements of the former Ballot Design Statute, notwithstanding their

5

vague references to the "discretion" the County Clerks supposedly enjoyed under the old Ballot Design Statute.

Plaintiffs otherwise claim there is still a live controversy because the Revised Ballot Design Statute supposedly does not "remove all constitutional harm" of the Bracketing Structure, pointing to a laundry list of concerns, such as "in-office bracketing," "stacking," and "forced association," as evidenced by various sample ballots for the 2024 Democratic Party primary election. *See* Opp. 19-24; *see also* Bromberg Cert., Exs. B to H. These concerns are entirely irrelevant to the mootness analysis since the Revised Ballot Design Statute implements the ***actual*** relief Plaintiffs' Complaint and their putative permanent injunction seek. That is, what Plaintiffs are complaining about is that the permanent injunction they themselves seek does not entirely alleviate the (recently) alleged "constitutional harm." Further, the Revised Ballot Design Statute is entitled to the presumption of validity. *State v. Muhammad*, 145 N.J. 23, 41 (1996). The Court should see through this obvious attempt to move the goalposts.

But even so, Plaintiffs' concerns of continued "constitutional harm" are clearly feigned as they did not make any application to the Court to enforce the preliminary injunction against the County Clerks supposedly responsible for issuing the constitutionally problematic sample ballots (who do not include the Bergen Clerk) or to hold them in contempt. Indeed, Plaintiffs have entered into settlement

6

agreements with almost all of the County Clerks responsible for those sample ballots, none of which speak of, much less address, the supposed "constitutional harm" Plaintiffs now claim requires this lawsuit to continue.

In sum, the Opposition does not, because it cannot, dispute that the Revised Ballot Design Statute implements the exact relief Plaintiffs' lawsuit seeks. Whatever "constitutional harm" might still remain is therefore a product of Plaintiffs' own making, and certainly not the result of the actions of the Clerk Defendants. Accordingly, this case is moot and must be dismissed for lack of subject matter jurisdiction.

## II. PLAINTIFFS CANNOT RECOVER THEIR FEES FROM THE BERGEN CLERK DEFENDANTS

As set forth in the Opening Brief, Plaintiffs must be a prevailing party to recover attorney's fees under Section 1988. Wheeler v. Towanda Area School Dist., 950 F.2d 128, 131 (3d Cir. 1991); J.C. v. Mendham Twp. Bd. of Educ., 29 F.Supp.2d 214, 219 (D.N.J. 1998). Plaintiffs never obtained prevailing party status in this case and, as set forth in Point I, cannot now. Therefore, there can be no attorney's fee claim and it must be dismissed.

## III. EVEN IF CONSIDERED A PREVAILING PARTY, ANY FEE AWARD SHOULD BE PAID BY THE STATE OF NEW JERSEY

As the Opening Brief established, federal courts that have recently considered the issue have all held that courts should impose liability for fees under 42 U.S.C. § 1988(b) on the entity on whose behalf a governmental official was acting when the official engaged in the activities that were the subject of the suit. *Buffin v.*

7

*California*, 23 F.4th 951, 961 (9th Cir. 2022); *Miller v. Caudill*, 936 F.3d 442, 450-51 (6th Cir. 2019); *Herbst v. Ryan*, 90 F.3d 1300, 1306 (7th Cir. 1996); *Echols v. Parker*, 909 F.2d 795, 800-01 (5th Cir. 1990). The Opposition (Opp. 45) similarly recognizes that these courts have held that where, as here, a county official is sued in his official capacity for enforcing an unconstitutional state law, the state should ultimately bear responsibility for paying a prevailing party's attorneys' fees, even if the state was not a party to the suit. *Buffin*, 23 F.4th at 962 (holding that state should pay attorneys' fees in suit against county sheriff for enforcing unconstitutional state-mandated bail scheme); *Miller*, 936 F.3d at 451 (holding that state should pay prevailing party's attorneys' fees in suit to enjoin county clerk's refusal to issue marriage licenses to same sex couples where state law governed issuance of marriage licenses); *Echols*, 909 F.2d at 800-01 (holding state responsible for prevailing party's attorneys' fees in suit to enjoin county official's enforcement of unconstitutional state anti-boycott statute).[2]

---

[2] Plaintiffs argue that *Finberg v. Sullivan*, 55 F. Supp. 1068, 1070-71 (E.D. Pa. 1982), which appeared to reach a contrary result, is binding because it was affirmed by the Third Circuit. Plaintiffs fail to disclose that the Third Circuit only summarily affirmed, without an opinion, the district court in *Finberg. See Finberg v. Sullivan*, 707 F.2d 1390 (3d Cir. 1983). Because the district court in *Finberg* considered multiple issues, the Third Circuit's summary affirmance does not create binding precedent, especially given that other circuit court caselaw since then has reached a contrary holding on the issue. *See United States v. Board of Ed. For School Dist. of Philadelphia*, 911 F.2d 882, 888 (3d Cir. 1990) (holding that summary disposition by United States Supreme Court only creates precedent as to specific challenges

Apparently in response to the Bergen Clerk for not having voluntarily agreed to pay their counsel fees and agree to a consent order beyond their authority, Plaintiffs' counsel insists that its substantial fees, which are unrecoverable anyway, must come from the taxpayers Bergen County. Plaintiffs justify their rigid position on the grounds that the Bergen Clerk was supposedly given discretion to administer elections within their counties under the Ballot Design Statute. *See* Opp. 44-46. Left unidentified, however, are the discretionary acts that Plaintiffs sought to enjoin. Nothing is identified, because the Plaintiffs' Complaint makes clear that specific aspects of the ballot design that they sought to enjoin were all mandated by the New Jersey Legislature.

Ultimately, Plaintiffs' insistence on extracting their fees, which are not recoverable anyway, from the taxpayers of Bergen county has no basis in commonsense concepts of justice or fairness, considering that their lawsuit undeniably sought to overturn a state law that the Clerk was obligated to follow. That the Bergen Clerk are now bound to, and therefore will, follow a new statute that provides Plaintiffs exactly what their lawsuit demanded, renders their demand for payment from county taxpayers all the more puzzling. Whatever Plaintiffs'

---

presented in jurisdictional statement "assuming, of course, that there have been no subsequent doctrinal changes that cast doubt on the continued vitality of the holding") (citations omitted).

9

motivation might be, there is no reasonable basis for them to object to their counsel fees being paid by the State of New Jersey, if such fees are recoverable, which they clearly are not as they were never a prevailing party.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in their Opening Brief, Defendant John S. Hogan, in his official capacity as Clerk of Bergen County respectfully requests that the Court: (i) dismiss with prejudice Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction; and (ii) rule that Plaintiffs are not entitled to recover their attorneys' fees.

Dated: March 31, 2025               Respectfully submitted,

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
*Attorneys for Defendant John S. Hogan*

By: /s/ *Jason S. Nunnermacker*
Paul Kaufman, Esq.
Jason S. Nunnermacker, Esq.
Jaime R. Placek, Esq.
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel: (201) 928-1100
pkaurman@doctiislaw.com
jnunnermacker@decotiislaw.com
jplacek@decotiislaw.com