**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDY KIM,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **CHRISTINE GIORDANO HANLON,** *et al.*, <br><br> Defendants. | Civil Action No. 24-1098 (ZNQ) (TJB) <br> Civil Action No. 20-8267 (ZNQ) (TJB) <br><br> **OPINION** |
| **CHRISTINE CONFORTI,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **CHRISTINE GIORDANO HANLON,** *et al.*, <br><br> Defendants. | |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon Motions to Dismiss the Camden County Democratic Committee ("CCDC") filed by Plaintiffs in both *Kim v. Hanlon*, Civ. No. 24-1098 (ECF No. 287) and *Conforti v. Hanlon*, Civ. No. 20-8267 (ECF No. 229) (collectively, the "Motions"). In support of the Motions, Plaintiffs filed a moving brief ("Plaintiffs' Moving Br.," ECF No. 287-1; ECF No. 229-1); CCDC filed an opposition brief ("CCDC's Opp'n Br.," ECF

1

Nos. 293 and 230); and Plaintiffs filed a reply brief ("Plaintiffs' Reply Br.," ECF Nos. 294 and 231.)[1]

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[2] For the reasons set forth below, the Court will **GRANT** Plaintiffs' Motions.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

The factual background and procedural history are known to the parties and will not be reiterated herein. For a comprehensive review of the background, reference is made to *Kim v. Hanlon*, Civ. No. 24-1098, 2024 WL 1342568, at *1 (D.N.J. Mar. 29, 2024) (granting preliminary relief to Plaintiffs), the Third Circuit decision that affirmed the Court's grant of a preliminary injunction, *Kim v. Hanlon*, 99 F.4th 140, 159 (3d Cir. 2024), *Conforti v. Hanlon*, Civ. No. 20-08267, 2022 WL 1744774, at *1 (D.N.J. May 31, 2022) (granting-in-part and denying-in-part a motion to dismiss challenging New Jersey's ballot bracketing system), and *Conforti v. Hanlon*, Civ. No. 20-8267, 2023 WL 2744020, at *5 (D.N.J. Mar. 31, 2023) (granting eight motions to intervene, including CCDC's motion).

For the purposes of the present Motions, the Court granted CCDC's motion to intervene in *Conforti v. Hanlon* on March 31, 2023. (ECF No. 164.) In deciding CCDC's motion, and seven others, the Court held that the "Proposed Intervenors have satisfied the elements of permissive intervention under Rule 24(b)(1)(B)." (*Id.*) The Court also granted CCDC's motion to intervene in *Kim v. Hanlon* on March 14, 2024. (ECF No. 121).

---

[1] The briefs filed in each case are the same. Accordingly, for no reason other than brevity and clarity, the Court cites only to the briefs submitted in the *Kim* matter.
[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

After CCDC's intervention, the Court issued a Preliminary Injunction (ECF Nos. 194, 195), which the Third Circuit affirmed on an appeal pursued solely by CCDC. The Court has since approved settlements and dismissals for most of the county clerks, including the Camden County Clerk.[3] (ECF Nos. 237, 238, 240, 247, 254, 256, 258, 265 (Camden), 270, 273, 277, 279, 281). The terms of the settlements, including the one for Camden County, incorporate a consent order to the effect that the respective counties will no longer use a county line ballot for primary elections and will instead use an office block ballot. *See* ECF No. 265. Only the clerks for Hudson and Bergen Counties remain. By the current Motions, Plaintiffs seek to dismiss CCDC from these matters.

## II.  SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

## III.  LEGAL STANDARDS

### A.  ARTICLE III STANDING

To establish standing, a party must allege that he or she has "suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 484 (3d Cir. 1998) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Standing also requires "a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (alterations in original) (internal quotations omitted). It must also be "likely, as

---

[3] The Camden County Clerk was not named as a party in *Conforti*, but as a practical matter it is nevertheless bound by the consent order it signed in *Kim*.

opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotations omitted). Finally, a party must assert "her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

### B.   INTERVENTION

Intervention is governed by Rule 24. The Rule affords two routes: "intervention of right" under Rule 24(a) or "permissive intervention" under Rule 24(b). For intervention as of right under Rule 24(a)(2), a litigant must establish: "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." *Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 681 F. App'x 110, 111–12 (3d Cir. 2017) (citations omitted). "Each requirement must be met to intervene as of right." *Id.* at 112 (citations and interior quotation marks omitted).

Permissive intervention under Rule 24(b) affords a court with some discretion as to whether to join the would-be party: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Islamic Soc'y*, 681 F. App'x at 112. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *King v. Governor of the State of New Jersey*, 767 F.3d 216, 246 (3d Cir. 2014).

## IV.    DISCUSSION

Based on changed circumstances—especially the dismissal of the Camden County Clerk—Plaintiffs challenge CCDC's continued participation in these suits because CCDC lacks Article III standing. Plaintiffs argue that CCDC is now seeking relief different from the remaining parties such that, under Supreme Court precedent, CCDC must demonstrate Article III standing, but cannot. (Plaintiffs' Moving Br. at 6) (citing *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439–40 (2017) ("*Laroe*"). First, Plaintiffs say CCDC suffers no injury based on the way primary ballots are designed and distributed to voters in Bergen and Hudson counties. (*Id*. at 7.) Second, any injury-in-fact is no longer fairly traceable to, nor redressable by, the remaining parties. (*Id*. at 7–8.)

CCDC distinguishes *Laroe* and its Article III requirement on the basis that *Laroe* involved intervention as of right, not the permissive intervention CCDC was granted in this case. (CCDC's Opp'n Br. at 3–4.) In the alternative, CCDC insists that it does have the required standing. Its injury-in-fact is the infringement of its interest in its freedom to associate with Democratic candidates for office under the First Amendment. (*Id*. at 7.) Moreover, its harm "is fairly traceable to the County Clerks" because they "conduct a drawing to determine the order of the ballot." (*Id*.) Further, CCDC argues, only a preliminary injunction has issued; Plaintiffs have yet to obtain a permanent injunction against county line ballots for all New Jersey counties. (*Id*.) CCDC dismisses as "of no consequence" the "settlement agreement" entered into by the Camden County Clerk. (*Id*. at 9.) According to CCDC "nothing precludes the Camden County Clerk from seeking relief from the Order requiring use of an office-block ballot as a result of the preliminary injunction." (*Id*.)

5

1.      Whether *Laroe* Applies to Permissive Intervenors

Despite CCDC's attempts to distinguish *Laroe*, the Court finds that *Laroe*'s Article III standing requirement applies with equal force to permissive intervenors who are seeking different relief from that of the parties. CCDC is correct that the intervenor in *Laroe* was joined as of right, but the Supreme Court emphasized the importance of standing and focused on the distinction between intervenors who sought the same relief as the existing parties versus those who sought different relief. Having carefully read *Laroe*, this Court finds that its rationale applies with equal force to permissive intervenors. Other district courts, including at least one in this circuit, have reached the same conclusion.[4] *See Cirba Inc. v. VMWARE, Inc.*, Civ. No. 19-742, 2020 WL 7489765, at *3 (D. Del. Dec. 21, 2020) (where intervention could broaden consequences of a party's actions, "permissive intervention (without independent Article III standing) would not be appropriate.") (citing *Laroe*); *1199SEIU United Healthcare Workers E. v. PSC Cmty. Serv's.*, 608 F. Supp. 3d 50, 60 (S.D.N.Y. 2022) ("Although the Supreme Court . . . determined only that a proposed intervenor as of right must demonstrate Article III standing in this context, lower courts analyzing [it] have explained persuasively that the reasoning employed by the Supreme Court applies equally in the context of permissive intervention."); *Cross Sound Cable Co., LLC v. Long Island Lighting Co.*, Civ. No. 21-2771, 2022 WL 247996, at *9–10 (E.D.N.Y. Jan. 27, 2022) (same) (collecting cases).

2.      Whether CCDC Seeks the Same Relief as the Remaining Parties

Presumably, because it is convinced that *Laroe* does not apply, CCDC's opposition does not brief the issue of whether its position varies from those of the remaining parties. Plaintiffs

---

[4] The Court is mindful of the Third Circuit's express holding, prior to *Laroe*, that a permissive intervenor need not establish Article III standing. *King v. Governor of the State of New Jersey*, 767 F.3d 216, 246 (3d Cir. 2014). *Laroe* did not expressly overrule *King* and the Third Circuit has not yet had the opportunity to revisit its decision in *King*, post *Laroe*. In the meantime, the undersigned is persuaded by other district courts that have applied *Laroe* to permissive intervenors.

6

distill CCDC's current position as follows: "Whereas the remaining defendants respond to Plaintiffs by claiming the county line ballot design is constitutionally allowable, CCDC goes further and says it is constitutionally *compelled*." (Plaintiffs' Reply Br. at 3) (emphasis in original).

Plaintiff's characterization has a ring of truth. At the outset of the suit, CCDC could succeed, with the county clerks, by defending the constitutionality of its preferred county line ballot in its county. Now that the Camden County Clerk has entered into the consent order, CCDC seeks different relief: an order finding that its county line ballot in Camden County is *required* by the First Amendment.[5] Accordingly, the Court finds that *Laroe* applies and that CCDC must demonstrate Article III standing to remain in these matters.

### 3. Whether CCDC Has Article III Standing

Setting aside whether CCDC has established an injury-in-fact by being deprived of a county line ballot,[6] its harm is "not fairly traceable to the County Clerks." Obviously, the Clerks of Bergen and Hudson Counties do not conduct a drawing to determine the order of the ballot in Camden County. Nor do Plaintiffs. It is the Camden County Clerk—who has settled, consented, and been dismissed—that performs this function. This presents a redressability problem as well because, even if CCDC were to win on the merits, no parties remain for the Court to order to remedy CCDC's harms. It is true that the Camden County Clerk has the *option* of seeking relief from the consent order it signed should CCDC win, but this is outside the scope of the Court's authority to compel. That is, the Court cannot *order* the Camden County Clerk to seek that relief.

---

[5] Plaintiffs and the Camden County Clerk appear to have contemplated this potential outcome in their consent order. Its language includes a provision that relieves the Clerk from its obligations if a "subsequent court order from a court of competent jurisdiction rules that, this order notwithstanding, failing to honor bracketing requests from political parties will result in a constitutional violation." (Court Order Approving Settlement and Dismissal as to Defendant, Camden County Clerk issued October 31, 2024, paragraph 7(b), ECF No. 265 at 3.)

[6] The Court is conscious that, on appeal of this Court's preliminary injunction order, the Third Circuit found that CCDC had alleged an injury sufficient to show standing to appeal. *Kim v. Hanlon*, 99 F.4th 140, 154 n.8 (3d Cir. 2024). That was for purposes of appeal and prior to the Camden County Clerk settling, entering into a consent order, and being dismissed.

7

In sum, the Court finds that CCDC has not satisfied its requirement of showing Article III standing in these cases. Accordingly, it must be dismissed.[7] In reaching this conclusion, the Court emphasizes that CCDC's cause need not end here. It is free to assert its rights in another suit. This Court merely finds that it is just no longer appropriate for CCDC to do so in these cases.

## V.     CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiffs' Motions. CCDC will be **DISMISSED WITHOUT PREJUDICE**. An appropriate Order will follow.


Date: June 2, 2025

                                                    s/ Zahid N. Quraishi
                                                  **ZAHID N. QURAISHI**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[7] Although the parties did not brief whether the Court should revisit CCDC's application to intervene as of right, Plaintiffs do argue that the Court should exercise its discretion to revoke CCDC's permissive intervention. Courts have held that an intervenor joined at the discretion of a district court under Rule 24(b) also *continues* at the discretion of that district court. *See Morgan v. McDonough*, 726 F.2d 11, 14 (1st Cir. 1984); *Tasby v. Wright*, 109 F.R.D. 296, 297, 299 (N.D. Tex. 1985); *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, Civ. No. 09-2502, 2012 WL 4717814, at *1 (N.D. Cal. Sept. 28, 2012), *aff'd,* 534 F. App'x 665 (9th Cir. 2013). Notably, in *Mishewal Wappo*, the court re-evaluated a party's intervenor status under Rule 24(b)(1)(B) and found that the intervenor did not have a common claim or defense and that allowing them to remain in the case would cause undue delay and cause prejudice to the named parties. 2012 WL 4717814, at *6. Under the same theory, this Court would also dismiss CCDC because its position no longer aligns with the remaining parties and its continued presence would cause undue delay and prejudice to the remaining parties.