UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

April 19, 2025

## LETTER ORDER

Re:   Christine Conforti, *et al.* v. Christine G. Hanlon, *et al.*, Civ. No. 20-8267
      Andy Kim, *et al.* v. Christine G. Hanlon, *et al.*, Civ. No. 24-1098

Dear Counsel:

**THIS MATTER** comes before the Court upon the following motions for reconsideration in the titled matters. In *Conforti v. Hanlon* (20-8267), the following motions, oppositions, and replies before the Court are:

- Motion for Reconsideration filed by the Bergen County Clerk John S. Hogan ("Hogan") (ECF No. 256-1); Opposition Brief filed by Plaintiffs (ECF No. 260); and a Reply Brief filed by Hogan (ECF No. 264).
- Motion for Reconsideration filed by Plaintiffs (ECF No. 257); Opposition Brief filed by Hogan (ECF No. 260); and a Reply Brief filed by Plaintiffs (ECF No. 266).

In *Kim v. Hanlon* (24-1098), the following motions, oppositions, and replies before the Court are:

- Motion for Reconsideration filed by Hogan and the Union County Clerk Joanne Rajoppi ("Rajoppi") (ECF No. 324); Opposition Brief filed by Plaintiffs (ECF No. 330); and a Reply Brief filed by Rajoppi and Hogan (ECF No. 332).
- Motion for Reconsideration filed by Plaintiffs (ECF No. 325); Opposition Brief filed by Rajoppi and Hogan (ECF No. 328); and a Reply Brief filed by Plaintiffs (ECF No. 334).

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** all of the parties' motions.

### I.    BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the instant motions. For a comprehensive review of the factual and procedural history, reference is made to *Kim v. Hanlon*, Civ. No. 24-1098, 2024 WL 1342568, at *1 (D.N.J. Mar. 29, 2024) (granting preliminary relief to Plaintiffs); the Third

1

Circuit decision that affirmed the Court's grant of a preliminary injunction, *Kim v. Hanlon*, 99 F.4th 140, 159 (3d Cir. 2024); *Conforti v. Hanlon*, Civ. No. 20-08267, 2022 WL 1744774, at *1 (D.N.J. May 31, 2022) (granting-in-part and denying-in-part a motion to dismiss challenging New Jersey's ballot bracketing system); *Conforti v. Hanlon*, Civ. No. 20-8267, 2023 WL 2744020, at *5 (D.N.J. Mar. 31, 2023) (granting eight motions to intervene, including the Camden County Democratic Committee's motion); *Kim v. Hanlon*, Civ. No. 20-8267, 2025 WL 1553711, at *1 (D.N.J. June 2, 2025) (granting Plaintiffs' motion to dismiss the Camden County Democratic Committee); and the Court's June 3, 2025 Letter Order ("June 3 Letter Order") of which the parties now seek reconsideration.   (*See* ECF Nos. 253 (*Conforti*), 321 (*Kim*).)

In the June 3 Letter Order, the Court found that the "Revised Ballot Design Statute—while . . . an earnest response to the Court's issuance of a preliminary injunction in *Kim*—does not address all of the issues raised by Plaintiffs."   (ECF No. 321 at 4; ECF No. 253 at 4.)   Accordingly, the Court concluded that Plaintiffs' constitutional claims were not moot because they were capable of repetition.   (*Id.* at 5.)   The Court declined to opine on the merits of any anticipated motion for attorneys' fees and costs, noting that such a decision would be pre-mature in the absence of a formal fee petition.   (*Id.* at 5–6.)   Because the "scope of the parties' remaining disputes in these matters [was] unclear," the Court ordered the parties to meet and confer and file a joint letter advising whether 1) the parties are stipulating to dismissal of these matters (with Plaintiffs' applications for attorneys' fees to follow); 2) Plaintiffs will be amending their operative complaints to allege specifics as to the Revised Ballot Design Statute (Plaintiffs are hereby given leave to do so); or 3) the parties are proposing some other next step.   (*Id.* at 6.)   Instead of submitting a joint letter, the parties filed the instant motions for reconsideration.[1]

## II.   SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

Reconsideration, under Local Civil Rule 7.1(i), is an "extraordinary remedy" that is rarely granted.   *Interfaith Only. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted).   The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly [discovered] evidence."   *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1958)).   Accordingly, a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."   *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).   To demonstrate a clear error, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that the holdings on which it bases its request (1) were without support in the record, or (2) would result in manifest injustice if not addressed.

---

[1] Notably, shortly after the Court directed the parties to meet and confer by June 9, 2025, the parties submitted extension requests for that deadline, citing the impending June 10 primary election and a personal conflict.   (ECF Nos. 253 and 322.)   The Court granted those extensions with the understanding that the parties sought them to comply with the Court's June 3 Letter Order.   (ECF Nos. 254 and 323.)   However, instead of abiding by the Court's directive, the parties filed the instant motions for reconsideration.   The Court finds that the parties' requests for extensions were less than forthcoming.   The Court takes this opportunity to remind counsel of their duty of candor to this tribunal and express its expectation that they will meet that duty in the future.

*Leja v. Schmidt Mfg, Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010).  Importantly, courts will "entertain" motions for reconsideration "[o]nly where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Mere "disagreement with the Court's decision" is also insufficient.  *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

**IV.    DISCUSSION**

The parties each argue that reconsideration is warranted because the June 3 Letter Order was based on a clear error of law.  (ECF No. 256-1 at 1; ECF No. 257-1 at 3; ECF No. 325-1 at 3.)  For the reasons that follow, the Court finds that the parties fail to meet the standard for the extraordinary remedy of reconsideration.

First, in his Motion for Reconsideration in *Conforti*, Hogan argues that the Court erred by 1) finding that the Revised Ballot Design Statute did not moot Plaintiffs' suit; 2) finding that Plaintiffs have standing to pursue claims under the Revised Ballot Design Statute; 3) stating that the clerks have discretion in formatting a Democratic ballot in the future; and 4) forcing Hogan to defend the constitutionality of the Revised Ballot Design Statute.  (ECF No. 256-1 at 2–8.)

Hogan's Motion in *Conforti* lacks merit because he does not meet the standard for reconsideration insofar as the gravamen of his arguments is merely that that the Court's prior ruling was arguably erroneous.  *See Leja*, 743 F. Supp. 2d at 456.  Contrary to his contentions, the Court made no findings as to the constitutionality of the Revised Ballot Design Statute or whether Plaintiffs have standing to pursue claims under the Revised Ballot Design Statute.  The Court instead instructed the parties to confer and advise how they intended to proceed.  The Court did not force Hogan to defend the Revised Ballot Design Statute and did not err in its reading that the Revised Ballot Design Statute confers discretion on the county clerks.  *See, e.g.*, N.J. Stat. Ann. § 19:23-24(a) ("The position which the candidates . . . for the primary [and] general election shall have upon the ballots use . . . shall be determined by the county clerks in their respective counties."); *see also* N.J. Stat. Ann. § 19:23-23.2(2)(c)(1)–(3); N.J. Stat. Ann. § 19:23-18.[2]

Second, Rajoppi and Hogan raise similar arguments in their Motion for Reconsideration in *Kim* to those posed in Hogan's motion in *Conforti*.  Their motion in *Kim* <u>adds </u>that they are faced with the choice of expending taxpayer dollars defending a statute that they had no role in formulating or to sit idly as Plaintiffs receive a final judgment.  (ECF No. 324-1 at 8.)  That is not the case.  Rajoppi and Hogan are the only two county clerks who have not resolved the claims against them.  It appears to be because they are averse to paying the attorneys' fees provided for by statute.  The June 3 Letter Order did not direct this litigation to the Revised Ballot Design Statute or imply the remaining county clerks need to defend that statute.  It simply held, based on the briefing before the Court, that Plaintiffs' constitutional claims, as pled in the original complaints, were not mooted by the enactment of that statute.

---

[2] Even if the Court erred in stating that "the Revised Ballot Design Statute continues to vest the county clerks with discretion to organize the ballot in a way that favors certain candidates," (ECF No. 321 at 4; ECF No. 253 at 4), Hogan has not demonstrated that the Court's reading of the statute was without support in the record or would result in manifest injustice.  *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision").

Hogan and Rajoppi moreover argue that the Court ignored the United States Supreme Court's recent decision in *Lackey v. Stinnie*, which held that "preliminary injunctions do not conclusively resolve the rights of parties on the merits, [and] do not confer prevailing party status." *Lackey v. Stinnie*, 145 S. Ct. 659, 667 (2025). As such, they sought a declaration that Plaintiffs can never be prevailing parties for purposes of recovering attorneys' fees. (ECF No. 324-1 at 10.) Plaintiffs anticipated in a footnote that "Defendants will rely on the Supreme Court's decision in [*Lackey*] to assert that the Court is precluded from granting Plaintiffs fees," should a petition be filed prior to a final judgment. (ECF No. 325-1 at 3 n.4; ECF No. 257-1 at 3 n.4.) Defendants' argument is unpersuasive for two reasons. First, it ignores that Plaintiffs have not yet made a fee application. Second, the Supreme Court in *Lackey* required an enduring change in the legal relationship amongst the parties that is judicially sanctioned, but the relief granted to date in this case has only been preliminary. *Lackey*, 145 S. Ct. at 668.

Third, Plaintiffs argue in their Motion for Reconsideration in *Conforti* and *Kim*[3] that the Court did not offer reasoning as to its denial of summary judgment, especially because there is no material factual dispute. (ECF No. 257-1 at 2.) They also contend that since the *Kim* and *Conforti* Defendants do not challenge the merits of the constitutional claims, they deserve a final judgment.

Here, it appears that Plaintiffs also simply disagree with the Court's June 3 Letter Order. The mere "disagreement with the Court's decision" is insufficient to grant a motion for reconsideration. *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352. Although Plaintiffs are correct that there is no factual dispute and Defendants have not sought to produce expert evidence, their arguments ignore that there may be some other hindrance (*e.g.*, Article III standing) to Plaintiffs receiving a final judgment that would meet the requirement of *Lackey*. That is why the Court ordered the parties to meet and confer.

## V.   CONCLUSION

For the reasons set forth above, the Motions (ECF Nos. 256 and 257 in 20-8267 *Conforti* and ECF Nos. 324 and 325 in 24-1098 *Kim*) are hereby **DENIED**.

**IT IS SO ORDERED**.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[3] The briefing is the same in Plaintiffs' Motions for Reconsideration in both *Conforti* and *Kim*.