**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ZAHID N. QURAISHI**<br>**UNITED STATES DISTRICT JUDGE** | **U.S. COURTHOUSE**<br>**402 EAST STATE STREET, ROOM 4000**<br>**TRENTON, NJ 08608** |

May 22, 2026

<u>**LETTER ORDER**</u>

Re:    **Conforti, *et al.* v. Hanlon, *et al*., Civ. No. 20-8267**
       **Kim, *et al.* v. Hanlon, *et al.*, Civ. No. 24-1098**

Dear Counsel:

**THIS MATTER** comes before the Court upon its **ORDER TO SHOW CAUSE** as to "why this matter should not be dismissed for lack of standing given that [Plaintiffs] have not alleged an intention to seek office by election in the future."  (*Conforti*, ECF No. 268; *Kim*, ECF No. 336.)  In *Conforti v. Hanlon* (20-8267) the following motions, oppositions, and replies are before the Court:

- Brief in Response filed by Plaintiffs United States Senator Andy Kim, Carolyn Rush, Sarah Schoengood, Christine Conforti, Arati Kreibich, Mico Lucide, Joseph Marchica, Kevin McMillan, Zinovia Spezakis, and New Jersey Working Families Alliance, Inc. (collectively, "Plaintiffs") (ECF No. 273);
- Brief in Opposition filed by Defendant John Hogan in his official capacity as Clerk of Bergen County (ECF No. 276);
- Reply Brief in Further Response to Order to Show Cause filed by Plaintiffs (ECF No. 277)

In *Kim v. Hanlon* (24-1098), the following motions, oppositions, and replies are before the Court:

- Brief in Response filed by Plaintiffs (ECF No. 341);
- Brief in Opposition filed by Defendant John Clerk in his official capacity as Clerk of Bergen County (ECF No. 344);
- Brief in Opposition filed by Defendant Joanne Rajoppi in her official capacity of Clerk of Union of County (ECF No. 345);
- Reply Brief in Further Response to Order to Show Cause filed by Plaintiffs (ECF No. 346)

For the reasons set forth below, the Court holds that Plaintiffs have standing to proceed in this matter.

1

## I.    BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the Order to Show Cause.   For a comprehensive review of the factual and procedural history, reference is made to *Kim v. Hanlon*, Civ. No. 24-1098, 2024 WL 1342568, at *1 (D.N.J. Mar. 29, 2024) (granting preliminary relief to Plaintiffs), the Third Circuit decision that affirmed the Court's grant of a preliminary injunction, *Kim v. Hanlon*, 99 F.4th 140, 159 (3d Cir. 2024), *Conforti v. Hanlon*, Civ. No. 20-8267, 2022 WL 1744774, at *1 (D.N.J. May 31, 2022) (granting-in-part and denying-in-part a motion to dismiss challenging New Jersey's ballot bracketing system), and *Conforti v. Hanlon*, Civ. No. 20-8267, 2023 WL 2744020, at *5 (D.N.J. Mar. 31, 2023) (granting eight motions to intervene, including the CCDC's motion).

Notably, and in direct response to the Court's decision in *Kim* granting the *Kim* Plaintiffs preliminary relief, the New Jersey Legislature enacted the "Revised Ballot Design Statute" designed to "revise . . . primary election ballots and certain primary election procedures," and to mandate that ballots "be arranged by office block."   (Synopsis Assembly No. 5115 211st Legislature Dec. 9, 2024, ECF No. 302-1, Ex. I (Exhibits to Plaintiffs' Opp'n Brief to the County Clerks' Motions in *Kim*).   Governor Philip D. Murphy signed the bill into law on March 6, 2025. (*Kim*, ECF No. 302 at 5 n.1.)

Following the Revised Ballot Design Statute, the Court denied the parties' Motions for Summary Judgment and held that Plaintiffs' claims did not become moot upon the enactment of the amended statute.   (*Kim*, ECF No. 321.)   Specifically, the Court found that the Revised Ballot Design Statute did "not address all of the issues raised by Plaintiffs," including the discretion afforded to county clerks "to organize the ballot in a way that favors certain candidates."   (*Kim*, ECF No. 321 at 4.)   The Court then ordered the parties to file a joint letter advising whether: 1) the parties are stipulating to dismissal of these matters; 2) Plaintiffs will be amending their operative complaints to allege specifics as to the Revised Ballot Design Statute or 3) the parties are proposing some other next step.   (*Id.* at 6.)

Rather than file a joint letter, Defendants Hogan and Rajoppi (the "Clerk Defendants"), filed a Motion for Reconsideration in *Kim* (ECF No. 324) and *Conforti* (ECF No. 256).   The Plaintiffs also filed a Motion for Reconsideration in *Kim* (ECF No. 325) and *Conforti* (ECF No. 257).   The Court subsequently denied both Motions and issued an Order to Show Cause as to "why this matter should not be dismissed for lack of standing given that they have not alleged an intention to seek office by election in the future."   (*See Conforti*, ECF No. 268; *Kim*, ECF No. 336.)

Following the Order to Show Cause, the Plaintiffs in *Kim* filed a Brief in Response, which included Declarations from United States Senator Andy Kim, Arati Kreibich, Mico Lucide, Joseph Marchica, Kevin McMillan, Antoinette Miles, Carolyn Rush, and Zina Spezakis.   (ECF No. 341-1.)   In *Conforti*, the Plaintiffs also filed a Brief in Response, which included Declarations from Senator Kim, Arati Kreibich, Mico Lucide, Joseph Marchica, Kevin McMillan, Antoinette Miles, Carolyn Rush, and Zina Spezakis.   (ECF No. 341-1.)   These declarations each stated that they

planned to seek office by election at some point in the upcoming years.[1]

In response, Defendants argue that the only Plaintiffs relevant to the current litigation are the individuals who have stated their intention to run for office in either Bergen or Camden County. Defendants further argue that Plaintiffs have not demonstrated an "injury in fact" sufficient to give Plaintiffs standing to continue their litigation.

## II.    Discussion

For a plaintiff to have Article III standing, he must show that there is: (1) an injury in fact; (2) causation; and (3) redressability. *See Nat'l Shooting Sports Found. v. Att'y Gen. of N.J.*, 80 F.4th 215, 218 (3d Cir. 2023). The injury in fact must be "concrete, particularized, and imminent rather than conjectural or hypothetical." *Id.* (quoting *Trump v. New York*, 592 U.S. 125, 131 (2020)). An injury is imminent if it is "certainly impending" or if there is "a substantial risk that the harm will occur." *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

Here, the Court previously found that Plaintiffs had standing to bring their claims. (*See Conforti*, ECF No. 111.) At the time of the Order to Show Cause, however, it was unclear as to whether Plaintiffs planned on seeking office by election in the future. Thus, the only issue before the Court was whether any of the candidates planned to seek office.

In response to the Order to Show Cause, Plaintiffs filed eight declarations from individual plaintiffs, each expressing their intent to run for local, country, and statewide office, as well as offices with multiple and single seats. The declarations also express their intent to run for either "vote-for-one" or "vote-for-many" offices. Based on these declarations, the Court is satisfied that Plaintiffs have standing for their claims for the reasons previously articulated. (*Conforti*, ECF No. 111 at 13–20.)

None of the arguments raised by Defendants are sufficient to defeat Plaintiffs' standing. First, Defendants argue that the only Plaintiffs relevant to the continued litigation are those who plan to seek office in Bergen or Camden County. However, at least for purposes of standing, it is well established that "[i]f at least one plaintiff has standing, the suit may proceed." *Road-Con, Inc. v. City of Philadelphia*, 120 F.4th 346, 354 (3d Cir. 2024) (quoting *Biden v. Nebraska*, 600 U.S. 477, 489 (2023)); *see also Rumsfeld v. F. for Acad. and Inst. Rts.*, 547 U.S. 47, 52 n.2 (2006) (holding that "the presence of one party with standing is sufficient" for a case to proceed). Because at least some Plaintiffs have expressed an intent to run for office in Bergen or Camden County, Defendants' argument has no bearing on whether this case may proceed.

Second, Defendants' remaining arguments as to why Plaintiffs have not established an "injury-in-fact" are also without merit and are largely the same arguments the Court previously rejected. For example, Defendants assert that Plaintiffs have not demonstrated how the County Clerk's "discretion" could harm Plaintiffs. But the Court has already held that the County Clerk's "discretion" under the Revised Ballot Design Statute allows the County Clerks to choose the order

---

[1] Antoinette Miles is the only individual not seeking office. However, she signed the declaration on behalf of the New Jersey Working Families Alliance, an organization that endorses candidates running for state, county, local, and party office in New Jersey, including candidates running for election in 2026 and beyond.

of a candidate subject to (1) placing them in an office structure, (2) candidate petitions, (3) candidate slogans, and (4) associations/endorsements.  (*Kim*, ECF No. 321.)   Based on the County Clerks' history of ballot organization, the Court finds that Plaintiffs' freedom to associate is "likely to suffer future injury."  *Road-Con*, 120 F.4th at 354; (*Conforti*, ECF No. 111 at 14–15.)   Moreover, Defendants further argue that the Revised Ballot Design Statute does not require an individual seeking a "multiple open seat" office to align with any other candidate for that office. However, the Court already found that the amendment did not remove all the alleged unconstitutional practices.  (*Kim*, ECF No. 321.)

### III.    Conclusion

For the reasons explained above, the Court is satisfied that Plaintiffs have standing to bring their claims.[2]   Accordingly, the Court orders the parties to respond to its prior Orders (*Conforti*, ECF No. 253; *Kim*, ECF No. 321) and to file a joint letter by May 29, 2026.


**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent this issue might be viewed as one of mootness, Plaintiffs' declarations also provide further confirmation that this matter has not been rendered moot by the Revised Ballot Design Statute.  Plaintiffs' future election plans mean Plaintiffs continue to have a personal interest in the dispute and that the Court can provide them with "effectual relief."  *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021) (Mootness measures a plaintiff's "personal interest in the dispute" throughout the proceedings and whether a court can provide "effectual relief.")